IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| DISABLED PATRIOTS OF AMERICA, INC., a Florida Not-For-Profit Corporation, and BONNIE KRAMER, Individually, <br><br> Plaintiffs, <br> v. <br><br> TOWN & COUNTRY CHICAGO ASSOCIATES, LLC, A Foreign Limited Liability Company, <br><br> Defendant. | : Case No.: 1:07-cv-06362 <br> : <br> : Joan H. Lefkow |

**DEFENDANT'S MOTION TO DISMISS, OR
ALTERNATIVELY, FOR A MORE DEFINITE STATEMENT**

Defendant, by its undersigned counsel, pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, moves this Court for the entry of an Order dismissing Plaintiffs' Complaint, and alternatively moves, pursuant to Rule 12(e) of the Federal Rules of Civil Procedure, for the entry of an Order requiring Plaintiffs to provide a more definite statement of their alleged claims. In support of this Motion, Defendant states as follows:

1. This is an action brought by the Plaintiffs under the Americans With Disabilities Act ("ADA").

2. The two Plaintiffs to this action have filed dozens (and perhaps even hundreds) of these types of lawsuits in the federal courts throughout the United States.

3. Plaintiff, Disabled Patriots of America, Inc. ("DPAI"), alleges that it is a "nonprofit Florida corporation," and that members of DPAI "include individuals with disabilities as defined by the ADA." (*Id.* at Paragraph 7) Plaintiffs also allege that individual Plaintiff, Bonnie Kramer

1

("Ms. Kramer"), is a member of DPAI. (*Id.* at Paragraph 6)

4. Plaintiffs allege that Ms. Kramer is an Ohio resident. (Complaint at Paragraph 1) Plaintiffs further allege that Ms. Kramer "qualifies as an individual with disabilities as defined by the ADA." (*Id.* at Paragraph 6)

5. Plaintiffs allege that, on some unidentified occasion, Ms. Kramer "visited" the mall property owned and operated by Defendant in Arlington Heights, Illinois (the "Arlington Heights Property"). (*Id.* at Paragraphs 3, 6) Plaintiffs allege that, during that visit, Ms. Kramer "encountered architectural barriers at the subject property," which Plaintiffs allege have "endangered her safety." (*Id.* at Paragraph 6)

6. Plaintiffs then set forth, in boilerplate fashion, a litany of alleged violations of the ADA on pages 5, 6, and 7 of their Complaint, purportedly committed by Defendant at the Arlington Heights Property.

7. However, Plaintiffs have failed to allege how those alleged ADA violations actually affected Ms. Kramer, or how they purportedly affected any particular member of DPAI. "A plaintiff lacks standing to bring suit under the ADA for those disabilities which do not affect him or her – or, in the case of an organizational plaintiff, it." *See Disabled Patriots of America, Inc. v. Lane Toledo, Inc.*, 325 F. Supp. 2d 837 (N.D. Ohio 2004).

8. For that reason alone, Plaintiffs lack appropriate standing to bring this action. Therefore, the Plaintiffs' Complaint should be dismissed, or, at a minimum, Plaintiffs should be limited to pleading (or re-pleading) claims under the ADA for which they can demonstrate as "causing injury to it or its members." *Id.* As the court noted in *Lane Toldeo*, "[T]o do otherwise would run the risk of removing the issue from the realm of an actual case or controversy as required by Article III" [of the United States Constitution]. *Id.*

2

9.      In any event, whether or not Plaintiffs have properly pled a claim for standing purposes, Plaintiffs should still be required to re-plead their Complaint to provide a more definite statement of their claims.

10.     Here, Plaintiffs have alleged nothing more than boilerplate allegations of violations of the ADA at the Arlington Heights Property without providing any detail as to where, within or without that facility, these alleged violations exist.  Moreover, Plaintiffs have failed to even indicate *when* these violations were purportedly observed, or even by whom.  In fact, Plaintiffs have provided no date(s) as to when their purported "preliminary inspection" occurred, or who conducted that inspection.  (*See* Complaint at Paragraph 11)  Indeed, interestingly, Plaintiffs have *not* alleged that Ms. Kramer actually observed, or was affected by, the litany of alleged violations, or that she was the one who allegedly conducted this "preliminary inspection."  (*Id.*)  Instead, Plaintiffs have alleged only that Ms. Kramer is "aware of these violations."  (*Id.*)

11.     Moreover, at a minimum, Plaintiffs should be required to provide additional detail about Ms. Kramer's alleged ADA "disability," as well as the alleged ADA disabilities of the members of DPAI, and such additional detail as to how the alleged violations of the ADA allegedly affected Ms. Kramer or any members of DPAI.  *See, e.g., Kramer v. RTA-Greater Cleveland Regional T. Auth.*, Case No. 1:07-CV-1040 (Sept. 14, 2007 N.D. Ohio) (Loislaw) (granting, in part, defendant's motion for a more definite statement in another ADA action filed by Ms. Kramer and DPAI).

**WHEREFORE**, Defendant, by its undersigned counsel, respectfully requests the entry of an Order dismissing Plaintiffs' Complaint, or, in the alternative, the entry of an Order requiring Plaintiffs to provide a more definite statement of their claims, and for such other and further relief as is appropriate under the circumstances.

                Respectfully Submitted,


By:    /s/ Michael I. Leonard
        Michael L. Leonard, Esq.
        Meckler Bulger & Tilson, LLP
        123 North Wacker Drive
        Suite 1800
        Chicago, IL 60606
        (312)474-7925 (phone)
        (312)474-7898 (fax)
        michael.leonard@mbtlaw.com

        Counsel for Defendants