IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **DISABLED PATRIOTS OF AMERICA, INC.,** a Florida Not-For-Profit Corporation, and **BONNIE KRAMER**, Individually, | : Case No.: 1:07-cv-06362 : : Joan H. Lefkow |
| Plaintiffs, | : |
| v. | : |
| **TOWN & COUNTRY CHICAGO ASSOCIATES, LLC,** A Foreign Limited Liability Company, | : **PLAINTIFFS' MEMORANDUM** : **IN OPPOSITION TO MOTION** : **TO DISMISS** : |
| Defendant. | : |

Plaintiffs, DISABLED PATRIOTS OF AMERICA, INC., and BONNIE KRAMER, and by and through undersigned counsel, hereby file this Memorandum In Opposition To Defendant's Motion To Dismiss.

**Argument**

**I. Plaintiffs' Complaint Satisfies The Liberal Pleading Requirements Of The Federal Rules Of Civil Procedure**

In its Motion To Dismiss, Defendant overlooks the liberal pleading requirements of Fed. R. Civ. P. 8(a). Pursuant to this Rule, a complaint must contain a "short and plain statement showing that the pleader is entitled to relief" sufficient "to give the fair notice of what the ... claim is and the grounds upon which it rests." See also Killingsworth v. HSBC Bank of Nevada, 507 F.3d 614, 618 (7th Cir. 2007); Burton v. Ruzicki, 2007 U.S. App. LEXIS 28419 *9 (7th Cir.

2007)(our notice pleading system requires that complaints contain only a "short and plain statement of the claim[.]"); Local 15, IBEW, v. Exelon Corp., 495 F.3d 779, 782 (7th Cir. 2007) (same). In this regard, the Seventh Circuit stated: "A complaint should not be dismissed unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief. Exelon Corp., 495 F.3d at 782.

Defendant's claims that various allegations of the Complaint lack sufficient detail are without merit.

## Nature of Plaintiffs' Disabilities

First, Defendant would require the Plaintiffs to provide additional detail about Ms. Kramer's alleged ADA disability. The allegations set forth in the Complaint are clear enough, namely that Ms. Kramer suffers from multiple sclerosis and must use a wheelchair to ambulate. Complaint, para. 1. It defies reasoning that Defendant cannot determine the nature of Ms. Kramer's disability from this language. Moreover, with the benefit of discovery, Defendant can learn additional facts regarding Ms. Kramer's disability. What additional information is relevant or useful, however, is dubious. The central issue of this case is what barriers exist at Defendant's facility which discriminate against wheelchair users. This information is best determined through a Rule 34 inspection of the premises and comparison to the applicable regulations.

Second, Defendant claims that Complaint should list the specific disabilities of each member of Plaintiff Disabled Patriots of America, Inc. ("Disabled Patriots").

Disabled Patriots standing in this action is representational, and its standing is limited to that of the individual Plaintiff - Bonnie Kramer. Therefore, the organization's standing is limited

to wheelchair related barriers and it does not matter that some members have different disabilities. Nor does Defendant explain how any purported pleading deficiency prevents it from formulating a response to the Complaint.

An organization seeking injunctive relief for enforcement of protective legislation has associational standing if:

(1) its members otherwise have standing to sue in their own right;
(2) the interest it seeks to enforce is germane to the organizations purpose;
(3) neither the claim asserted nor the relief requested requires the participation of the individual members of the lawsuit. Hunt v. Washington State Apple Adver. Comm'n, 433 US 433, 343(1977).

The United States Supreme Court indicated that only the first two prongs are constitutional requirements and that the third requirement that neither the claim asserted nor relief requested requires the participation of the individual members [of an association] in the lawsuit is prudential as a matter of "administrative convenience and efficiency" and therefore distinct from the case and controversy requirement of Article III. United Food & Commercial Workers Union Local 751 v. Brown Group, Inc., 517 U.S. 544 (1996).

Disabled Patriots is a membership organization seeking to further the interests and objective of its members in preventing and remedying discrimination on the basis of disability. The doctrine of associational standing recognizes that the principal reason people join an organization is often to create an effective vehicle for vindicating interests that they share with others, and that there is strength in numbers. See International Union, United Automobile, Aerospace and Agricultural Implement Workers of America v. Brock, 477 U.S .274 (1986). In Disabled Patriots of America, Inc. v. Lane Toledo, 325 F.Supp 2d 837, 842 (N.D. Oh. 2004), the Court held in an ADA Title III case that the Plaintiff can be presumed to have joined Defendant

disability association "... to call on its experience and resources to assist his efforts to reduce barriers to full access to and full enjoyment of places of public accommodation. There can...be strength in numbers...many together can often do what one alone cannot."

In Hunt, the Court explained that to have standing, "the association must allege that its members, or any one of them, are suffering immediate or threaten injury as a result of the challenged action of the sort that would make a justiciable case had the members themselves brought suit." Hunt, 432 U.S. at 342. The Court further reasoned that if in a proper case the association seeks a declaration, injunction or some other form of prospective relief, it can reasonably be supposed that the remedy, if granted, will inure to the benefit of those members of the association actually injured." *Id.* at 343. "The organization provides the means by which (the organizational members) express their collective views and protect their collective interests." *Id* at 345. Therefore, an organization has standing when its members sustained a "direct and sufficient" injury, the organization is devoted to representing its members' interests, and the members are not needed individually for just adjudication. *Id.* at 373-374.

In the subject case, Plaintiffs' seek prospective relief and the rule in Hunt is therefore applicable. Plaintiffs seek relief from the Defendant in the form of modifications to the Defendant's property. No award of damages is sought. Little, if any, testimony from group members is necessary to make a legal determination regarding the Defendant's compliance with the ADA. Compliance can be established by nonmember witnesses who have knowledge of ADA standards, as well as reference to ADA guidelines.

Defendant's arguments are clearly contrary to the Hunt decision, which allows groups standing when the organization satisfies the conditions established by the Supreme Court. Kramer meets the

test for individual standing and is a member of the co-plaintiff association Disabled Patriots. The barriers that allegedly impeded Kramer's access affect all persons with similar disabilities and Disabled Patriots seeks to further the organizational objective by joining its members to Kramer's challenge to the alleged barriers. Furthermore, the organizational plaintiff is in a better position to continue these proceedings past the individual plaintiff's lifetime, and ensure enforcement of the Defendant's compliance with the ADA post judgment. A plethora of cases exist where courts have recognized the joint standing of organizations and individuals to sue for the same disability claim.

Defendant states that the allegations of the Complaint needed to specify how its barriers affected Plaintiff. Plaintiff is not seeking damages, only the removal of the barriers. Therefore, the allegations that she encountered the discriminatory barriers and was prevented from full enjoyment of the goods and services available to the general public suffice.

<u>When and Where</u>

Defendant also challenges that the Complaint should have listed *when* and *where* the Plaintiff encountered discriminatory barriers. Neither of these assertions contains merit.

Where: Notice pleading requirements apply to ADA actions. In <u>Gregory v. Melrose Group</u>, 2003 U.S. Dist Lexis 22276 *14 (E.D. La. 2003), the court considered argument similar to those asserted in the case at bar, namely the sufficiency of an ADA complaint which enumerated a few violations but sought injunctive relief pertaining to all violations at the facility. There, the court stated: Rule 8(a)(2) only requires that a Complaint contain a "short and plain statement of the claim showing that the pleader is entitled to relief...that will give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." 2003 U.S. Dist Lexis 22276 at *9. "Plaintiffs allege 'other current violations,' to be identified after an complete inspection of the defendant's property. This

Court finds that this allegation, along with the twelve specific barriers listed in the plaintiffs Complaint, serve to place the defendant on notice of plaintiff's claims..." 2003 U.S. Dist Lexis 22276.

Courts have widely held that a Plaintiff has standing for injunctive relief against the removal of all barriers to access present at a specified property and is not limited to those specific barriers he encountered prior to filing the action. Pickern v. Holiday Quality Foods Inc., 293 F.3d 1133, 1138 (9th Cir. 2002); Steger v. Franco, 228 F.3d 889, 894 (8th Cir. 2000); Doran v. 7-Eleven, Inc., 2007 U.S. App. Lexis 26143 (9th Cir. 2007); Parr v. Kapahulu Investments, 96 F. Supp.2d 1065, 1081 (D. Haw. 2000); Wilson v. Pier 1 Imports, 439 F. Supp.2d 1054,1063-64 (E. D. Ca. 2006); Gregory v. Melrose Group, 2003 U.S. Dist Lexis 22276 *14 (E.D. La. 2003). Nor is an ADA plaintiff's right to injunctive relief limited to the specific violations alleged in his complaint. Wilson v. Pier 1 Imports, 439 F. Supp.2d 1054, 1063-64 (E. D. Ca. 2006); Gregory v. Melrose Group, 2003 U.S. Dist Lexis 22276 *14 (E.D. La. 2003); Eiden v. Home Depot, Inc,. 2006 U.S. Dist. Lexis 38423 * 13-15 (E.D. Cal. 2006).

When: The Complaint seeks removal of barriers that are ongoing and continuous, so it does not matter when Ms. Kramer encountered them. Moreover, this information can be obtained by Defendant through discovery.

Plaintiffs Other Lawsuits Are Irrelevant

Defendant states, at para. 2 of its Motion that "The two Plaintiffs to this action have filed dozens (and perhaps hundreds) of these types of lawsuits..." Although Defendant does not explain this reference to other lawsuits, Defendant clearly attempts to sweepingly invoke the "vexatious litigant" doctrine. This falls far short of the standard required for a finding of vexatious litigants. In Safir v. United States Lines, Inc., 792 F.2d 19, 24 (2d Cir. 1986), the Second Circuit noted the following test:

> [I]n determining whether or not to restrict a litigant's future access to the courts, should consider the following factors: (1) the litigant's history of litigation and in particular

> whether it entailed vexatious, harassing or duplicative lawsuits; (2) the litigant's motive in pursuing the litigation, e.g., does the litigant have an objective good faith expectation of prevailing?; (3) whether the litigant is represented by counsel; (4) whether the litigant has caused needless expense to other parties or has posed an unnecessary burden on the courts and their personnel; and (5) whether other sanctions would be adequate to protect the courts and other parties. Ultimately, the question the court must answer is whether a litigant who has a history of vexatious litigation is likely to continue to abuse the judicial process and harass other parties.

Defendant's submissions do not even begin to meet this standard.

In Access 4 All, Inc. v. Absecon Hospitality Corp., Case No. 04-6060 (D. N.J. 2006), after considering the plaintiff's 100 ADA lawsuits, the court rejected defendant's motion for summary judgment and held the plaintiff's motive to be irrelevant. The court reasoned that: "because Plaintiff Esposito is a frequent litigant with the stated goal of ensuring ADA compliance, his claim of intent to return to the [hotel] to do additional examinations is made more, not less, credible." Id. at 17.

Defendant's vexatious litigant claim was also rejected in Wilson v. Pier I Imports, 411 F. Supp.2d 1196, 1199 (E.D. Ca. 2006). There, the Court held that such "righteous indignation" must be "bottomed on [defendant's] own blameless conduct, and that they are the subject to a frivolous lawsuit because they, in fact, have not violated the ADA." Thus, the central issue herein is not whether Plaintiffs have filed other ADA lawsuits, but whether Defendant's facility is in compliance with the ADA.

Not only does Ms. Kramer meet the four pronged test set forth above because she personally visited Defendant's property, she is also civil rights advocate for the disabled and monitors compliance of places of public accommodations with the ADA. This dual motivation has been considered by various courts and held to serve to establish a plaintiff as a bona fide patron. See Molski v. Price, 224 F.R.D. 479, 483 (C.D. Cal. 2004) (holding that intent is relevant, motivation irrelevant, and intent to return to monitor ADA compliance is acceptable); Clark v. McDonald's Corporation, 213

7

F.R.D. 198, 228 (D.N.J. 2003) (plaintiff who visits property with dual motivation of availing himself of goods and services and verifying ADA compliance is bona fide patron); <u>Disability Advocates and Counseling Group, Inc., v. 4SK, Inc.</u>, 2005 U.S. Dist. Lexis 44389, * 17 (M.D. Fla. 2005) (recognizing standing of tester); <u>Bruni v. Fine Furniture By Gordon's Inc.</u>, 2007 U.S. Dist. Lexis 120, *2, (M.D. Fla. 2007) (recognizing standing of testers); <u>Access For The Disabled v. Tr. Herbert Chas Pohlman</u>, 2:06-cv-00178 slip op. at 2  (M.D. Fla. 2007) (recognizing standing of testers).

Moreover, courts have widely recognized the public policy served by plaintiffs acting as "private attorneys general" in enforcing the provisions of the ADA. <u>See</u>  <u>Hensley v. Eckerhart</u>, 461 U.S. 424, 445(1983) ("All of these civil rights laws depend heavily upon private enforcement, and fee awards have proved an essential remedy if private citizens are to have a meaningful opportunity to vindicate the important Congressional policies which these laws contain.");  <u>Alliance For ADA Compliance, Inc. v. Har-Gon Enterprises, Inc.</u>, No. 99-11703, slip op. at 3 (11th Cir. 2000) ("The enforcement of civil rights statutes by plaintiffs as private attorneys general is an important part of the underlying policy behind the [ADA]"); <u>Bruce v. City of Gainesville</u>, 177 F.3d 949, 952 (11th Cir. 1999); <u>Mallory v. Harkness</u>, 923 F.Supp 1546, 1551 (S.D. Fla. 1996) ("Congress intended Section 1988 to prompt plaintiffs to act as citizen enforcers or private attorneys general advancing our nation civil rights objectives and vindicating the liberty of all citizens.").

Conclusion

For the foregoing reasons, Defendant's Motion To Dismiss should be denied.

Respectfully submitted,
Attorneys for Plaintiffs:
  /s/ Thomas B. Bacon
Thomas B. Bacon, Esq.
Attorney-At-Law
1515 Grant Street
Hollywood, FL 33020
ph. (954) 925-6488
fax (954) 237-5506
baconlaw@bellsouth.net

and
Jonathan E. Lerner, Esq.
P.O. Box 694
Wilmette, IL 60091
847-271-2360
fx 847-256-3038
email jlernerlaw@aol.com
Ill Bar. Id No. 1622242

## Certificate of Service

I hereby certify that a true and correct copy of the foregoing was served upon the persons listed below this 14th day of January, 2008:

Michael L. Leonard, Esq.
Mecker, Bulger & Tilson, LLP
123 North Wacker Drive, Suite 1800
Chicago, IL 60606
michael.leonard@mbtlaw.com

                                        /s/ Thomas B. Bacon