IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| DISABLED PATRIOTS OF AMERICA, INC., a Florida Not-For-Profit Corporation, and BONNIE KRAMER, Individually,<br><br>Plaintiffs,<br>v.<br><br>TOWN & COUNTRY CHICAGO ASSOCIATES, LLC, A Foreign Limited Liability Company,<br><br>Defendant. | Case No.: 1:07-cv-06362<br><br>Joan H. Lefkow |

**DEFENDANT'S REPLY IN SUPPORT OF ITS MOTION TO DISMISS, OR ALTERNATIVELY, FOR A MORE DEFINITE STATEMENT**

Defendant, by its undersigned counsel, submits this Reply in support of its previously filed Motion to Dismiss, or alternatively for a more definite statement:

In their Response, Plaintiffs have failed to overcome the numerous deficiencies in their incredibly sweeping, but yet bare bone, allegations regarding the alleged deficiencies in Defendant's premises. On the one hand, it is true that the Federal Rules allow for liberal notice pleading. However, here, Plaintiffs have not -- and seemingly cannot -- even identify *when* Plaintiff Kramer was ever even at the facilities at issue. Not only is this highly unusual, but it must be viewed in light of Plaintiffs' other allegations, where Plaintiffs admit that Plaintiff Kramer <u>never</u> even attempted to utilize the premises at issue. Instead, Plaintiffs alleged that *somebody* -- but apparently *not* Plaintiff Kramer -- conducted some kind of unidentified "preliminary inspection" of the premises. (*See* Complaint at Paragraph 11) Curiously, Plaintiffs have *not* alleged that Ms. Kramer actually observed, or was affected by, the litany of alleged violations enumerated in the Complaint. (*Id.*) Plaintiffs have alleged only that Ms. Kramer is "aware of these violations."

1

(*Id.*)

That Ms. Kramer lacks sufficient knowledge of the boilerplate allegations of the Complaint that has been filed in her name is underscored by Plaintiffs' representations that an "inspection" under Rule 34 needs to be conducted so that deficiencies and "barriers to access" can be uncovered. (*See* Plaintiffs' Response at p. 2) ("The central issue of this case is what barriers exist at Defendant's facility which discriminate against wheelchair users. This information is best determined through a Rule 34 inspection of the premises and comparison to the applicable regulations"). If Ms. Kramer had actually conducted an inspection of the premises or had sufficient knowledge of that inspection, Plaintiffs would surely be in a position to allege that fact; and one wonders why an additional inspection of the premises is necessary. It seems that Plaintiffs have simply used their Complaint as a vehicle to get into Court, and now seek to use Rule 34 as a device to conduct an inspection which will hopefully yield for them violations of the ADA.

In any event, without an allegation of *when* these alleged violations were uncovered, it is impossible for this Court, and for the Defendant, to determine whether Plaintiffs' claims are barred by the statute of limitations or by any other defense.

Similarly, without an allegation of *who* found these alleged violations, this Court cannot determine whether any of the named Plaintiffs in this case have standing to bring these claims.

In addition, Plaintiffs have failed to allege *how* those alleged ADA violations actually affected Ms. Kramer, or how they purportedly affected any particular member of the Defendant organization, DPAI. It is clear that, "[A] plaintiff lacks standing to bring suit under the ADA for those disabilities which do not affect him or her – or, in the case of an organizational plaintiff, it." *See Disabled Patriots of America, Inc. v. Lane Toledo, Inc.*, 325 F. Supp. 2d 837 (N.D. Ohio

2004). Here, Plaintiffs have not even attempted to allege that the barriers at issue relate in any way to wheelchair users, or even to Ms. Kramer. Further, with respect to Plaintiff Kramer, the Plaintiffs have alleged, not that she was somehow affected or limited by the alleged violations of the ADA referenced in the Complaint, but only that she may sometime in the future seek to "avail herself of the goods and services offered to the public at the property." (*See* Plaintiffs' Complaint at Paragraph 6)

Moreover, for the first time, Plaintiffs now contend that this case is really just about the "wheelchair" users of the facilities. That is not what the allegations of Plaintiffs' Complaint advance. Thus, Plaintiffs now contend that the alleged deficiencies in the premises and "barriers to access" relate to the use of wheelchairs. However, those are just assertions contained in their Response brief. There are no such allegations in their Complaint that the so-called deficiencies and "barriers" that they rely upon are related to wheelchair users. Similarly, there are no allegations in Plaintiffs' Complaint that they are limiting their request for injunctive and other relief to alleged deficiencies and barriers with respect to wheelchair users. In fact, the word "wheelchair" appears just once in Plaintiffs' Complaint.

In addition, Plaintiffs contend that this suit is being brought on behalf of the members of the Defendant organization, DPAI. However, Plaintiffs have failed to even allege that any member of that organization has a wheelchair-related disability; or that any member of that organization has ever been to the premises at issue; or that any member of that organization intends to use the premises at issue in the future; or that any member of that organization is actually affected by the alleged deficiencies in the premises at issue; or the nature of the disability of any member of the organization; or that any member of the organization even uses a wheelchair.

Thus, there is no reason for the Defendant organization to be a part of this case – except, of course, that its attorneys will and are seeking the recovery of attorneys' fees. That financial motive does not provide the members of the Defendant organization, or the Defendant organization itself, with standing to pursue any of the claims asserted in this case.

Indeed, the Plaintiffs have even admitted, "[L]ittle, if any, testimony from group members is necessary to make a legal determination regarding the Defendant's compliance with the ADA." (*See* Plaintiffs' Response Brief at p. 4) If that statement is true, and that members of the Defendant organization are not even necessary to establish Plaintiffs' claims, then there is no reason for the Defendant organization to be a party to this case.

**WHEREFORE**, Defendant, by its undersigned counsel, respectfully requests the entry of an Order dismissing Plaintiffs' Complaint, or, in the alternative, the entry of an Order requiring Plaintiffs to provide a more definite statement of their claims, and for such other and further relief as is appropriate under the circumstances.

Respectfully submitted,

/s/ Michael I. Leonard
One of the attorneys for Defendant

Michael I. Leonard
MECKLER BULGER & TILSON LLP
123 North Wacker Drive, Suite 1800
Chicago, Illinois 60606
312-474-7925 (phone); 312-474-7898 (fax)

## CERTIFICATE OF SERVICE

I, Michael Leonard, an attorney, certify that I caused a copy of **DEFENDANT'S REPLY IN SUPPORT OF ITS MOTION TO DISMISS, OR ALTERNATIVELY, FOR A MORE DEFINITE STATEMENT** to be served upon all parties via the Court's ECF/CM System on this 22nd day of January, 2008. A copy of the above-mentioned document will be sent automatically to Thomas Bacon and a copy will be sent via U.S. mail to Jonathan E. Lerner.

/s/ *Michael I. Leonard*

4