IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| DISABLED PATRIOTS OF AMERICA, INC., a Florida Not-For-Profit Corporation, and BONNIE KRAMER, Individually,<br>　　　　Plaintiffs,<br>　　v.<br><br>TOWN & COUNTRY CHICAGO ASSOCIATES, LLC, A Foreign Limited Liability Company,<br>　　　　Defendant. | ) Case No.: 1:07-cv-06362<br>)<br>) Joan H. Lefkow<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

## DEFENDANT'S ANSWERS TO PLAINTIFFS' INTERROGATORIES

Defendant, by its undersigned attorneys, provides the following answers to Plaintiffs' Interrogatories:

1. Identify by name, address, telephone number and title the following individuals or entities:

    A. All persons answering or assisting in answering these Interrogatories;

    B. All persons or entities who have had any property interest in the property described in the Complaint at any time since June 26, 1992, including the nature of such property interest;

    C. All persons or entities who operated or had a license to operate any business at the property described in the Complaint at any time over the last five (5) years;

    D. List any and all persons or entities who are presently tenants and/or lessees at the subject property, including their address.

    E. All persons or entities who have any knowledge of the facts relating to the Complaint, or Answer or the Affirmative Defenses thereto and the paragraph or number of the Complaint, Answer or Affirmative Defenses of which that individual or entity has knowledge.

    **ANSWER:** Defendant objects to this Interrogatory because it is overly broad, unduly burdensome, not reasonably calculated to lead to the discovery of evidence admissible at trial, and potentially calls for disclosure of information subject to the attorney-client and work product



EXHIBIT C

privileges. Defendant further states that Plaintiffs are not entitled to the requested discovery because Plaintiff Kramer admitted during her deposition testimony that she did not have a factual basis for her claims. Without waiving those objections, counsel was assisted in the preparation of these Answers by Michael Fratus.

2. State whether the Defendant is an owner and/or operator and/or lessee of the property which is the subject of this action and the date when the Defendant became the owner and/or operator and/or lessee of said property.

**ANSWER**: Yes. Defendant further objects to this Interrogatory because it is overly broad, overly broad, unduly burdensome, not reasonably calculated to lead to the discovery of evidence admissible at trial. Defendant further states that Plaintiffs are not entitled to the requested discovery because Plaintiff Kramer admitted during her deposition testimony that she did not have a factual basis for her claims.

3. Identify with specificity any and all remodeling of, construction on and/or alterations to the real property and the buildings thereon which are the subject of this action from January 1, 1992 to date, including, without limitation, identifying the work done and the commencement and completion dates, and identify all contractors and subcontractors who performed each job identified. If a contractor or subcontractor was not used, identify each worker who performed each job; and identify all architects and engineers who performed service, whether used or not, for each job identified, including, without limitation, identifying the firm/company, address, phone number and contact person; and state the amount of each project.

**ANSWER**: Defendant objects to this Request because it is overly broad, unduly burdensome, irrelevant, harassing, and not reasonably calculated to lead to the discovery of evidence admissible at trial. Defendant further states that Plaintiffs are not entitled to the requested discovery because Plaintiff Kramer admitted during her deposition testimony that she did not have a factual basis for her claims.

4. Identify each and every building permit applied for and/or obtained from January 1, 1992, regarding the property which is the subject of this action, including, without limitation, identifying the date each permit was applied for and/or obtained, who applied for each permit identified, and the work to be performed in accordance with each permit identified.

**ANSWER**: Defendant objects to this Request because it is overly broad, unduly burdensome, irrelevant, harassing, and not reasonably calculated to lead to the discovery of evidence admissible at trial. Defendant further states that Plaintiffs are not entitled to the requested discovery because Plaintiff Kramer admitted during her deposition testimony that she did not have a factual basis for her claims.

5. Identify with specificity all work, if any, planned and/or undertaken by or on behalf of the defendant and/or any predecessor(s) in interest since August 1, 1990, regarding the property which is the subject of this action, in order to modify it so that it complies with the requirements of the Americans With Disabilities Act, 42 U.S.C. §§12101, et seq (hereinafter "ADA"); and state the amount expended on each project.

**ANSWER**: Defendant objects to this Request because it is overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of evidence admissible at trial. Defendant further states that Plaintiffs are not entitled to the requested discovery because Plaintiff Kramer admitted during her deposition testimony that she did not have a factual basis for her claims.

6. In conjunction with the initial construction of the facility owned by you, state the date the last application for a building permit or permit extension was certified to be complete by the State, County, or Local government, or if applicable government agency does not certify completion of applications, the date the last application for a building permit or permit extension was received by the State, County or Local government.

**ANSWER**: Defendant objects to this Request because it is overly broad, unduly burdensome, irrelevant, harassing, not reasonably calculated to lead to the discovery of evidence admissible at trial, and calls for the provision of information equally available to Plaintiffs from third parties. Defendant further states that Plaintiffs are not entitled to the requested discovery because Plaintiff Kramer admitted during her deposition testimony that she did not have a factual basis for her claims.

7. State whether there is assigned disabled parking provided on the subject real property and, if so, state the number of spaces provided, the size of each space, and whether each space is appropriately marked with signs.

**ANSWER**: Defendant objects to this Request because it is overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of evidence admissible at trial. Defendant further states that Plaintiffs are not entitled to the requested discovery because Plaintiff Kramer admitted during her deposition testimony that she did not have a factual basis for her claims.

8. If the subject building has an elevator(s), identify the number of elevators and whether each elevator has: audible notification devices; braille; automatic door reopening devices; and state the height in inches, of the highest call buttons; and identify each company, by name and address, that has serviced the elevator(s) from January 1, 1990 to date and the dates thereof.

**ANSWER**: Defendant objects to this Request because it is overly broad, unduly burdensome, irrelevant, harassing, and not reasonably calculated to lead to the discovery of evidence admissible at trial. Defendant further states that Plaintiffs are not entitled to the requested discovery because Plaintiff Kramer admitted during her deposition testimony that she did not have a factual basis for her claims.

9. State the number of rest room facilities designated for individuals with disabilities, and state whether each rest room is a male, female or unisex facility; when each rest room was constructed and/or modified to accommodate individuals with disabilities; and whether each rest room is marked with appropriate signage reflecting their disability accommodations.

**ANSWER**: Defendant objects to this Request because it is overly broad, unduly burdensome, irrelevant, harassing, and not reasonably calculated to lead to the discovery of evidence admissible at trial. Defendant further states that Plaintiffs are not entitled to the requested discovery because Plaintiff Kramer admitted during her deposition testimony that she did not have a factual basis for her claims.

10. For each rest room identified in response to the preceding Interrogatory, state whether defendant has: installed grab bars in the toilet stalls; rearranged toilet partitions to increase maneuvering space; insulated pipes under each sink to prevent burns; installed single-lever faucet handles; installed a full length mirror; and repositioned paper towel dispensers to accommodate individuals who use wheelchairs; and specify the amount expended, when the work was done and the company (ies)/person (s) who completed the work, including their name(s), address(es) and phone number(s).

**ANSWER**: Defendant objects to this Request because it is overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of evidence admissible at trial. Defendant further states that Plaintiffs are not entitled to the requested discovery because Plaintiff Kramer admitted during her deposition testimony that she did not have a factual basis for her claims.

11. State with specificity, the Defendant's gross revenue derived from the subject property in each year from January 1, 1990, to date.

**ANSWER**: Defendant objects to this Request because it is overly broad, unduly burdensome, irrelevant, harassing, and not reasonably calculated to lead to the discovery of evidence admissible at trial. Defendant further states that Plaintiffs are not entitled to the requested discovery because Plaintiff Kramer admitted during her deposition testimony that she did not have a factual basis for her claims.

12. State the total number of parking spaces at the facility.

**ANSWER**: Defendant objects to this Request because it is overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of evidence admissible at trial. Defendant further states that Plaintiffs are not entitled to the requested discovery because Plaintiff Kramer admitted during her deposition testimony that she did not have a factual basis for her claims.

13. Identify each tenant at the subject property. For each tenant, state the date the tenancy commenced.

**ANSWER**: Defendant objects to this Request because it is overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of evidence admissible at trial. Defendant further states that Plaintiffs are not entitled to the requested discovery because Plaintiff Kramer admitted during her deposition testimony that she did not have a factual basis for her claims.

Respectfully submitted,

By: _____
One of the attorneys for Defendant

Michael I. Leonard
MECKLER BULGER & TILSON LLP
123 North Wacker Drive, Suite 1800
Chicago, Illinois 60606
312-474-7925 (phone); 312-474-7898 (fax)
Dated: February 13, 2008
M:\12465\discover\Answer to Interrogatories.doc

## CERTIFICATE OF SERVICE

To:

| Thomas B. Bacon, Esq. | Jonathan E. Lerner, Esq. |
|---|---|
| Attorney-At-Law | P.O. Box 694 |
| 1515 Grant Street | Wilmette, IL 60091 |
| Hollywood, FL 33020 | jlernerlaw@aol.com |
| baconlaw@bellsouth.net | |

I, Michael I. Leonard, an attorney, certify that I caused to be served **DEFENDANT'S ANSWERS TO PLAINTIFFS' INTERROGATORIES,** upon the attorney(s) of record via e-mail at baconlaw@bellsouth.net; jlernerlaw@aol.com and via U.S. Mail delivery before the hour of 5:00 p.m. on February 13, 2008.

_____
Michael I. Leonard

M:\12465\discover\Answer to Interrogatories.doc