IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| DISABLED PATRIOTS OF AMERICA, INC., a Florida Not-For-Profit Corporation, and BONNIE KRAMER, Individually,<br>       Plaintiffs,<br>v.<br><br>TOWN & COUNTRY CHICAGO ASSOCIATES, LLC, A Foreign Limited Liability Company,<br>       Defendant. | ) Case No.: 1:07-cv-06362<br>)<br>) Joan H. Lefkow<br>)<br>)<br>)<br>)<br>)<br>) |

**DEFENDANT'S ANSWERS TO PLAINTIFFS' REQUESTS FOR PRODUCTION**

Defendants, by its undersigned attorneys, states as follows as its Answers to Plaintiffs' Request for Production of Documents:

a. All blueprints, site plans, and other architectural renderings for the property in the possession, custody or control of the Defendant, showing the number and location of any stores, rooms, entrances, pathways, bathrooms, disabled hotel rooms and parking spaces as applicable to the property.

    **ANSWER**: Defendant objects to this Request because it is overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of evidence admissible at trial. Defendant further states that Plaintiffs are not entitled to the requested discovery because Plaintiff Kramer admitted during her deposition testimony that she did not have a factual basis for her claims.

b. Any and all reports, memoranda, documentation, or other writings from 1990 to the present concerning compliance with the Americans With Disabilities Act.

    **ANSWER**: Defendant objects to this Request because it is overly broad, unduly burdensome, not reasonably calculated to lead to the discovery of evidence admissible at trial, and calls for the production of documents potentially subject to the attorney-client and work product privileges. Defendant further states that Plaintiffs are not entitled to the requested

1


EXHIBIT D

discovery because Plaintiff Kramer admitted during her deposition testimony that she did not have a factual basis for her claims.

c. A copy of any of Defendant's Tax Returns from 1990 through the present or since the Defendant commenced ownership or management of the subject property, whichever is later.

**ANSWER**: Defendant objects to this Request because it is overly broad, unduly burdensome, irrelevant, harassing, and not reasonably calculated to lead to the discovery of evidence admissible at trial. Defendant further states that Plaintiffs are not entitled to the requested discovery because Plaintiff Kramer admitted during her deposition testimony that she did not have a factual basis for her claims.

d. A copy of any and all mortgages secured by the subject property.

**ANSWER**: Defendant objects to this Request because it is overly broad, unduly burdensome, irrelevant, harassing, and not reasonably calculated to lead to the discovery of evidence admissible at trial. Defendant further states that Plaintiffs are not entitled to the requested discovery because Plaintiff Kramer admitted during her deposition testimony that she did not have a factual basis for her claims.

e. A copy of any and all current estoppel letters from lending institutions for the subject property.

**ANSWER**: Defendant objects to this Request because it is overly broad, unduly burdensome, irrelevant, harassing, and not reasonably calculated to lead to the discovery of evidence admissible at trial. Defendant further states that Plaintiffs are not entitled to the requested discovery because Plaintiff Kramer admitted during her deposition testimony that she did not have a factual basis for her claims.

f. A copy of any and all financial offerings, including applications made to any bank or financial institution by Defendant within the last five years

**ANSWER**: Defendant objects to this Request because it is overly broad, unduly burdensome, irrelevant, harassing, and not reasonably calculated to lead to the discovery of evidence admissible at trial. Defendant further states that Plaintiffs are not entitled to the requested discovery because Plaintiff Kramer admitted during her deposition testimony that she did not have a factual basis for her claims.

g. A copy of any and all closing statements used in the acquisition of the subject property, if such was made subsequent to 1990.

**ANSWER**: Defendant objects to this Request because it is overly broad, unduly burdensome, irrelevant, harassing, and not reasonably calculated to lead to the discovery of evidence admissible at trial. Defendant further states that Plaintiffs are not entitled to the requested discovery because Plaintiff Kramer admitted during her deposition testimony that she did not have a factual basis for her claims.

h. A copy of any and all tax bills for the subject property within the last three years.

**ANSWER**: Defendant objects to this Request because it is overly broad, unduly burdensome, irrelevant, harassing, and not reasonably calculated to lead to the discovery of evidence admissible at trial. Defendant further states that Plaintiffs are not entitled to the requested discovery because Plaintiff Kramer admitted during her deposition testimony that she did not have a factual basis for her claims.

i. Copies of any and all checks representing any payments for any action taken, while Defendant was owner of the subject property, to improve the property to achieve compliance with the ADA or otherwise provide increased accessibility for disabled persons.

**ANSWER**: Defendant objects to this Request because it is overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of evidence admissible at trial. Defendant further states that Plaintiffs are not entitled to the requested discovery because

Plaintiff Kramer admitted during her deposition testimony that she did not have a factual basis for her claims.

j.  Any and all documents evidencing the number of employees of the Defendant for the last three (3) years, including but not limited to, unemployment compensation tax returns, employee ledgers, and other documentation. (You may list the number of employees for each year in lieu of these records.)

**ANSWER**: Defendant objects to this Request because it is overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of evidence admissible at trial. Defendant further states that Plaintiffs are not entitled to the requested discovery because Plaintiff Kramer admitted during her deposition testimony that she did not have a factual basis for her claims.

k.  Any and all documentation or lease or tenant occupancy agreements between Defendant and all persons or entities presently renting, leasing or otherwise operating at the subject property.

**ANSWER**: Defendant objects to this Request because it is overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of evidence admissible at trial. Defendant further states that Plaintiffs are not entitled to the requested discovery because Plaintiff Kramer admitted during her deposition testimony that she did not have a factual basis for her claims.

l.  Any and all documentation in the possession or control of the Defendant evidencing auxiliary aids and services for the Defendant's premises referred to in the Complaint including receipts to purchase same.

**ANSWER**: Defendant objects to this Request because it is overly broad, unduly burdensome, not reasonably calculated to lead to the discovery of evidence admissible at trial, and because "auxiliary aids the services" is not defined. Defendant further states that Plaintiffs are not entitled to the requested discovery because Plaintiff Kramer admitted during her

4

deposition testimony that she did not have a factual basis for her claims.

m. Any and all documentation in the possession or control of the Defendant evidencing written policies or procedures for the Defendant's premises referred to in the Complaint that are in effect, to afford all offered goods, services, facilities, privileges, advantages or accommodations to individuals with disabilities.

**ANSWER**: Defendant objects to this Request because it is overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of evidence admissible at trial. Defendant further states that Plaintiffs are not entitled to the requested discovery because Plaintiff Kramer admitted during her deposition testimony that she did not have a factual basis for her claims.

n. Copy of any agreement concerning the use of the parking area of the Defendant.

**ANSWER**: Defendant objects to this Request because it is overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of evidence admissible at trial. Defendant further states that Plaintiffs are not entitled to the requested discovery because Plaintiff Kramer admitted during her deposition testimony that she did not have a factual basis for her claims.

o. A copy of any existing architectural plans to renovate the facility, and a copy of any contractor contracts executed in conjunction with implementing such plans.

**ANSWER**: Defendant objects to this Request because it is overly broad, unduly burdensome, irrelevant, harassing, and not reasonably calculated to lead to the discovery of evidence admissible at trial. Defendant further states that Plaintiffs are not entitled to the requested discovery because Plaintiff Kramer admitted during her deposition testimony that she did not have a factual basis for her claims.

p. A copy of any and all agreements between Defendant or its agents or its predecessor in title and any contractor or subcontractor retained to perform any improvements and/or alterations for the subject property since January 1, 1990.

**ANSWER**:　Defendant objects to this Request because it is overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of evidence admissible at trial. Defendant further states that Plaintiffs are not entitled to the requested discovery because Plaintiff Kramer admitted during her deposition testimony that she did not have a factual basis for her claims.

q.　All management agreements for the subject property.

**ANSWER**:　Defendant objects to this Request because it is overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of evidence admissible at trial. Defendant further states that Plaintiffs are not entitled to the requested discovery because Plaintiff Kramer admitted during her deposition testimony that she did not have a factual basis for her claims.

r.　All applications for a building permit for all or part of Defendant's property, while the Defendant owned or operated the subject property.

**ANSWER**:　Defendant objects to this Request because it is overly broad, unduly burdensome, not reasonably calculated to lead to the discovery of evidence admissible at trial, and calls for the production of documents equally available to Plaintiffs from third parties. Defendant further states that Plaintiffs are not entitled to the requested discovery because Plaintiff Kramer admitted during her deposition testimony that she did not have a factual basis for her claims.

s.　A copy of all Certificate of Occupancy(ies) that were issued for any of the buildings that are part of the subject property owned or operated by the Defendant.

**ANSWER**:　Defendant objects to this Request because it is overly broad, unduly burdensome, not reasonably calculated to lead to the discovery of evidence admissible at trial,

and calls for the production of documents equally available to Plaintiffs from third parties. Defendant further states that Plaintiffs are not entitled to the requested discovery because Plaintiff Kramer admitted during her deposition testimony that she did not have a factual basis for her claims.

t. In conjunction with the initial construction of the subject property, all applications for a building permit, or permit extension, certified as complete by the State, County or Local government after January 26, 1992; or if the applicable jurisdiction does not certify completion of applications, a copy of the last application or building permit or permit extension provided to the State, County or Local government after January 26, 1992.

**ANSWER**: Defendant objects to this Request because it is overly broad, unduly burdensome, not reasonably calculated to lead to the discovery of evidence admissible at trial, and calls for the production of documents equally available to Plaintiffs from third parties. Defendant further states that Plaintiffs are not entitled to the requested discovery because Plaintiff Kramer admitted during her deposition testimony that she did not have a factual basis for her claims.

Respectfully submitted,

By: _____
One of the Attorneys for Defendant

Michael I. Leonard
MECKLER BULGER & TILSON LLP
123 North Wacker Drive, Suite 1800
Chicago, Illinois 60606
312-474-7925 (phone); 312-474-7898 (fax)
Dated: February 13, 2008
M:\12465\discover\Answer to Doc Requests001.doc

## CERTIFICATE OF SERVICE

To:

| Thomas B. Bacon, Esq.<br>Attorney-At-Law<br>1515 Grant Street<br>Hollywood, FL 33020<br>baconlaw@bellsouth.net | Jonathan E. Lerner, Esq.<br>P.O. Box 694<br>Wilmette, IL 60091<br>jlernerlaw@aol.com |
|---|---|

I, Michael Leonard, an attorney, certify that I caused to be served **DEFENDANT'S ANSWER TO PLAINTIFFS' REQUESTS FOR PRODUCTION** upon the attorney(s) of record via e-mail at baconlaw@bellsouth.net; jlernerlaw@aol.com and via U.S. Mail delivery before the hour of 5:00 p.m. on February 13, 2008.

Michael I. Leonard

M:\12465\discover\Answer to Interrogatories.doc