# EXHIBIT

# GROUP

# 1

# PART I

DEFENDANT'S RESPONSE IN OPPOSITION TO
PLAINTIFFS' MOTION TO COMPEL ANSWERS
TO INTERROGATORIES, RESPONSES TO
REQUESTS FOR PRODUCTION AND TO
COMPEL SUBMISSION TO R.34 INSPECTION

FILED

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS

NOV X 8 2007

MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

DISABLED PATRIOTS OF AMERICA, INC., :
a Florida not for profit corporation, and :
BONNIE KRAMER, Individually, :

                    Plaintiffs, :

vs.                                       :

CENTURY MALL, LLC, A Domestic Limited :
Liability Company, :

                    Defendant. :
_____/ :

07cv6333
JUDGE NORGLE
MAG. JUDGE MASON

## COMPLAINT
### (Injunctive Relief Demanded)

Plaintiffs, DISABLED PATRIOTS OF AMERICA, INC., a Florida not for profit corporation, and BONNIE KRAMER, Individually, on their behalf and on behalf of all other individuals similarly situated, (sometimes referred to as "Plaintiff" or "Plaintiffs"), hereby sue the Defendant, CENTURY MALL, LLC, A Domestic Limited Liability Company, (sometimes referred to as "Defendant"), for Injunctive Relief, and attorney's fees, litigation expenses, and costs pursuant to the Americans with Disabilities Act, 42 U.S.C. § 12181 et seq. ("ADA").

1.    Plaintiff, BONNIE KRAMER, is an individual residing in Cleveland Ohio. BONNIE KRAMER suffers from multiple sclerosis and is bound to a wheelchair.

2.    Plaintiff, DISABLED PATRIOTS OF AMERICA, INC., is a non-profit corporation formed under the laws of the State of Florida. DISABLED PATRIOTS OF AMERICA, INC. maintains its principal office at 702 North E Street, Lake Worth, FL 33460, in the County of Palm Beach.

3.  Defendant's property, Century Shopping Center, 2828 N. Clark St., Chicago, IL 60657, in the County of Cook.

4.  Venue is properly located in the NORTHERN DISTRICT OF ILLINOIS because venue lies in the judicial district of the property situs. The Defendant's property is located in and does business within this judicial district.

5.  Pursuant to 28 U.S.C. § 1331 and 28 U.S.C. § 1343, this Court has been given original jurisdiction over actions which arise from the Defendant's violations of Title III of the Americans with Disabilities Act, 42 U.S.C. § 12181 et seq. See also 28 U.S.C. § 2201 and § 2202.

6.  Plaintiff BONNIE KRAMER is an Ohio resident, is sui juris, and qualifies as an individual with disabilities as defined by the ADA. BONNIE KRAMER travels to the Chicago area several times each year to visit her adult son. While in the Chicago area, Ms. Kramer stays in area hotels, shops in area stores, visits theaters and tourist attractions. Ms. Kramer also is an advocate for similarly situated disabled persons and monitors places of public accommodation to determine whether they are in conformity with the ADA. BONNIE KRAMER has visited the property which forms the basis of this lawsuit and plans to return to the property to avail herself of the goods and services offered to the public at the property. The Plaintiff has encountered architectural barriers at the subject property. The barriers to access at the property have endangered her safety. The Plaintiff is also a member of the Plaintiff organization, DISABLED PATRIOTS OF AMERICA, INC., discussed below in paragraph 7.

2

7.     Plaintiff DISABLED PATRIOTS OF AMERICA, INC., is a nonprofit Florida
       corporation. Members of this organization include individuals with disabilities as
       defined by the ADA, and are representative of a cross-section of the disabilities to
       be protected from discrimination by the ADA. The purpose of this organization is
       to represent the interest of its members by assuring places of public
       accommodation are accessible to and usable by the disabled and that its members
       are not discriminated against because of their disabilities.     DISABLED
       PATRIOTS OF AMERICA, INC. and its members have suffered and will
       continue to suffer direct and indirect injury as a result of the Defendant's
       discrimination until the Defendant is compelled to comply with the requirements
       of the ADA. One or more of its members has suffered an injury that would allow
       it to bring suit in its own right. DISABLED PATRIOTS OF AMERICA, INC.
       has also been discriminated against because of its association with its disabled
       members and their claims.

8.     Defendant owns, leases, leases to, or operates a place of public accommodation as
       defined by the ADA and the regulations implementing the ADA, 28 CFR
       36.201(a) and 36.104.    Defendant is responsible for complying with the
       obligations of the ADA. The place of public accommodation that the Defendant
       owns, operates, leases or leases to is known as Century Shopping Center, 2828 N.
       Clark St., Chicago, IL 60657.

9.     DISABLED PATRIOTS OF AMERICA, INC. and BONNIE KRAMER have a
       realistic, credible, existing and continuing threat of discrimination from the
       Defendant's non-compliance with the ADA with respect to this property as

                                        3

described but not necessarily limited to the allegations in paragraph 11 of this complaint. Plaintiffs have reasonable grounds to believe that they will continue to be subjected to discrimination in violation of the ADA by the Defendant. BONNIE KRAMER desires to visit Century Shopping Center not only to avail herself of the goods and services available at the property but to assure herself that this property is in compliance with the ADA so that she and others similarly situated will have full and equal enjoyment of the property without fear of discrimination.    Plaintiff intends to return to the subject property, but for its discriminatory barriers and, at present, the discriminatory barriers prevent Plaintiff from returning to the property to fully enjoy the goods and services available.

10.    The Defendant has discriminated against the individual Plaintiff and members of the corporate Plaintiff organization by denying them access to, and full and equal enjoyment of, the goods, services, facilities, privileges, advantages and/or accommodations of the buildings, as prohibited by 42 U.S.C. § 12182 et seq.

11.    The Defendant has discriminated, and is continuing to discriminate, against the Plaintiff in violation of the ADA by failing to, inter alia, have accessible facilities by January 26, 1992 (or January 26, 1993, if Defendant has 10 or fewer employees and gross receipts of $500,000 or less). A preliminary inspection of Century Shopping Center has shown that violations exist. BONNIE KRAMER is aware of these violations. These violations include, but are not limited to:

**Parking**

4

1. Some of the accessible spaces do not provide signs designating the disabled use spaces, in violation of Section 4.6.4 of the ADAAG whose resolution is readily achievable.

2. The disabled use spaces do not have clear and level access aisles provided, violating Sections 4.1.2, and 4.6.3 of the ADAAG whose resolution is readily achievable.

3. The disabled use spaces and/or unloading areas are located on a slope in violation of Section 4.6.3 and 4.6.6 of the ADAAG whose resolution is readily achievable.

### Entrance Access and Path of Travel

1. There are no accessible routes from the street, sidewalk and parking areas. There are violations of the requirements in Sections 4.3.2, 4.5.2, 4.7.1 and 4.8.2 of the ADAAG whose resolution is readily achievable.

2. There are interior doors of the building that exceed the maximum force of 5 lb to open in violation of Section 4.13.11 of the ADAAG whose resolution is readily achievable whose resolution is readily achievable.

3. There are no proper handrails provided for the ramps to the facility, in violation of Section 4.8.5 of the ADAAG whose resolution is readily achievable.

4. There are rises at the thresholds of entrances at the facility in excess of 1/2 of an inch, violating Sections 4.5.2 and 4.13.8 of the ADAAG whose resolution is readily achievable.

5. There are changes in levels of greater than ½ inch, violating Section 4.3.8 of the ADAAG whose resolution is readily achievable.

6. There are stairs provided at the facility that do not comply with the standards prescribed in Section 4.9 of the ADAAG whose resolution is readily achievable.

### Access to Goods and Services

1. There are permanently designated interior spaces without proper signage in violation of Section 4.1.2 and 4.30 of the ADAAG whose resolution is readily achievable.

2. There are counters throughout the facility in excess of 36", in violation of Section 7.2(1) of the ADAAG whose resolution is readily achievable.

5

3. There are restrooms for public use at the facility without the required disabled use elements, in violation of several Sections of the ADAAG whose resolution is readily achievable.

4. There is fixed or built in seating provided at the facility that does not comply with the standards prescribed in Section 4.32 of the ADAAG whose resolution is readily achievable.

5. There are self-service areas with dispensers whose controls cannot be operated with a closed fist violating are Section 4.27.4 of the ADAAG whose resolution is readily achievable.

### Restrooms

1. There are exposed pipes in restrooms at the facility, violating of Section 4.19.4 of the ADAAG whose resolution is readily achievable.

2. The clear floor space provided in the restroom violates the provisions of Sections 4.2.1, 4.18.3 and 4.22 of the ADAAG whose resolution is readily achievable.

3. The grab-bars in the toilet room stalls do not comply with the requirements prescribed in Sections 4.17.6 and 4.26 of the ADAAG whose resolution is readily achievable.

4. There are urinals provided for public use that do not comply with the standards set forth in Section 4.18 of the ADAAG whose resolution is readily achievable.

5. The toilet stalls provided for public use at the facility are in violation of Section 4.17 of the ADAAG whose resolution is readily achievable.

6. There are amenities provided for public use that do not comply with the requirements of the ADAAG whose resolution is readily achievable.

12.     The discriminatory violations described in paragraph 11 are not an exclusive list

of the Defendant's ADA violations.  Plaintiffs require the inspection of the

Defendant's place of public accommodation in order to photograph and measure

all of the discriminatory acts violating the ADA and all of the barriers to access.

The individual Plaintiff, the members of the Plaintiff group, and all other

individuals similarly situated, have been denied access to, and have been denied

6

the benefits of services, programs and activities of the Defendant's buildings and its facilities, and have otherwise been discriminated against and damaged by the Defendant because of the Defendant's ADA violations, as set forth above. The individual Plaintiff, the members of the Plaintiff group and all others similarly situated will continue to suffer such discrimination, injury and damage without the immediate relief provided by the ADA as requested herein. In order to remedy this discriminatory situation, the Plaintiff requires an inspection of the Defendant's place of public accommodation in order to determine all of the areas of non-compliance with the Americans with Disabilities Act.

13.    Defendant has discriminated against the individual and corporate Plaintiffs by denying them access to full and equal enjoyment of the goods, services, facilities, privileges, advantages and/or accommodations of its place of public accommodation or commercial facility in violation of 42 U.S.C. § 12181 et seq. and 28 CFR 36.302 et seq. Furthermore, the Defendant continues to discriminate against the Plaintiff, and all those similarly situated by failing to make reasonable modifications in policies, practices or procedures, when such modifications are necessary to afford all offered goods, services, facilities, privileges, advantages or accommodations to individuals with disabilities; and by failing to take such efforts that may be necessary to ensure that no individual with a disability is excluded, denied services, segregated or otherwise treated differently than other individuals because of the absence of auxiliary aids and services.

7

14. Plaintiffs are without adequate remedy at law and are suffering irreparable harm. Plaintiffs have retained the undersigned counsel and are entitled to recover attorney's fees, costs and litigation expenses from the Defendant pursuant to 42 U.S.C. § 12205 and 28 CFR 36.505.

15. Defendant is required to remove the existing architectural barriers to the physically disabled when such removal is readily achievable for its place of public accommodation that has existed prior to January 26, 1992, 28 CFR 36.304(a); in the alternative, if there has been an alteration to Defendant's place of public accommodation since January 26, 1992, then the Defendant is required to ensure to the maximum extent feasible, that the altered portions of the facility are readily accessible to and useable by individuals with disabilities, including individuals who use wheelchairs, 28 CFR 36.402; and finally, if the Defendant's facility is one which was designed and constructed for first occupancy subsequent to January 26, 1993, as defined in 28 CFR 36.401, then the Defendant's facility must be readily accessible to and useable by individuals with disabilities as defined by the ADA.

16. Notice to Defendant is not required as a result of the Defendant's failure to cure the violations by January 26, 1992 (or January 26, 1993, if Defendant has 10 or fewer employees and gross receipts of $500,000 or less). All other conditions precedent have been met by Plaintiffs or waived by the Defendant.

8

17.     Pursuant to 42 U.S.C. § 12188, this Court is provided with authority to grant
        Plaintiffs Injunctive Relief, including an order to require the Defendant to alter
        Century Shopping Center to make those facilities readily accessible and useable
        to the Plaintiffs and all other persons with disabilities as defined by the ADA; or
        by closing the facility until such time as the Defendant cures its violations of the
        ADA.

**WHEREFORE**, Plaintiffs respectfully request:

a.      The Court issue a Declaratory Judgment that determines that the Defendant at the
        commencement of the subject lawsuit is in violation of Title III of the Americans
        with Disabilities Act, 42 U.S.C. § 12181 et seq.

b.      Injunctive relief against the Defendant including an order to make all readily
        achievable alterations to the facility; or to make such facility readily accessible to
        and usable by individuals with disabilities to the extent required by the ADA; and
        to require the Defendant to make reasonable modifications in policies, practices or
        procedures, when such modifications are necessary to afford all offered goods,
        services, facilities, privileges, advantages or accommodations to individuals with
        disabilities; and by failing to take such stops that may be necessary to ensure that
        no individual with a disability is excluded, denied services, segregated or
        otherwise treated differently than other individuals because of the absence of
        auxiliary aids and services.

                                            9

c.  An award of attorney's fees, costs and litigation expenses pursuant to 42 U.S.C.

§ 12205.

d.  Such other relief as the Court deems just and proper, and/or is allowable under

Title III of the Americans with Disabilities Act.

Respectfully Submitted,

Jonathan E. Lerner, Esq.
P.O. Box 694
Wilmette, IL 60091
847-271-2360
fx 847-256-3038
email jlernerlaw@aol.com
Ill Bar. Id No. 1622242

Thomas B. Bacon
Attorney-At-Law
1515 Grant St.
Hollywood, FL 33020
baconlaw@bellsouth.net
ph. (954) 925-6488
fax (954) 237-5506

By:
Thomas B. Bacon, Esq.

Date:  10/29/07

10

**FILED**

J.N

NOV X 8 2007
NOV X 8 2007
MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS

DISABLED PATRIOTS OF AMERICA, INC.,  :
a Florida not for profit corporation, and        :
BONNIE KRAMER Individually,                     :
                                                                    :
                        Plaintiffs,                          :        (
                                                                    :        07cv6351
vs.                                                              :        JUDGE CONLON
                                                                    :        MAG. JUDGE ASHMAN
GENERAL GROWTH PROPERTIES, INC., A :
Delaware Corporation,                                :
                                                                    :
                        Defendant.                        :
_____/ :

## COMPLAINT
### (Injunctive Relief Demanded)

Plaintiffs, DISABLED PATRIOTS OF AMERICA, INC., a Florida not for profit corporation, and BONNIE KRAMER, Individually, on their behalf and on behalf of all other individuals similarly situated, (sometimes referred to as "Plaintiff" or "Plaintiffs"), hereby sue the Defendant, GENERAL GROWTH PROPERTIES, INC., A Delaware Corporation, (sometimes referred to as "Defendant"), for Injunctive Relief, and attorney's fees, litigation expenses, and costs pursuant to the Americans with Disabilities Act, 42 U.S.C. § 12181 et seq. ("ADA").

1.    Plaintiff, BONNIE KRAMER, is an individual residing in Cleveland Ohio. Ms. Kramer suffers from multiple sclerosis and is bound to a wheelchair to ambulate.

2.    Plaintiff, DISABLED PATRIOTS OF AMERICA, INC., is a non-profit corporation formed under the laws of the State of Florida. DISABLED PATRIOTS OF AMERICA, INC. maintains its principal office at 702 North E Street, Lake Worth, FL 33460, in the County of Palm Beach.

3.    Defendant's property, Golf Mill Mall, 298 Golf Mill Center, Niles, IL 60714, is located in the County of Cook.

4.    Venue is properly located in the NORTHERN DISTRICT OF ILLINOIS because venue lies in the judicial district of the property situs. The Defendant's property is located in and does business within this judicial district.

5.    Pursuant to 28 U.S.C. § 1331 and 28 U.S.C. § 1343, this Court has been given original jurisdiction over actions which arise from the Defendant's violations of Title III of the Americans with Disabilities Act, 42 U.S.C. § 12181 et seq. See also 28 U.S.C. § 2201 and § 2202.

6.    Plaintiff BONNIE KRAMER is an Ohio resident, is sui juris, and qualifies as an individual with disabilities as defined by the ADA. BONNIE KRAMER travels to the Chicago area several times each year to visit her adult son. While in the Chicago area, Ms. Kramer stays in area hotels, shops in area stores, visits theaters and tourist attractions. Ms. Kramer also is an advocate for similarly situated disabled persons and monitors places of public accommodation to determine whether they are in conformity with the ADA. BONNIE KRAMER has visited the property which forms the basis of this lawsuit and plans to return to the property to avail herself of the goods and services offered to the public at the property and to determine whether it has removed its discriminatory barriers and come into compliance with the ADA. The Plaintiff has encountered architectural barriers at the subject property. The barriers to access at the property have endangered her safety. The Plaintiff is also a member of the Plaintiff

2

organization, DISABLED PATRIOTS OF AMERICA, INC., discussed below in
paragraph 7.

7.    Plaintiff DISABLED PATRIOTS OF AMERICA, INC., is a nonprofit Florida
corporation. Members of this organization include individuals with disabilities as
defined by the ADA, and are representative of a cross-section of the disabilities to
be protected from discrimination by the ADA. The purpose of this organization is
to represent the interest of its members by assuring places of public
accommodation are accessible to and usable by the disabled and that its members
are not discriminated against because of their disabilities. DISABLED
PATRIOTS OF AMERICA, INC. and its members have suffered and will
continue to suffer direct and indirect injury as a result of the Defendant's
discrimination until the Defendant is compelled to comply with the requirements
of the ADA. One or more of its members has suffered an injury that would allow
it to bring suit in its own right. DISABLED PATRIOTS OF AMERICA, INC.
has also been discriminated against because of its association with its disabled
members and their claims.

8.    Defendant owns, leases, leases to, or operates a place of public accommodation as
defined by the ADA and the regulations implementing the ADA, 28 CFR
36.201(a) and 36.104. Defendant is responsible for complying with the
obligations of the ADA. The place of public accommodation that the Defendant
owns, operates, leases or leases to is known as Golf Mill Mall, 298 Golf Mill
Center, Niles, IL 60714.

3

9.    DISABLED PATRIOTS OF AMERICA, INC. and BONNIE KRAMER have a
realistic, credible, existing and continuing threat of discrimination from the
Defendant's non-compliance with the ADA with respect to this property as
described but not necessarily limited to the allegations in paragraph 11 of this
complaint. Plaintiffs have reasonable grounds to believe that they will continue to
be subjected to discrimination in violation of the ADA by the Defendant.
BONNIE KRAMER desires to visit Golf Mill Mall not only to avail herself of the
goods and services available at the property but to assure herself that this property
is in compliance with the ADA so that she and others similarly situated will have
full and equal enjoyment of the property without fear of discrimination.    Plaintiff
intends to return to the subject property, but for its discriminatory barriers and, at
present, the discriminatory barriers prevent Plaintiff from returning to the
property to fully enjoy the goods and services available.

10.    The Defendant has discriminated against the individual Plaintiff and members of
the corporate Plaintiff organization by denying them access to, and full and equal
enjoyment of, the goods, services, facilities, privileges, advantages and/or
accommodations of the buildings, as prohibited by 42 U.S.C. § 12182 et seq.

11.    The Defendant has discriminated, and is continuing to discriminate, against the
Plaintiff in violation of the ADA by failing to, inter alia, have accessible facilities
by January 26, 1992 (or January 26, 1993, if Defendant has 10 or fewer
employees and gross receipts of $500,000 or less).  A preliminary inspection of
Golf Mill Mall has shown that violations exist. BONNIE KRAMER is aware of
these violations. These violations include, but are not limited to:

4

**Parking**

1.  Some of the accessible spaces do not provide signs designating the disabled use spaces, in violation of Section 4.6.4 of the ADAAG whose resolution is readily achievable.

2.  Where posted, signage at some of the designated accessible parking spaces are not mounted at sufficient heights in violation of section 4.6.4 of the ADAAG whose resolution is readily achievable.

3.  The disabled use spaces do not have clear and level access aisles provided, violating Sections 4.1.2, and 4.6.3 of the ADAAG whose resolution is readily achievable.

4.  The disabled use spaces and/or unloading areas are located on a slope in violation of Section 4.6.3 and 4.6.6 of the ADAAG whose resolution is readily achievable.


**Entrance Access and Path of Travel**

1.  There are curb ramps at the facility that project into vehicular areas and/or contain excessive slopes, side slopes or cross slopes in violation of Sections 4.7.2, 4.7.5, 4.7.6, and 4.7.9 of the ADAAG whose resolution is readily achievable.

2.  There are changes in levels of greater than ½ inch, violating Section 4.3.8 of the ADAAG whose resolution is readily achievable.


**Access to Goods and Services**

1.  There are protruding objects present throughout the facility, in violation of Section 4.4 of ADAAG whose resolution is readily achievable.

2.  There are counters throughout the facility in excess of 36", in violation of Section 7.2(1) of the ADAAG whose resolution is readily achievable.

3.  There are restrooms for public use at the facility without the required disabled use elements, in violation of several Sections of the ADAAG whose resolution is readily achievable.

4.  There are vending machines for public use at the facility without the required disabled use elements, in violation of several Sections of the ADAAG whose resolution is readily achievable.

5

5. There is fixed or built in seating provided at the facility that does not comply with the standards prescribed in Section 4.32 of the ADAAG whose resolution is readily achievable.

**Restrooms**

1. The clear floor space provided in the restroom violates the provisions of Sections 4.2.1, 4.18.3 and 4.22 of the ADAAG whose resolution is readily achievable.

2. The grab-bars in the toilet room stalls do not comply with the requirements prescribed in Sections 4.17.6 and 4.26 of the ADAAG whose resolution is readily achievable.

3. There are dispensers provided for pubic use in the restroom, with controls outside the ranges prescribed in Section 4.27 of the ADAAG whose resolution is readily achievable.

4. There are amenities provided for public use that do not comply with the requirements of the ADAAG whose resolution is readily achievable.

12.    The discriminatory violations described in paragraph 11 are not an exclusive list

of the Defendant's ADA violations. Plaintiffs require the inspection of the

Defendant's place of public accommodation in order to photograph and measure

all of the discriminatory acts violating the ADA and all of the barriers to access.

The individual Plaintiff, the members of the Plaintiff group, and all other

individuals similarly situated, have been denied access to, and have been denied

the benefits of services, programs and activities of the Defendant's buildings and

its facilities, and have otherwise been discriminated against and damaged by the

Defendant because of the Defendant's ADA violations, as set forth above. The

individual Plaintiff, the members of the Plaintiff group and all others similarly

situated will continue to suffer such discrimination, injury and damage without

the immediate relief provided by the ADA as requested herein. In order to

remedy this discriminatory situation, the Plaintiff requires an inspection of the

6

Defendant's place of public accommodation in order to determine all of the areas of non-compliance with the Americans with Disabilities Act.

13.    Defendant has discriminated against the individual and corporate Plaintiffs by denying them access to full and equal enjoyment of the goods, services, facilities, privileges, advantages and/or accommodations of its place of public accommodation or commercial facility in violation of 42 U.S.C. § 12181 et seq. and 28 CFR 36.302 et seq. Furthermore, the Defendant continues to discriminate against the Plaintiff, and all those similarly situated by failing to make reasonable modifications in policies, practices or procedures, when such modifications are necessary to afford all offered goods, services, facilities, privileges, advantages or accommodations to individuals with disabilities; and by failing to take such efforts that may be necessary to ensure that no individual with a disability is excluded, denied services, segregated or otherwise treated differently than other individuals because of the absence of auxiliary aids and services.

14.    Plaintiffs are without adequate remedy at law and are suffering irreparable harm. Plaintiffs have retained the undersigned counsel and are entitled to recover attorney's fees, costs and litigation expenses from the Defendant pursuant to 42 U.S.C. § 12205 and 28 CFR 36.505.

15.    Defendant is required to remove the existing architectural barriers to the physically disabled when such removal is readily achievable for its place of public accommodation that has existed prior to January 26, 1992, 28 CFR 36.304(a); in the alternative, if there has been an alteration to Defendant's place of public accommodation since January 26, 1992, then the Defendant is required to ensure

7

to the maximum extent feasible, that the altered portions of the facility are readily accessible to and useable by individuals with disabilities, including individuals who use wheelchairs, 28 CFR 36.402; and finally, if the Defendant's facility is one which was designed and constructed for first occupancy subsequent to January 26, 1993, as defined in 28 CFR 36.401, then the Defendant's facility must be readily accessible to and useable by individuals with disabilities as defined by the ADA.

16.    Notice to Defendant is not required as a result of the Defendant's failure to cure the violations by January 26, 1992 (or January 26, 1993, if Defendant has 10 or fewer employees and gross receipts of $500,000 or less). All other conditions precedent have been met by Plaintiffs or waived by the Defendant.

17.    Pursuant to 42 U.S.C. § 12188, this Court is provided with authority to grant Plaintiffs Injunctive Relief, including an order to require the Defendant to alter Century Shopping Center to make those facilities readily accessible and useable to the Plaintiffs and all other persons with disabilities as defined by the ADA; or by closing the facility until such time as the Defendant cures its violations of the ADA.

**WHEREFORE,** Plaintiffs respectfully request:

a.    The Court issue a Declaratory Judgment that determines that the Defendant at the commencement of the subject lawsuit is in violation of Title III of the Americans with Disabilities Act, 42 U.S.C. § 12181 et seq.

b.    Injunctive relief against the Defendant including an order to make all readily achievable alterations to the facility; or to make such facility readily accessible to

8

and usable by individuals with disabilities to the extent required by the ADA; and to require the Defendant to make reasonable modifications in policies, practices or procedures, when such modifications are necessary to afford all offered goods, services, facilities, privileges, advantages or accommodations to individuals with disabilities; and by failing to take such stops that may be necessary to ensure that no individual with a disability is excluded, denied services, segregated or otherwise treated differently than other individuals because of the absence of auxiliary aids and services.

c. An award of attorney's fees, costs and litigation expenses pursuant to 42 U.S.C. § 12205.

d. Such other relief as the Court deems just and proper, and/or is allowable under Title III of the Americans with Disabilities Act.

Respectfully Submitted,

Jonathan E. Lerner, Esq.
P.O. Box 694
Wilmette, IL 60091
847-271-2360
fx 847-256-3038
email jlernerlaw@aol.com
Ill Bar. Id No. 1622242

Thomas B. Bacon
Attorney-At-Law
1515 Grant St.
Hollywood, FL 33020
baconlaw@bellsouth.net
ph. (954) 925-6488
fax (954) 237-5506

By:_____
Thomas B. Bacon, Esq.

Date: 10/29/07

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS

*FILED*

NOV X 8 2007
ΠΟΥ X 8 2007
MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

DISABLED PATRIOTS OF AMERICA, INC., :
a Florida not for profit corporation, and    :
BONNIE KRAMER Individually,              :
                                                            :
                Plaintiffs,                          :        (
                                                            :
vs.                                                       :
                                                            :        07cv6363
SIMON PROPERTY GROUP (DELAWARE), :       JUDGE KENDALL
INC. , A Delaware Corporation,              :       MAG. JUDGE COX
                                                            :
                Defendant.                         :
_____/ :

## COMPLAINT
### (Injunctive Relief Demanded)

Plaintiffs, DISABLED PATRIOTS OF AMERICA, INC., a Florida not for profit corporation, and BONNIE KRAMER, Individually, on their behalf and on behalf of all other individuals similarly situated, (sometimes referred to as "Plaintiff" or "Plaintiffs"), hereby sue the Defendant, SIMON PROPERTY GROUP (DELAWARE), INC. , A Delaware Corporation, (sometimes referred to as "Defendant"), for Injunctive Relief, and attorney's fees, litigation expenses, and costs pursuant to the Americans with Disabilities Act, 42 U.S.C. § 12181 et seq. ("ADA").

1.    Plaintiff, BONNIE KRAMER, is an individual residing in Cleveland Ohio. Ms. Kramer suffers from multiple sclerosis and is bound to a wheelchair to ambulate.

2.    Plaintiff, DISABLED PATRIOTS OF AMERICA, INC., is a non-profit corporation formed under the laws of the State of Florida. DISABLED PATRIOTS OF AMERICA, INC. maintains its principal office at 702 North E Street, Lake Worth, FL 33460, in the County of Palm Beach.

1

3.    Defendant's property,  Lincolnwood Town Center, 3333 W. Touhy Ave., Lincolnwood, IL 60712, is located in the County of Cook.

4.    Venue is properly located in the [court] because venue lies in the judicial district of the property situs. The Defendant's property is located in and does business within this judicial district.

5.    Pursuant to 28 U.S.C. § 1331 and 28 U.S.C. § 1343, this Court has been given original jurisdiction over actions which arise from the Defendant's violations of Title III of the Americans with Disabilities Act, 42 U.S.C. § 12181 et seq. See also 28 U.S.C. § 2201 and § 2202.

6.    Plaintiff BONNIE KRAMER is an Ohio resident, is sui juris, and qualifies as an individual with disabilities as defined by the ADA.  BONNIE KRAMER travels to the Chicago area several times each year to visit her adult son. While in the Chicago area, Ms. Kramer stays in area hotels, shops in area stores, visits theaters and tourist attractions.  Ms. Kramer also is an advocate for similarly situated disabled persons and monitors places of public accommodation to determine whether they are in conformity with the ADA. BONNIE KRAMER has visited the property which forms the basis of this lawsuit and plans to return to the property to avail herself of the goods and services offered to the public at the property and to determine whether it has removed its discriminatory barriers and come into compliance with the ADA. The Plaintiff has encountered architectural barriers at the subject property.  The barriers to access at the property have endangered her safety.  The Plaintiff is also a member of the Plaintiff

2

organization, DISABLED PATRIOTS OF AMERICA, INC., discussed below in paragraph 7.

7.       Plaintiff DISABLED PATRIOTS OF AMERICA, INC., is a nonprofit Florida corporation. Members of this organization include individuals with disabilities as defined by the ADA, and are representative of a cross-section of the disabilities to be protected from discrimination by the ADA. The purpose of this organization is to represent the interest of its members by assuring places of public accommodation are accessible to and usable by the disabled and that its members are not discriminated against because of their disabilities.    DISABLED PATRIOTS OF AMERICA, INC. and its members have suffered and will continue to suffer direct and indirect injury as a result of the Defendant's discrimination until the Defendant is compelled to comply with the requirements of the ADA. One or more of its members has suffered an injury that would allow it to bring suit in its own right. DISABLED PATRIOTS OF AMERICA, INC. has also been discriminated against because of its association with its disabled members and their claims.

8.       Defendant owns, leases, leases to, or operates a place of public accommodation as defined by the ADA and the regulations implementing the ADA, 28 CFR 36.201(a) and 36.104.    Defendant is responsible for complying with the obligations of the ADA. The place of public accommodation that the Defendant owns, operates, leases or leases to is known as  Lincolnwood Town Center, 3333 W. Touhy Ave., Lincolnwood, IL 60712.

3

9.    DISABLED PATRIOTS OF AMERICA, INC. and BONNIE KRAMER have a
realistic, credible, existing and continuing threat of discrimination from the
Defendant's non-compliance with the ADA with respect to this property as
described but not necessarily limited to the allegations in paragraph 11 of this
complaint. Plaintiffs have reasonable grounds to believe that they will continue to
be subjected to discrimination in violation of the ADA by the Defendant.
BONNIE KRAMER desires to visit Lincolnwood Town Center not only to avail
herself of the goods and services available at the property but to assure herself
that this property is in compliance with the ADA so that she and others similarly
situated will have full and equal enjoyment of the property without fear of
discrimination.    Plaintiff intends to return to the subject property, but for its
discriminatory barriers and, at present, the discriminatory barriers prevent
Plaintiff from returning to the property to fully enjoy the goods and services
available.

10.    The Defendant has discriminated against the individual Plaintiff and members of
the corporate Plaintiff organization by denying them access to, and full and equal
enjoyment of, the goods, services, facilities, privileges, advantages and/or
accommodations of the buildings, as prohibited by 42 U.S.C. § 12182 et seq.

11.    The Defendant has discriminated, and is continuing to discriminate, against the
Plaintiff in violation of the ADA by failing to, inter alia, have accessible facilities
by January 26, 1992 (or January 26, 1993, if Defendant has 10 or fewer
employees and gross receipts of $500,000 or less).  A preliminary inspection of

4

Lincolnwood Town Center has shown that violations exist. BONNIE KRAMER

is aware of these violations. These violations include, but are not limited to:

### Parking

1. Some of the accessible spaces do not provide signs designating the disabled use spaces, in violation of Section 4.6.4 of the ADAAG whose resolution is readily achievable.

2. Where posted, signage at some of the designated accessible parking spaces are not mounted at sufficient heights in violation of section 4.6.4 of the ADAAG whose resolution is readily achievable.

3. The disabled use spaces do not have clear and level access aisles provided, violating Sections 4.1.2, and 4.6.3 of the ADAAG whose resolution is readily achievable.

4. The disabled use spaces and/or unloading areas are located on a slope in violation of Section 4.6.3 and 4.6.6 of the ADAAG whose resolution is readily achievable.

### Entrance Access and Path of Travel

1. There are no proper handrails provided for the ramps to the facility, in violation of Section 4.8.5 of the ADAAG whose resolution is readily achievable.

2. There are curb ramps at the facility that project into vehicular areas and/or contain excessive slopes, side slopes or cross slopes in violation of Sections 4.7.2, 4.7.5, 4.7.6, and 4.7.9 of the ADAAG whose resolution is readily achievable.

3. There are rises at the thresholds of entrances at the facility in excess of 1/2 of an inch, violating Sections 4.5.2 and 4.13.8 of the ADAAG whose resolution is readily achievable.

4. There are changes in levels of greater than ½ inch, violating Section 4.3.8 of the ADAAG whose resolution is readily achievable.

### Access to Goods and Services

1. There are counters throughout the facility in excess of 36", in violation of Section 7.2(1) of the ADAAG whose resolution is readily achievable.

5

2. There are restrooms for public use at the facility without the required disabled use elements, in violation of several Sections of the ADAAG whose resolution is readily achievable.

3. There are vending machines for public use at the facility without the required disabled use elements, in violation of several Sections of the ADAAG whose resolution is readily achievable.

4. There is fixed or built in seating provided at the facility that does not comply with the standards prescribed in Section 4.32 of the ADAAG whose resolution is readily achievable.

**Restrooms**

1. The lavaratories in the restroom provided do not meet the requirements prescribed in Section 4.24 of the ADAAG whose resolution is readily achievable.

2. The clear floor space provided in the restroom violates the provisions of Sections 4.2.1, 4.18.3 and 4.22 of the ADAAG whose resolution is readily achievable.

3. The grab-bars in the restrooms do not comply with the requirements prescribed in Sections 4.16.4 and 4.26 of the ADAAG whose resolution is readily achievable.

4. The grab-bars in the toilet room stalls do not comply with the requirements prescribed in Sections 4.17.6 and 4.26 of the ADAAG whose resolution is readily achievable.

5. The toilet stalls provided for public use at the facility are in violation of Section 4.17 of the ADAAG whose resolution is readily achievable.

6. The water closets that are provided for public use at the facility violate the provisions of Section 4.16 of the ADAAG whose resolution is readily achievable.

7. The mirrors provided for public use in the restroom are in violation of the requirements in Section 4.19 of the ADAAG whose resolution is readily achievable.

8. There are dispensers provided for pubic use in the restroom, with controls outside the ranges prescribed in Section 4.27 of the ADAAG whose resolution is readily achievable.

6

9. There are amenities provided for public use that do not comply with the requirements of the ADAAG whose resolution is readily achievable.

12. The discriminatory violations described in paragraph 11 are not an exclusive list of the Defendant's ADA violations. Plaintiffs require the inspection of the Defendant's place of public accommodation in order to photograph and measure all of the discriminatory acts violating the ADA and all of the barriers to access. The individual Plaintiff, the members of the Plaintiff group, and all other individuals similarly situated, have been denied access to, and have been denied the benefits of services, programs and activities of the Defendant's buildings and its facilities, and have otherwise been discriminated against and damaged by the Defendant because of the Defendant's ADA violations, as set forth above. The individual Plaintiff, the members of the Plaintiff group and all others similarly situated will continue to suffer such discrimination, injury and damage without the immediate relief provided by the ADA as requested herein. In order to remedy this discriminatory situation, the Plaintiff requires an inspection of the Defendant's place of public accommodation in order to determine all of the areas of non-compliance with the Americans with Disabilities Act.

13. Defendant has discriminated against the individual and corporate Plaintiffs by denying them access to full and equal enjoyment of the goods, services, facilities, privileges, advantages and/or accommodations of its place of public accommodation or commercial facility in violation of 42 U.S.C. § 12181 et seq. and 28 CFR 36.302 et seq. Furthermore, the Defendant continues to discriminate

7

against the Plaintiff, and all those similarly situated by failing to make reasonable modifications in policies, practices or procedures, when such modifications are necessary to afford all offered goods, services, facilities, privileges, advantages or accommodations to individuals with disabilities; and by failing to take such efforts that may be necessary to ensure that no individual with a disability is excluded, denied services, segregated or otherwise treated differently than other individuals because of the absence of auxiliary aids and services.

14.    Plaintiffs are without adequate remedy at law and are suffering irreparable harm. Plaintiffs have retained the undersigned counsel and are entitled to recover attorney's fees, costs and litigation expenses from the Defendant pursuant to 42 U.S.C. § 12205 and 28 CFR 36.505.

15.    Defendant is required to remove the existing architectural barriers to the physically disabled when such removal is readily achievable for its place of public accommodation that has existed prior to January 26, 1992, 28 CFR 36.304(a); in the alternative, if there has been an alteration to Defendant's place of public accommodation since January 26, 1992, then the Defendant is required to ensure to the maximum extent feasible, that the altered portions of the facility are readily accessible to and useable by individuals with disabilities, including individuals who use wheelchairs, 28 CFR 36.402; and finally, if the Defendant's facility is one which was designed and constructed for first occupancy subsequent to January 26, 1993, as defined in 28 CFR 36.401, then the Defendant's facility must be readily accessible to and useable by individuals with disabilities as defined by the ADA.

8

16. Notice to Defendant is not required as a result of the Defendant's failure to cure the violations by January 26, 1992 (or January 26, 1993, if Defendant has 10 or fewer employees and gross receipts of $500,000 or less). All other conditions precedent have been met by Plaintiffs or waived by the Defendant.

17. Pursuant to 42 U.S.C. § 12188, this Court is provided with authority to grant Plaintiffs Injunctive Relief, including an order to require the Defendant to alter Century Shopping Center to make those facilities readily accessible and useable to the Plaintiffs and all other persons with disabilities as defined by the ADA; or by closing the facility until such time as the Defendant cures its violations of the ADA.

**WHEREFORE,** Plaintiffs respectfully request:

a. The Court issue a Declaratory Judgment that determines that the Defendant at the commencement of the subject lawsuit is in violation of Title III of the Americans with Disabilities Act, 42 U.S.C. § 12181 et seq.

b. Injunctive relief against the Defendant including an order to make all readily achievable alterations to the facility; or to make such facility readily accessible to and usable by individuals with disabilities to the extent required by the ADA; and to require the Defendant to make reasonable modifications in policies, practices or procedures, when such modifications are necessary to afford all offered goods, services, facilities, privileges, advantages or accommodations to individuals with disabilities; and by failing to take such stops that may be necessary to ensure that no individual with a disability is excluded, denied services, segregated or

9

otherwise treated differently than other individuals because of the absence of auxiliary aids and services.

c. An award of attorney's fees, costs and litigation expenses pursuant to 42 U.S.C. § 12205.

d. Such other relief as the Court deems just and proper, and/or is allowable under Title III of the Americans with Disabilities Act.

Jonathan E. Lerner, Esq.
P.O. Box 694
Wilmette, IL 60091
847-271-2360
fx 847-256-3038
email jlernerlaw@aol.com
Ill Bar. Id No. 1622242

Thomas B. Bacon
Attorney-At-Law
1515 Grant St.
Hollywood, FL 33020
baconlaw@bellsouth.net
phone 954-478-7811

By: _____
Thomas B. Bacon, Esq.

Date: _10/29/07_

**FILED**

UNITED STATES DISTRICT COURT IN
NORTHERN DISTRICT OF ILLINOIS

NOV X 8 2007
ЛОV X 8 200 7
MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

DISABLED PATRIOTS OF AMERICA, INC., :
a Florida not for profit corporation, and :
BONNIE KRAMER Individually, :
                                          :
          Plaintiffs, :
                                          :
vs. :
                                          :       07cv6354
                                          :       JUDGE LEINENWEBER
WESTFIELD CORPORATION, INC., A :          MAG. JUDGE NOLAN
Delaware Corporation, :
                                          :
          Defendant. :
_____/ :

## COMPLAINT
(Injunctive Relief Demanded)

Plaintiffs, DISABLED PATRIOTS OF AMERICA, INC., a Florida not for profit
corporation, and BONNIE KRAMER, Individually, on their behalf and on behalf of all other
individuals similarly situated, (sometimes referred to as "Plaintiff" or "Plaintiffs"), hereby sue
the Defendant, WESTFIELD CORPORATION, INC., A Delaware Corporation, (sometimes
referred to as "Defendant"), for Injunctive Relief, and attorney's fees, litigation expenses, and
costs pursuant to the Americans with Disabilities Act, 42 U.S.C. § 12181 et seq. ("ADA").

1.   Plaintiff, BONNIE KRAMER, is an individual residing in Cleveland Ohio. Ms.
     Kramer suffers from multiple sclerosis and is bound to a wheelchair to ambulate.

2.   Plaintiff, DISABLED PATRIOTS OF AMERICA, INC., is a non-profit
     corporation formed under the laws of the State of Florida.    DISABLED
     PATRIOTS OF AMERICA, INC. maintains its principal office at 702 North E
     Street, Lake Worth, FL 33460, in the County of Palm Beach.

1

3.   Defendant's property, Old Orchard Shopping Center, 66 Old Orchard Shopping
     Center, Skokie Illinois, is located in the County of Cook.

4.   Venue is properly located in the NORTHERN DISTRICT OF ILLINOIS because
     venue lies in the judicial district of the property situs. The Defendant's property
     is located in and does business within this judicial district.

5.   Pursuant to 28 U.S.C. § 1331 and 28 U.S.C. § 1343, this Court has been given
     original jurisdiction over actions which arise from the Defendant's violations of
     Title III of the Americans with Disabilities Act, 42 U.S.C. § 12181 et seq. See
     also 28 U.S.C. § 2201 and § 2202.

6.   Plaintiff BONNIE KRAMER is an Ohio resident, is sui juris, and qualifies as an
     individual with disabilities as defined by the ADA. BONNIE KRAMER travels
     to the Chicago area several times each year to visit her adult son. While in the
     Chicago area, Ms. Kramer stays in area hotels, shops in area stores, visits theaters
     and tourist attractions. Ms. Kramer also is an advocate for similarly situated
     disabled persons and monitors places of public accommodation to determine
     whether they are in conformity with the ADA. BONNIE KRAMER has visited
     the property which forms the basis of this lawsuit and plans to return to the
     property to avail herself of the goods and services offered to the public at the
     property and to determine whether it has removed its discriminatory barriers and
     come into compliance with the ADA. The Plaintiff has encountered architectural
     barriers at the subject property. The barriers to access at the property have
     endangered her safety.   The Plaintiff is also a member of the Plaintiff

2

organization, DISABLED PATRIOTS OF AMERICA, INC., discussed below in
paragraph 7.

7.    Plaintiff DISABLED PATRIOTS OF AMERICA, INC., is a nonprofit Florida
corporation. Members of this organization include individuals with disabilities as
defined by the ADA, and are representative of a cross-section of the disabilities to
be protected from discrimination by the ADA. The purpose of this organization is
to represent the interest of its members by assuring places of public
accommodation are accessible to and usable by the disabled and that its members
are not discriminated against because of their disabilities.    DISABLED
PATRIOTS OF AMERICA, INC. and its members have suffered and will
continue to suffer direct and indirect injury as a result of the Defendant's
discrimination until the Defendant is compelled to comply with the requirements
of the ADA. One or more of its members has suffered an injury that would allow
it to bring suit in its own right. DISABLED PATRIOTS OF AMERICA, INC.
has also been discriminated against because of its association with its disabled
members and their claims.

8.    Defendant owns, leases, leases to, or operates a place of public accommodation as
defined by the ADA and the regulations implementing the ADA, 28 CFR
36.201(a) and 36.104.    Defendant is responsible for complying with the
obligations of the ADA. The place of public accommodation that the Defendant
owns, operates, leases or leases to is known as Old Orchard Shopping Center, 66
Old Orchard Shopping Center, Skokie Illinois.

3

9.    DISABLED PATRIOTS OF AMERICA, INC. and BONNIE KRAMER have a
realistic, credible, existing and continuing threat of discrimination from the
Defendant's non-compliance with the ADA with respect to this property as
described but not necessarily limited to the allegations in paragraph 11 of this
complaint. Plaintiffs have reasonable grounds to believe that they will continue to
be subjected to discrimination in violation of the ADA by the Defendant.
BONNIE KRAMER desires to visit Old Orchard Shopping Center not only to
avail herself of the goods and services available at the property but to assure
herself that this property is in compliance with the ADA so that she and others
similarly situated will have full and equal enjoyment of the property without fear
of discrimination.    Plaintiff intends to return to the subject property, but for its
discriminatory barriers and, at present, the discriminatory barriers prevent
Plaintiff from returning to the property to fully enjoy the goods and services
available.

10.    The Defendant has discriminated against the individual Plaintiff and members of
the corporate Plaintiff organization by denying them access to, and full and equal
enjoyment of, the goods, services, facilities, privileges, advantages and/or
accommodations of the buildings, as prohibited by 42 U.S.C. § 12182 et seq.

11.    The Defendant has discriminated, and is continuing to discriminate, against the
Plaintiff in violation of the ADA by failing to, inter alia, have accessible facilities
by January 26, 1992 (or January 26, 1993, if Defendant has 10 or fewer
employees and gross receipts of $500,000 or less). A preliminary inspection of
Old Orchard Shopping Center has shown that violations exist.    BONNIE

4

KRAMER is aware of these violations. These violations include, but are not limited to:

### Parking

1. Some of the accessible spaces do not provide signs designating the disabled use spaces, in violation of Section 4.6.4 of the ADAAG whose resolution is readily achievable.

2. Where posted, signage at some of the designated accessible parking spaces are not mounted at sufficient heights in violation of section 4.6.4 of the ADAAG whose resolution is readily achievable.

3. The disabled use spaces do not have clear and level access aisles provided, violating Sections 4.1.2, and 4.6.3 of the ADAAG whose resolution is readily achievable.

4. T

### Entrance Access and Path of Travel

1. There are no accessible routes from the street, sidewalk and parking areas. There are violations of the requirements in Sections 4.3.2, 4.5.2, 4.7.1 and 4.8.2 of the ADAAG whose resolution is readily achievable.

2. There are ramps at the facility that do not have level landings and/or contain excessive slopes or cross slopes in violation of Section 4.8.2, 4.8.4 and 4.8.6 of the ADAAG whose resolution is readily achievable.

3. There are no proper handrails provided for the ramps to the facility, in violation of Section 4.8.5 of the ADAAG whose resolution is readily achievable.

4. There are curb ramps at the facility that project into vehicular areas and/or contain excessive slopes, side slopes or cross slopes in violation of Sections 4.7.2, 4.7.5, 4.7.6, and 4.7.9 of the ADAAG whose resolution is readily achievable.

5. There are changes in levels of greater than ½ inch, violating Section 4.3.8 of the ADAAG whose resolution is readily achievable.

6. There are interior doors at several of the building with excessive force required for opening at the facility, in violation of Section 4.13.11 of the ADAAG whose resolution is readily achievable.

7. There is not a continuous path of travel connecting all essential elements of the facility, in violation of Sections 4.3.1 and 4.3.2 of the ADAAG whose resolution is readily achievable.

**Access to Goods and Services**

1. There are permanently designated interior spaces without proper signage in violation of Section 4.1.2 and 4.30 of the ADAAG whose resolution is readily achievable.

2. There are protruding objects present throughout the facility, in violation of Section 4.4 of ADAAG whose resolution is readily achievable.

3. There are counters throughout the facility in excess of 36", in violation of Section 7.2(1) of the ADAAG whose resolution is readily achievable.

4. There are restrooms for public use at the facility without the required disabled use elements, in violation of several Sections of the ADAAG whose resolution is readily achievable.

5. There are vending machines for public use at the facility without the required disabled use elements, in violation of several Sections of the ADAAG whose resolution is readily achievable.

6. There is fixed or built in seating provided at the facility that does not comply with the standards prescribed in Section 4.32 of the ADAAG whose resolution is readily achievable.

**Restrooms**

1. The grab-bars in the toilet room stalls do not comply with the requirements prescribed in Sections 4.17.6 and 4.26 of the ADAAG whose resolution is readily achievable.

2. There are dispensers provided for pubic use in the restroom, with controls outside the ranges prescribed in Section 4.27 of the ADAAG whose resolution is readily achievable.

3. There are amenities provided for public use that do not comply with the requirements of the ADAAG whose resolution is readily achievable.

6

12.     The discriminatory violations described in paragraph 11 are not an exclusive list
of the Defendant's ADA violations.  Plaintiffs require the inspection of the
Defendant's place of public accommodation in order to photograph and measure
all of the discriminatory acts violating the ADA and all of the barriers to access.
The individual Plaintiff, the members of the Plaintiff group, and all other
individuals similarly situated, have been denied access to, and have been denied
the benefits of services, programs and activities of the Defendant's buildings and
its facilities, and have otherwise been discriminated against and damaged by the
Defendant because of the Defendant's ADA violations, as set forth above.  The
individual Plaintiff, the members of the Plaintiff group and all others similarly
situated will continue to suffer such discrimination, injury and damage without
the immediate relief provided by the ADA as requested herein.  In order to
remedy this discriminatory situation, the Plaintiff requires an inspection of the
Defendant's place of public accommodation in order to determine all of the areas
of non-compliance with the Americans with Disabilities Act.

13.     Defendant has discriminated against the individual and corporate Plaintiffs by
denying them access to full and equal enjoyment of the goods, services, facilities,
privileges, advantages and/or accommodations of its place of public
accommodation or commercial facility in violation of 42 U.S.C. § 12181 et seq.
and 28 CFR 36.302 et seq.  Furthermore, the Defendant continues to discriminate
against the Plaintiff, and all those similarly situated by failing to make reasonable
modifications in policies, practices or procedures, when such modifications are
necessary to afford all offered goods, services, facilities, privileges, advantages or

accommodations to individuals with disabilities; and by failing to take such efforts that may be necessary to ensure that no individual with a disability is excluded, denied services, segregated or otherwise treated differently than other individuals because of the absence of auxiliary aids and services.

14. Plaintiffs are without adequate remedy at law and are suffering irreparable harm. Plaintiffs have retained the undersigned counsel and are entitled to recover attorney's fees, costs and litigation expenses from the Defendant pursuant to 42 U.S.C. § 12205 and 28 CFR 36.505.

15. Defendant is required to remove the existing architectural barriers to the physically disabled when such removal is readily achievable for its place of public accommodation that has existed prior to January 26, 1992, 28 CFR 36.304(a); in the alternative, if there has been an alteration to Defendant's place of public accommodation since January 26, 1992, then the Defendant is required to ensure to the maximum extent feasible, that the altered portions of the facility are readily accessible to and useable by individuals with disabilities, including individuals who use wheelchairs, 28 CFR 36.402; and finally, if the Defendant's facility is one which was designed and constructed for first occupancy subsequent to January 26, 1993, as defined in 28 CFR 36.401, then the Defendant's facility must be readily accessible to and useable by individuals with disabilities as defined by the ADA.

16. Notice to Defendant is not required as a result of the Defendant's failure to cure the violations by January 26, 1992 (or January 26, 1993, if Defendant has 10 or

fewer employees and gross receipts of $500,000 or less). All other conditions precedent have been met by Plaintiffs or waived by the Defendant.

17.    Pursuant to 42 U.S.C. § 12188, this Court is provided with authority to grant Plaintiffs Injunctive Relief, including an order to require the Defendant to alter Century Shopping Center to make those facilities readily accessible and useable to the Plaintiffs and all other persons with disabilities as defined by the ADA; or by closing the facility until such time as the Defendant cures its violations of the ADA.

**WHEREFORE,** Plaintiffs respectfully request:

a.    The Court issue a Declaratory Judgment that determines that the Defendant at the commencement of the subject lawsuit is in violation of Title III of the Americans with Disabilities Act, 42 U.S.C. § 12181 et seq.

b.    Injunctive relief against the Defendant including an order to make all readily achievable alterations to the facility; or to make such facility readily accessible to and usable by individuals with disabilities to the extent required by the ADA; and to require the Defendant to make reasonable modifications in policies, practices or procedures, when such modifications are necessary to afford all offered goods, services, facilities, privileges, advantages or accommodations to individuals with disabilities; and by failing to take such stops that may be necessary to ensure that no individual with a disability is excluded, denied services, segregated or otherwise treated differently than other individuals because of the absence of auxiliary aids and services.

9

c. An award of attorney's fees, costs and litigation expenses pursuant to 42 U.S.C. § 12205.

d. Such other relief as the Court deems just and proper, and/or is allowable under Title III of the Americans with Disabilities Act.

Respectfully Submitted,

Jonathan E. Lerner, Esq.
P.O. Box 694
Wilmette, IL 60091
847-271-2360
fx 847-256-3038
email jlernerlaw@aol.com
Ill Bar. Id No. 1622242

Thomas B. Bacon
Attorney-At-Law
1515 Grant St.
Hollywood, FL 33020
baconlaw@bellsouth.net
ph. (954) 925-6488
fax (954) 237-5506

By:
Thomas B. Bacon, Esq.

Date: 10/29/07

10