# EXHIBIT

# GROUP

# 1

# PART II

DEFENDANT'S RESPONSE IN OPPOSITION TO
PLAINTIFFS' MOTION TO COMPEL ANSWERS
TO INTERROGATORIES, RESPONSES TO
REQUESTS FOR PRODUCTION AND TO
COMPEL SUBMISSION TO R.34 INSPECTION

**FILED**

**NOV 2 8 2007** NF.

ΠО ∨ Ζ6 200 ⁊

**MICHAEL W. DOBBINS**

**CLERK: U.S. DISTRICT COURT**

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

DISABLED PATRIOTS OF AMERICA, INC., a :
Florida Non Profit Corporation, and BONNIE    :
KRAMER, Individually,    :

         Plaintiffs,

vs.

ARUN ENTERPRISES INC., a New Jersey    :
Corporation,    :

         Defendant.

**07CV 6610**
**JUDGE COAR**
**MAGISTRATE JUDGE SCHENKIER**

## COMPLAINT
(Injunctive Relief Demanded)

Plaintiffs, DISABLED PATRIOTS OF AMERICA, INC., a Florida Non Profit Corporation,

and BONNIE KRAMER, Individually, on their behalf and on behalf of all other individuals similarly

situated, (sometimes referred to as "Plaintiff" or "Plaintiffs"), hereby sue the Defendants, ARUN

ENTERPRISES INC., a New Jersey Corporation, (sometimes referred to as "Defendant"), for

Injunctive Relief, and attorney's fees, litigation expenses, and costs pursuant to the Americans with

Disabilities Act, 42 U.S.C. § 12181 et seq. ("ADA").

1.    Plaintiff, Bonnie Kramer, is an individual residing in Cleveland, OH, in the County of

    Cuyahoga.

2.    Plaintiff, DISABLED PATRIOTS OF AMERICA, INC., is a non profit corporation formed

    under the laws of the State of Florida. DISABLED PATRIOTS OF AMERICA, INC.

    maintains its principal office at 702 North E. Street, Lake Worth, FL 33460, in the County

    of Palm Beach.

3.    Defendant's property, North Park Mall, is located at 270 W. North Ave., Villa Park, IL 60191-110, in the County of Dupage.

4.    Venue is properly located in the Northern District of Illinois because venue lies in the judicial district of the property situs. The Defendant's property is located in and does business within this judicial district.

5.    Pursuant to 28 U.S.C. § 1331 and 28 U.S.C. § 1343, this Court has been given original jurisdiction over actions which arise from the Defendant's violations of Title III of the Americans with Disabilities Act, 42 U.S.C. § 12181 et seq. See also 28 U.S.C. § 2201 and § 2202.

6.    Plaintiff Bonnie Kramer is a Ohio resident, is sui juris, and qualifies as an individual with disabilities as defined by the ADA. Bonnie Kramer has visited the property which forms the basis of this lawsuit and plans to return to the property to avail himself of the goods and services offered to the public at the property. The Plaintiff has encountered architectural barriers at the subject property. The barriers to access at the property have endangered his safety. The Plaintiff is also a member of the Plaintiff organization, DISABLED PATRIOTS OF AMERICA, INC., discussed below in paragraph 7.

7.    Plaintiff DISABLED PATRIOTS OF AMERICA, INC., is a nonprofit Florida corporation. Members of this organization include individuals with disabilities as defined by the ADA, and are representative of a cross-section of the disabilities to be protected from discrimination by the ADA. The purpose of this organization is to represent the interest of its members by assuring places of public accommodation are accessible to and usable by the disabled and that its members are not discriminated against because of their disabilities.

2

DISABLED PATRIOTS OF AMERICA, INC. and its members have suffered and will continue to suffer direct and indirect injury as a result of the Defendant's discrimination until the Defendant is compelled to comply with the requirements of the ADA. One or more of its members has suffered an injury that would allow it to bring suit in its own right. DISABLED PATRIOTS OF AMERICA, INC. has also been discriminated against because of its association with its disabled members and their claims.

8.   Defendant owns, leases, leases to, or operates a place of public accommodation as defined by the ADA and the regulations implementing the ADA, 28 CFR 36.201(a) and 36.104. Defendant is responsible for complying with the obligations of the ADA. The place of public accommodation that the Defendant owns, operates, leases or leases to is known as North Park Mall, and is located at 270 W. North Ave., Villa Park, IL 60191-110.

9.   DISABLED PATRIOTS OF AMERICA, INC. and Bonnie Kramer have a realistic, credible, existing and continuing threat of discrimination from the Defendant's non-compliance with the ADA with respect to this property as described but not necessarily limited to the allegations in paragraph 11 of this complaint. Plaintiffs have reasonable grounds to believe that they will continue to be subjected to discrimination in violation of the ADA by the Defendant. Bonnie Kramer desires to visit North Park Mall not only to avail himself of the goods and services available at the property but to assure himself that this property is in compliance with the ADA so that he and others similarly situated will have full and equal enjoyment of the property without fear of discrimination.

10.   The Defendant has discriminated against the individual Plaintiff and members of the corporate Plaintiff organization by denying them access to, and full and equal enjoyment of,

3

the goods, services, facilities, privileges, advantages and/or accommodations of the buildings, as prohibited by 42 U.S.C. § 12182 et seq.

11.   The Defendant has discriminated, and is continuing to discriminate, against the Plaintiff in violation of the ADA by failing to, inter alia, have accessible facilities by January 26, 1992 (or January 26, 1993, if Defendant has 10 or fewer employees and gross receipts of $500,000 or less). A preliminary inspection of North Park Mall has shown that violations exist. These violations include, but are not limited to:

**Parking**

A.   The required number of designated accessible parking spaces and/or elements are not provided in violation of Sections 4.1.2 and 4.6.4 of the ADAAG whose resolution is readily achievable.

B.   The accessible parking spaces are not located closest to the accessible entrances, improperly dispersed and marked as per US Code 23, Section 109 D (striped in white and prominently outlined in blue), and in violation of Section 4.6.2 of the ADAAG whose resolution is readily achievable.

C.   Some of the accessible spaces do not provide signs designating the disabled use spaces, in violation of Section 4.6.4 of the ADAAG whose resolution is readily achievable.

D.   Where posted, signage at some of the designated accessible parking spaces are not mounted at sufficient heights in violation of section 4.6.4 of the ADAAG whose resolution is readily achievable.

E.   Some of the disabled use spaces do not have clear and level access aisles provided, violating Sections 4.1.2, and 4.6.3 of the ADAAG whose resolution is readily achievable.

**Entrance Access and Path of Travel**

A.   There are curb ramps at the facility that project into vehicular areas and/or contain excessive slopes, side slopes or cross slopes in violation of Sections 4.7.2, 4.7.5, 4.7.6, and 4.7.9 of the ADAAG whose resolution is readily achievable.

4

B.  There are no proper handrails provided for the ramps to the facility, in violation of Section 4.8.5 of the ADAAG whose resolution is readily achievable.

C.  A level landing is not provided at the accessible entrance and/or there are rises at the thresholds of the entrances at the facility are in excess of 1/2 of an inch, violating Sections 4.13.6, 4.5.2 and 4.13.8 of the ADAAG whose resolution is readily achievable.

D.  The clear width and/or maneuvering clearances at doors to the facility are less than the prescribed minimums, in violation of Sections 4.13.5 and 4.13.6 of the ADAAG whose resolution is readily achievable.

**Access to Goods and Services**

A.  There are counters throughout the facility in excess of 36", in violation of Section 7.2(1) of the ADAAG whose resolution is readily achievable.

B.  There are permanently designated interior spaces without proper signage in violation of Section 4.1.2 and 4.30 of the ADAAG whose resolution is readily achievable.

C.  Signage is not provided at the accessible check-out aisle violating Section 7.3 of the ADAAG whose resolution is readily achievable.

**Restrooms**

A.  The clear floor space provided in the restroom violates the provisions of Sections 4.2.1, 4.18.3 and 4.22 of the ADAAG whose resolution is readily achievable.

B.  The grab-bars in the toilet room stalls do not comply with the requirements prescribed in Sections 4.17.6 and 4.26 of the ADAAG whose resolution is readily achievable.

C.  The toilet stalls provided for public use at the facility are in violation of Section 4.17 of the ADAAG whose resolution is readily achievable.

D.  The water closets that are provided for public use at the facility violate the provisions of Section 4.16 of the ADAAG whose resolution is readily achievable.

E.  There are dispensers provided for pubic use in the restroom, with controls outside the ranges prescribed in Section 4.27 of the ADAAG whose resolution is readily achievable.

F.     There are urinals provided for public use that do not comply with the standards set forth in Section 4.18 of the ADAAG whose resolution is readily achievable.

G.     There are exposed pipes in restrooms at the facility, violating of Section 4.19.4 of the ADAAG whose resolution is readily achievable.

H.     The mirrors provided for public use in the restroom are in violation of the requirements in Section 4.19 of the ADAAG whose resolution is readily achievable.

I.     There restroom does not provide the required amenities for public use violating the provisions of the ADAAG whose resolution is readily achievable.

12.    The discriminatory violations described in paragraph 11 are not an exclusive list of the Defendant's ADA violations. Plaintiffs require the inspection of the Defendant's place of public accommodation in order to photograph and measure all of the discriminatory acts violating the ADA and all of the barriers to access. The individual Plaintiff, the members of the Plaintiff group, and all other individuals similarly situated, have been denied access to, and have been denied the benefits of services, programs and activities of the Defendant's buildings and its facilities, and have otherwise been discriminated against and damaged by the Defendant because of the Defendant's ADA violations, as set forth above. The individual Plaintiff, the members of the Plaintiff group and all others similarly situated will continue to suffer such discrimination, injury and damage without the immediate relief provided by the ADA as requested herein. In order to remedy this discriminatory situation, the Plaintiff requires an inspection of the Defendant's place of public accommodation in order to determine all of the areas of non-compliance with the Americans with Disabilities Act.

13.    Defendant has discriminated against the individual and corporate Plaintiffs by denying them

6

access to full and equal enjoyment of the goods, services, facilities, privileges, advantages
and/or accommodations of its place of public accommodation or commercial facility in
violation of 42 U.S.C. § 12181 et seq. and 28 CFR 36.302 et seq. Furthermore, the
Defendant continues to discriminate against the Plaintiff, and all those similarly situated by
failing to make reasonable modifications in policies, practices or procedures, when such
modifications are necessary to afford all offered goods, services, facilities, privileges,
advantages or accommodations to individuals with disabilities; and by failing to take such
efforts that may be necessary to ensure that no individual with a disability is excluded, denied
services, segregated or otherwise treated differently than other individuals because of the
absence of auxiliary aids and services.

14.     Plaintiffs are without adequate remedy at law and are suffering irreparable harm. Plaintiffs
        have retained the undersigned counsel and are entitled to recover attorney's fees, costs and
        litigation expenses from the Defendant pursuant to 42 U.S.C. § 12205 and 28 CFR 36.505.

15.     Defendant is required to remove the existing architectural barriers to the physically disabled
        when such removal is readily achievable for its place of public accommodation that have
        existed prior to January 26, 1992, 28 CFR 36.304(a); in the alternative, if there has been an
        alteration to Defendant's place of public accommodation since January 26, 1992, then the
        Defendant is required to ensure to the maximum extent feasible, that the altered portions of
        the facility are readily accessible to and useable by individuals with disabilities, including
        individuals who use wheelchairs, 28 CFR 36.402; and finally, if the Defendant's facility is
        one which was designed and constructed for first occupancy subsequent to January 26, 1993,
        as defined in 28 CFR 36.401, then the Defendant's facility must be readily accessible to and

7

useable by individuals with disabilities as defined by the ADA.

16.    Notice to Defendant is not required as a result of the Defendant's failure to cure the

violations by January 26, 1992 (or January 26, 1993, if Defendant has 10 or fewer employees

and gross receipts of $500,000 or less). All other conditions precedent have been met by

Plaintiffs or waived by the Defendant.

17.    Pursuant to 42 U.S.C. § 12188, this Court is provided with authority to grant Plaintiffs

Injunctive Relief, including an order to require the Defendant to alter North Park Mall to

make those facilities readily accessible and useable to the Plaintiffs and all other persons

with disabilities as defined by the ADA; or by closing the facility until such time as the

Defendant cures its violations of the ADA.

**WHEREFORE,** Plaintiffs respectfully request:

a.    The Court issue a Declaratory Judgment that determines that the Defendant at the

commencement of the subject lawsuit is in violation of Title III of the Americans

with Disabilities Act, 42 U.S.C. § 12181 et seq.

b.    Injunctive relief against the Defendant including an order to make all readily

achievable alterations to the facility; or to make such facility readily accessible to and

usable by individuals with disabilities to the extent required by the ADA; and to

require the Defendant to make reasonable modifications in policies, practices or

procedures, when such modifications are necessary to afford all offered goods,

services, facilities, privileges, advantages or accommodations to individuals with

disabilities; and by failing to take such stops that may be necessary to ensure that no

individual with a disability is excluded, denied services, segregated or otherwise

8

treated differently than other individuals because of the absence of auxiliary aids and services.

c.     An award of attorney's fees, costs and litigation expenses pursuant to 42 U.S.C. § 12205.

d.     Such other relief as the Court deems just and proper, and/or is allowable under Title III of the Americans with Disabilities Act.

Respectfully Submitted,

Thomas B. Bacon, Esquire
FULLER, FULLER & ASSOCIATES, P.A.
Co-Counsel for Plaintiffs
12000 Biscayne Blvd., Suite 609
North Miami, FL 33181
(305) 891-5199
(305) 893-9505 - Facsimile
tbb@fullerfuller.com

By: _____
       Thomas B. Bacon, Esq. (IL 139262)

Date: __11/13/07__

and

Jerome G. Silbert, Esquire
JEROME G. SILBERT, ATTORNEY AT LAW
Co-Counsel for Plaintiffs
10 S. Riverside Dr., Suite 1020
Chicago, IL 60606
(312) 207-0181
(312) 207-1332 - Facsimile

By: _____
       Jerome G. Silbert, Esq. (IL 13600)

Date: __11/14/07__

9

UNITED STATES DISTRICT COURT **FILED**
NORTHERN DISTRICT OF ILLINOIS

NOV X 8 2007
NOV X 8 2007
MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

DISABLED PATRIOTS OF AMERICA, INC., :
a Florida not for profit corporation, and
BONNIE KRAMER Individually,                    :

            Plaintiffs,                              :
vs.                                                    :     07cv6362
                                                       :     JUDGE LEFKOW
TOWN & COUNTRY CHICAGO                   :     MAG. JUDGE VALDEZ
ASSOCIATES, LLC, A Foreign Limited        :
Liability Company,                                 :

            Defendant.                              :
_____/

## COMPLAINT
(Injunctive Relief Demanded)

Plaintiffs, DISABLED PATRIOTS OF AMERICA, INC., a Florida not for profit corporation, and BONNIE KRAMER, Individually, on their behalf and on behalf of all other individuals similarly situated, (sometimes referred to as "Plaintiff" or "Plaintiffs"), hereby sue the Defendant, TOWN & COUNTRY CHICAGO ASSOCIATES, LLC, A Foreign Limited Liability Company, (sometimes referred to as "Defendant"), for Injunctive Relief, and attorney's fees, litigation expenses, and costs pursuant to the Americans with Disabilities Act, 42 U.S.C. § 12181 et seq. ("ADA").

    1.    Plaintiff, BONNIE KRAMER, is an individual residing in Cleveland Ohio. Ms. Kramer suffers from multiple sclerosis and is bound to a wheelchair to ambulate.

    2.    Plaintiff, DISABLED PATRIOTS OF AMERICA, INC., is a non-profit corporation formed under the laws of the State of Florida. DISABLED

1

PATRIOTS OF AMERICA, INC. maintains its principal office at 702 North E Street, Lake Worth, FL 33460, in the County of Palm Beach.

3.    Defendant's property, Town And Country Center, 445 E. Palantine Rd., Arlington Heights, Illinois, is located in the County of Cook.

4.    Venue is properly located in the [court] because venue lies in the judicial district of the property situs. The Defendant's property is located in and does business within this judicial district.

5.    Pursuant to 28 U.S.C. § 1331 and 28 U.S.C. § 1343, this Court has been given original jurisdiction over actions which arise from the Defendant's violations of Title III of the Americans with Disabilities Act, 42 U.S.C. § 12181 et seq. See also 28 U.S.C. § 2201 and § 2202.

6.    Plaintiff BONNIE KRAMER is an Ohio resident, is sui juris, and qualifies as an individual with disabilities as defined by the ADA. BONNIE KRAMER travels to the Chicago area several times each year to visit her adult son. While in the Chicago area, Ms. Kramer stays in area hotels, shops in area stores, visits theaters and tourist attractions. Ms. Kramer also is an advocate for similarly situated disabled persons and monitors places of public accommodation to determine whether they are in conformity with the ADA. BONNIE KRAMER has visited the property which forms the basis of this lawsuit and plans to return to the property to avail herself of the goods and services offered to the public at the property and to determine whether it has removed its discriminatory barriers and come into compliance with the ADA. The Plaintiff has encountered architectural barriers at the subject property. The barriers to access at the property have

2

endangered her safety.    The Plaintiff is also a member of the Plaintiff organization, DISABLED PATRIOTS OF AMERICA, INC., discussed below in paragraph 7.

7.    Plaintiff DISABLED PATRIOTS OF AMERICA, INC., is a nonprofit Florida corporation. Members of this organization include individuals with disabilities as defined by the ADA, and are representative of a cross-section of the disabilities to be protected from discrimination by the ADA. The purpose of this organization is to represent the interest of its members by assuring places of public accommodation are accessible to and usable by the disabled and that its members are not discriminated against because of their disabilities.    DISABLED PATRIOTS OF AMERICA, INC. and its members have suffered and will continue to suffer direct and indirect injury as a result of the Defendant's discrimination until the Defendant is compelled to comply with the requirements of the ADA. One or more of its members has suffered an injury that would allow it to bring suit in its own right. DISABLED PATRIOTS OF AMERICA, INC. has also been discriminated against because of its association with its disabled members and their claims.

8.    Defendant owns, leases, leases to, or operates a place of public accommodation as defined by the ADA and the regulations implementing the ADA, 28 CFR 36.201(a) and 36.104.    Defendant is responsible for complying with the obligations of the ADA. The place of public accommodation that the Defendant owns, operates, leases or leases to is known as Town And Country Center, 445 E. Palantine Rd., Arlington Heights, Illinois.

3

9.    DISABLED PATRIOTS OF AMERICA, INC. and BONNIE KRAMER have a realistic, credible, existing and continuing threat of discrimination from the Defendant's non-compliance with the ADA with respect to this property as described but not necessarily limited to the allegations in paragraph 11 of this complaint. Plaintiffs have reasonable grounds to believe that they will continue to be subjected to discrimination in violation of the ADA by the Defendant. BONNIE KRAMER desires to visit Town And Country Center not only to avail herself of the goods and services available at the property but to assure herself that this property is in compliance with the ADA so that she and others similarly situated will have full and equal enjoyment of the property without fear of discrimination.    Plaintiff intends to return to the subject property, but for its discriminatory barriers and, at present, the discriminatory barriers prevent Plaintiff from returning to the property to fully enjoy the goods and services available.

10.    The Defendant has discriminated against the individual Plaintiff and members of the corporate Plaintiff organization by denying them access to, and full and equal enjoyment of, the goods, services, facilities, privileges, advantages and/or accommodations of the buildings, as prohibited by 42 U.S.C. § 12182 et seq.

11.    The Defendant has discriminated, and is continuing to discriminate, against the Plaintiff in violation of the ADA by failing to, inter alia, have accessible facilities by January 26, 1992 (or January 26, 1993, if Defendant has 10 or fewer employees and gross receipts of $500,000 or less). A preliminary inspection of

4

Town And Country Center has shown that violations exist. BONNIE KRAMER

is aware of these violations. These violations include, but are not limited to:

### Parking

1.  Some of the accessible spaces do not provide signs designating the disabled use spaces, in violation of Section 4.6.4 of the ADAAG whose resolution is readily achievable.

2.  Where posted, signage at some of the designated accessible parking spaces are not mounted at sufficient heights in violation of section 4.6.4 of the ADAAG whose resolution is readily achievable.

3.  The disabled use spaces do not have clear and level access aisles provided, violating Sections 4.1.2, and 4.6.3 of the ADAAG whose resolution is readily achievable.

4.  The disabled use spaces and/or unloading areas are located on a slope in violation of Section 4.6.3 and 4.6.6 of the ADAAG whose resolution is readily achievable.

### Entrance Access and Path of Travel

1.  There are no accessible routes from the street, sidewalk and parking areas. There are violations of the requirements in Sections 4.3.2, 4.5.2, 4.7.1 and 4.8.2 of the ADAAG whose resolution is readily achievable.

2.  There are ramps at the facility that do not have level landings and/or contain excessive slopes or cross slopes in violation of Section 4.8.2, 4.8.4 and 4.8.6 of the ADAAG whose resolution is readily achievable.

3.  There are no proper handrails provided for the ramps to the facility, in violation of Section 4.8.5 of the ADAAG whose resolution is readily achievable.

4.  There are curb ramps at the facility that project into vehicular areas and/or contain excessive slopes, side slopes or cross slopes in violation of Sections 4.7.2, 4.7.5, 4.7.6, and 4.7.9 of the ADAAG whose resolution is readily achievable.

5.  There are changes in levels of greater than ½ inch, violating Section 4.3.8 of the ADAAG whose resolution is readily achievable.

### Access to Goods and Services

1.  There are counters throughout the facility in excess of 36", in violation of Section 7.2(1) of the ADAAG whose resolution is readily achievable.

2.  There are restrooms for public use at the facility without the required disabled use elements, in violation of several Sections of the ADAAG whose resolution is readily achievable.

3.  There are vending machines for public use at the facility without the required disabled use elements, in violation of several Sections of the ADAAG whose resolution is readily achievable.

## Restrooms

1.  There are exposed pipes in restrooms at the facility, violating of Section 4.19.4 of the ADAAG whose resolution is readily achievable.

2.  The clear floor space provided in the restroom violates the provisions of Sections 4.2.1, 4.18.3 and 4.22 of the ADAAG whose resolution is readily achievable.

3.  The grab-bars in the toilet room stalls do not comply with the requirements prescribed in Sections 4.17.6 and 4.26 of the ADAAG whose resolution is readily achievable.

4.  There are urinals provided for public use that do not comply with the standards set forth in Section 4.18 of the ADAAG whose resolution is readily achievable.

5.  The toilet stalls provided for public use at the facility are in violation of Section 4.17 of the ADAAG whose resolution is readily achievable.

6.  The water closets that are provided for public use at the facility violate the provisions of Section 4.16 of the ADAAG whose resolution is readily achievable.

7.  The mirrors provided for public use in the restroom are in violation of the requirements in Section 4.19 of the ADAAG whose resolution is readily achievable.

8.  There are dispensers provided for pubic use in the restroom, with controls outside the ranges prescribed in Section 4.27 of the ADAAG whose resolution is readily achievable.

6

9. There is a changing area provided for public use that does not comply with the requirements of the ADAAG whose resolution is readily achievable.

10. There are amenities provided for public use that do not comply with the requirements of the ADAAG whose resolution is readily achievable.

12.   The discriminatory violations described in paragraph 11 are not an exclusive list of the Defendant's ADA violations. Plaintiffs require the inspection of the Defendant's place of public accommodation in order to photograph and measure all of the discriminatory acts violating the ADA and all of the barriers to access. The individual Plaintiff, the members of the Plaintiff group, and all other individuals similarly situated, have been denied access to, and have been denied the benefits of services, programs and activities of the Defendant's buildings and its facilities, and have otherwise been discriminated against and damaged by the Defendant because of the Defendant's ADA violations, as set forth above. The individual Plaintiff, the members of the Plaintiff group and all others similarly situated will continue to suffer such discrimination, injury and damage without the immediate relief provided by the ADA as requested herein. In order to remedy this discriminatory situation, the Plaintiff requires an inspection of the Defendant's place of public accommodation in order to determine all of the areas of non-compliance with the Americans with Disabilities Act.

13.   Defendant has discriminated against the individual and corporate Plaintiffs by denying them access to full and equal enjoyment of the goods, services, facilities, privileges, advantages and/or accommodations of its place of public accommodation or commercial facility in violation of 42 U.S.C. § 12181 et seq.

7

and 28 CFR 36.302 et seq. Furthermore, the Defendant continues to discriminate against the Plaintiff, and all those similarly situated by failing to make reasonable modifications in policies, practices or procedures, when such modifications are necessary to afford all offered goods, services, facilities, privileges, advantages or accommodations to individuals with disabilities; and by failing to take such efforts that may be necessary to ensure that no individual with a disability is excluded, denied services, segregated or otherwise treated differently than other individuals because of the absence of auxiliary aids and services.

14.     Plaintiffs are without adequate remedy at law and are suffering irreparable harm. Plaintiffs have retained the undersigned counsel and are entitled to recover attorney's fees, costs and litigation expenses from the Defendant pursuant to 42 U.S.C. § 12205 and 28 CFR 36.505.

15.     Defendant is required to remove the existing architectural barriers to the physically disabled when such removal is readily achievable for its place of public accommodation that has existed prior to January 26, 1992, 28 CFR 36.304(a); in the alternative, if there has been an alteration to Defendant's place of public accommodation since January 26, 1992, then the Defendant is required to ensure to the maximum extent feasible, that the altered portions of the facility are readily accessible to and useable by individuals with disabilities, including individuals who use wheelchairs, 28 CFR 36.402; and finally, if the Defendant's facility is one which was designed and constructed for first occupancy subsequent to January 26, 1993, as defined in 28 CFR 36.401, then the Defendant's facility must

8

be readily accessible to and useable by individuals with disabilities as defined by the ADA.

16. Notice to Defendant is not required as a result of the Defendant's failure to cure the violations by January 26, 1992 (or January 26, 1993, if Defendant has 10 or fewer employees and gross receipts of $500,000 or less). All other conditions precedent have been met by Plaintiffs or waived by the Defendant.

17. Pursuant to 42 U.S.C. § 12188, this Court is provided with authority to grant Plaintiffs Injunctive Relief, including an order to require the Defendant to alter Century Shopping Center to make those facilities readily accessible and useable to the Plaintiffs and all other persons with disabilities as defined by the ADA; or by closing the facility until such time as the Defendant cures its violations of the ADA.

**WHEREFORE,** Plaintiffs respectfully request:

a. The Court issue a Declaratory Judgment that determines that the Defendant at the commencement of the subject lawsuit is in violation of Title III of the Americans with Disabilities Act, 42 U.S.C. § 12181 et seq.

b. Injunctive relief against the Defendant including an order to make all readily achievable alterations to the facility; or to make such facility readily accessible to and usable by individuals with disabilities to the extent required by the ADA; and to require the Defendant to make reasonable modifications in policies, practices or procedures, when such modifications are necessary to afford all offered goods, services, facilities, privileges, advantages or accommodations to individuals with

9

disabilities; and by failing to take such stops that may be necessary to ensure that no individual with a disability is excluded, denied services, segregated or otherwise treated differently than other individuals because of the absence of auxiliary aids and services.

c. An award of attorney's fees, costs and litigation expenses pursuant to 42 U.S.C. § 12205.

d. Such other relief as the Court deems just and proper, and/or is allowable under Title III of the Americans with Disabilities Act.

Respectfully Submitted,

Jonathan E. Lerner, Esq.
P.O. Box 694
Wilmette, IL 60091
847-271-2360
fx 847-256-3038
email jlernerlaw@aol.com
Ill Bar. Id No. 1622242

Thomas B. Bacon
Attorney-At-Law
1515 Grant St.
Hollywood, FL 33020
baconlaw@bellsouth.net
ph. (954) 925-6488
fax (954) 237-5506

By: _____
Thomas B. Bacon, Esq.

Date: _10_/_29_/_07_

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

**FILED**

**JANUARY 2, 2008**
MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

DISABLED PATRIOTS OF AMERICA, INC., a : 
Florida Non Profit Corporation, and BONNIE :
KRAMER, Individually, :
:
               Plaintiffs, :   Case No.  **PH**
:
v. :   Magistrate Judge
:
OAKBROOK SHOPPING CENTER, LLC, a :
Delaware Limited Liability Company, :
:
               Defendant. :
_____/ :

**08 C 14**

**JUDGE LEINENWEBER
MAGISTRATE JUDGE MASON**

## COMPLAINT
(Injunctive Relief Demanded)

Plaintiffs, DISABLED PATRIOTS OF AMERICA, INC., a Florida Non Profit Corporation, and BONNIE KRAMER, Individually, on their behalf and on behalf of all other individuals similarly situated, (sometimes referred to as "Plaintiff" or "Plaintiffs"), hereby sue the Defendant, OAKBROOK SHOPPING CENTER, LLC, a Delaware Limited Liability Company, (sometimes referred to as "Defendant"), for Injunctive Relief, and attorney's fees, litigation expenses, and costs pursuant to the Americans with Disabilities Act, 42 U.S.C. § 12181 et seq. ("ADA").

1.    Plaintiff, DISABLED PATRIOTS OF AMERICA, INC., is a non-profit corporation formed under the laws of the State of Florida. DISABLED PATRIOTS OF AMERICA, INC. maintains its principal office at 702 North E. Street, Lake Worth, FL 33460, in the County of Palm Beach.

2.    Defendant's property, Oakbrook Center Mall, is located at 100 Oakbrook Center, Oak Brook, IL 60523-1838, in the County of Cook.

3.    Venue is properly located in the Northern District of Illinois because venue lies in the judicial district of the property situs. The Defendant's property is located in and does business within this judicial district.

4.    Pursuant to 28 U.S.C. § 1331 and 28 U.S.C. § 1343, this Court has been given original jurisdiction over actions which arise from the Defendant's violations of Title III of the Americans with Disabilities Act, 42 U.S.C. § 12181 et seq. See also 28 U.S.C. § 2201 and § 2202.

5.    Plaintiff Bonnie Kramer is an Ohio resident, is sui juris, and qualifies as an individual with disabilities as defined by the ADA. Bonnie Kramer has visited the property which forms the basis of this lawsuit and plans to return to the property to avail herself of the goods and services offered to the public at the property, and to determine whether the property has been made ADA compliant. The Plaintiff has encountered architectural barriers at the subject property. The barriers to access at the property have endangered her safety. The Plaintiff is also a member of the Plaintiff organization, DISABLED PATRIOTS OF AMERICA, INC., discussed below in paragraph 6.

6.    Plaintiff DISABLED PATRIOTS OF AMERICA, INC., is a nonprofit Florida corporation. Members of this organization include individuals with disabilities as defined by the ADA, and are representative of a cross-section of the disabilities to be protected from discrimination by the ADA. The purpose of this organization is to represent the interest of its members by assuring places of public accommodation are accessible to and usable by the disabled and that its members are not discriminated against because of their disabilities. DISABLED PATRIOTS OF AMERICA, INC. and its members have suffered and will

2

continue to suffer direct and indirect injury as a result of the Defendant's discrimination until the Defendant is compelled to comply with the requirements of the ADA. One or more of its members has suffered an injury that would allow it to bring suit in its own right. DISABLED PATRIOTS OF AMERICA, INC. has also been discriminated against because of its association with its disabled members and their claims.

7.    Defendant owns, leases, leases to, or operates a place of public accommodation as defined by the ADA and the regulations implementing the ADA, 28 CFR 36.201(a) and 36.104. Defendant is responsible for complying with the obligations of the ADA. The place of public accommodation that the Defendant owns, operates, leases or leases to is known as Oakbrook Center Mall, and is located at 100 Oakbrook Center, Oak Brook, IL 60523-1838.

8.    DISABLED PATRIOTS OF AMERICA, INC. and Bonnie Kramer have a realistic, credible, existing and continuing threat of discrimination from the Defendant's non-compliance with the ADA with respect to this property as described but not necessarily limited to the allegations in paragraph 10 of this Complaint. Plaintiffs have reasonable grounds to believe that they will continue to be subjected to discrimination in violation of the ADA by the Defendant. Bonnie Kramer desires to visit Oakbrook Center Mall not only to avail herself of the goods and services available at the property but to assure herself that this property is in compliance with the ADA so that she and others similarly situated will have full and equal enjoyment of the property without fear of discrimination.

9.    The Defendant has discriminated against the individual Plaintiff and members of the corporate Plaintiff organization by denying them access to, and full and equal enjoyment of, the goods, services, facilities, privileges, advantages and/or accommodations of the

3

buildings, as prohibited by 42 U.S.C. § 12182 et seq.

10.   The Defendant has discriminated, and is continuing to discriminate, against the Plaintiff in

violation of the ADA by failing to, inter alia, have accessible facilities by January 26, 1992

(or January 26, 1993, if Defendant has 10 or fewer employees and gross receipts of $500,000

or less). A preliminary inspection of Oakbrook Center Mall has shown that violations exist.

These violations include, but are not limited to:

### Parking

A.    Where posted, signage at some of the designated accessible parking spaces are not mounted at sufficient heights in violation of section 4.6.4 of the ADAAG whose resolution is readily achievable.

B.    The disabled use parking spaces and/or unloading areas are located on a slope or cross slope in violation of Section 4.6.3 and 4.6.6 of the ADAAG whose resolution is readily achievable.

### Entrance Access and Path of Travel

A.    There are changes in levels of greater than ½ inch, violating Section 4.3.8 of the ADAAG whose resolution is readily achievable.

B.    There are curb ramps at the facility that project into vehicular areas and/or contain excessive slopes, side slopes or cross slopes in violation of Sections 4.7.2, 4.7.5, 4.7.6, and 4.7.9 of the ADAAG whose resolution is readily achievable.

C.    There are ramps at the facility that do not have level landings and/or contain excessive slopes or cross slopes in violation of Section 4.8.2, 4.8.4 and 4.8.6 of the ADAAG whose resolution is readily achievable.

D.    There are no proper handrails provided for the ramps to the facility, in violation of Section 4.8.5 of the ADAAG whose resolution is readily achievable.

E.    There are stairs provided at the facility that do not comply with the standards prescribed in Section 4.9 of the ADAAG whose resolution is readily achievable.

F.    A level landing is not provided at the accessible entrance and/or there are rises at the

thresholds of the entrances at the facility are in excess of 1/2 of an inch, violating Sections 4.13.6, 4.5.2 and 4.13.8 of the ADAAG whose resolution is readily achievable.

G.    The clear width and/or maneuvering clearances at doors to the facility are less than the prescribed minimums, in violation of Sections 4.13.5 and 4.13.6 of the ADAAG whose resolution is readily achievable.

H.    There are interior doors of the building that exceed the maximum force of 5 lb to open in violation of Section 4.13.11 of the ADAAG whose resolution is readily achievable.

## Access to Goods and Services

A.    There are counters throughout the facility in excess of 36", in violation of Section 7.2(1) of the ADAAG whose resolution is readily achievable.

B.    There is fixed or built in seating provided at the facility that does not comply with the standards prescribed in Section 4.32 of the ADAAG whose resolution is readily achievable.

C.    There are protruding objects present throughout the facility, in violation of Section 4.4 of ADAAG whose resolution is readily achievable.

## Restrooms

A.    The clear floor space provided in the restroom violates the provisions of Sections 4.2.1, 4.18.3 and 4.22 of the ADAAG whose resolution is readily achievable.

B.    The water closets that are provided for public use at the facility violate the provisions of Section 4.16 of the ADAAG whose resolution is readily achievable.

C.    The grab-bars in the restrooms do not comply with the requirements prescribed in Sections 4.16.4 and 4.26 of the ADAAG whose resolution is readily achievable.

D.    There are dispensers provided for pubic use in the restroom, with controls outside the ranges prescribed in Section 4.27 of the ADAAG whose resolution is readily achievable.

E.    There are urinals provided for public use that do not comply with the standards set forth in Section 4.18 of the ADAAG whose resolution is readily achievable.

F.    There are exposed pipes in restrooms at the facility, violating of Section 4.19.4 of the

ADAAG whose resolution is readily achievable.

G.    The mirrors provided for public use in the restroom are in violation of the requirements in Section 4.19 of the ADAAG whose resolution is readily achievable.

11.    The discriminatory violations described in paragraph 10 are not an exclusive list of the Defendant's ADA violations.  Plaintiffs require the inspection of the Defendant's place of public accommodation in order to photograph and measure all of the discriminatory acts violating the ADA and all of the barriers to access.  The individual Plaintiff, the members of the Plaintiff group, and all other individuals similarly situated, have been denied access to, and have been denied the benefits of services, programs and activities of the Defendant's buildings and its facilities, and have otherwise been discriminated against and damaged by the Defendant because of the Defendant's ADA violations, as set forth above.  The individual Plaintiff, the members of the Plaintiff group and all others similarly situated will continue to suffer such discrimination, injury and damage without the immediate relief provided by the ADA as requested herein.  In order to remedy this discriminatory situation, the Plaintiff requires an inspection of the Defendant's place of public accommodation in order to determine all of the areas of non-compliance with the Americans with Disabilities Act.

12.    Defendant has discriminated against the individual and corporate Plaintiffs by denying them access to full and equal enjoyment of the goods, services, facilities, privileges, advantages and/or accommodations of its place of public accommodation or commercial facility in violation of 42 U.S.C. § 12181 et seq. and 28 CFR 36.302 et seq.  Furthermore, the Defendant continues to discriminate against the Plaintiff, and all those similarly situated by

6

failing to make reasonable modifications in policies, practices or procedures, when such modifications are necessary to afford all offered goods, services, facilities, privileges, advantages or accommodations to individuals with disabilities; and by failing to take such efforts that may be necessary to ensure that no individual with a disability is excluded, denied services, segregated or otherwise treated differently than other individuals because of the absence of auxiliary aids and services.

13.    Plaintiffs are without adequate remedy at law and are suffering irreparable harm. Plaintiffs have retained the undersigned counsel and are entitled to recover attorney's fees, costs and litigation expenses from the Defendant pursuant to 42 U.S.C. § 12205 and 28 CFR 36.505.

14.    Defendant is required to remove the existing architectural barriers to the physically disabled when such removal is readily achievable for its place of public accommodation that have existed prior to January 26, 1992, 28 CFR 36.304(a); in the alternative, if there has been an alteration to Defendant's place of public accommodation since January 26, 1992, then the Defendant is required to ensure to the maximum extent feasible, that the altered portions of the facility are readily accessible to and useable by individuals with disabilities, including individuals who use wheelchairs, 28 CFR 36.402; and finally, if the Defendant's facility is one which was designed and constructed for first occupancy subsequent to January 26, 1993, as defined in 28 CFR 36.401, then the Defendant's facility must be readily accessible to and useable by individuals with disabilities as defined by the ADA.

15.    Notice to Defendant is not required as a result of the Defendant's failure to cure the violations by January 26, 1992 (or January 26, 1993, if Defendant has 10 or fewer employees and gross receipts of $500,000 or less). All other conditions precedent have been met by

7

Plaintiffs or waived by the Defendant.

16. Pursuant to 42 U.S.C. § 12188, this Court is provided with authority to grant Plaintiffs Injunctive Relief, including an order to require the Defendant to alter Oakbrook Center Mall to make those facilities readily accessible and useable to the Plaintiffs and all other persons with disabilities as defined by the ADA; or by closing the facility until such time as the Defendant cures its violations of the ADA.

**WHEREFORE,** Plaintiffs respectfully request:

a. The Court issue a Declaratory Judgment that determines that the Defendant at the commencement of the subject lawsuit is in violation of Title III of the Americans with Disabilities Act, 42 U.S.C. § 12181 et seq.

b. Injunctive relief against the Defendant including an order to make all readily achievable alterations to the facility; or to make such facility readily accessible to and usable by individuals with disabilities to the extent required by the ADA; and to require the Defendant to make reasonable modifications in policies, practices or procedures, when such modifications are necessary to afford all offered goods, services, facilities, privileges, advantages or accommodations to individuals with disabilities; and by failing to take such stops that may be necessary to ensure that no individual with a disability is excluded, denied services, segregated or otherwise treated differently than other individuals because of the absence of auxiliary aids and services.

c. An award of attorney's fees, costs and litigation expenses pursuant to 42 U.S.C. § 12205.

d.    Such other relief as the Court deems just and proper, and/or is allowable under

Title III of the Americans with Disabilities Act.

Respectfully Submitted,

Thomas B. Bacon, Esq., Esquire
FULLER, FULLER & ASSOCIATES, P.A.
Co-Counsel for Plaintiffs
12000 Biscayne Blvd., Suite 609
North Miami, FL 33181
(305) 891-5199
(305) 893-9505 - Facsimile
tbb@fullerfuller.com

By: _____

Thomas B. Bacon, Esq. (ND IL 139262)

Date: 12/24/07

and

Jerome G. Silbert, Esquire
JEROME G. SILBERT, ATTORNEY AT LAW
Co-Counsel for Plaintiffs
10 S. Riverside Plaza, Suite 1020
Chicago, IL 60606
(312) 207-0181
(312) 207-1332 - Facsimile

By: _____

Jerome G. Silbert, Esq. (IL 13600)

Date: 12/28/07

3897-Oakbrook Shopping Center, LLC Complaint Pkg (slm 12-12-07).wpd

9

**FILED**

**JANUARY 17, 2008**
MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

DISABLED PATRIOTS OF AMERICA, INC., a :
Florida Not-For-Profit Corporation, and      :
BONNIE KRAMER, Individually,                :
                                                              :
        Plaintiffs,                            :   Case No.
                                                              :
v.                                                           :   Magistrate Judge
                                                              :
STARWOOD CHICAGO TREMONT REALTY :
LLC, a Delaware Limited Liability Corporation,  :
                                                              :
        Defendant.                          :
_____ / :

# 08 C 389

**JUDGE NORDBERG**
**MAGISTRATE JUDGE KEYS**

## COMPLAINT
(Injunctive Relief Demanded)

Plaintiffs, Disabled Patriots of America, Inc., a Florida Not-For-Profit Corporation, and

Bonnie Kramer, Individually, on their behalf and on behalf of all other individuals similarly situated,

(sometimes referred to as "Plaintiff" or "Plaintiffs"), hereby sue the Defendant, Starwood Chicago

Tremont Realty LLC, a Delaware Limited Liability Corporation, (sometimes referred to as

"Defendant"), for Injunctive Relief, and attorney's fees, litigation expenses, and costs pursuant to

the Americans with Disabilities Act, 42 U.S.C. § 12181 et seq. ("ADA").

1.    Plaintiff, Disabled Patriots of America, Inc., is a Not-For-Profit Corporation formed under

      the laws of the State of Florida. Disabled Patriots of America, Inc. maintains its principal

      office at 702 North E. Street, Lake Worth, FL 33460, in the County of Palm Beach.

2.    Defendant's property, The Tremont Hotel, located at 100 E. Chestnut Street, Chicago, IL

      60611, is in Cook County.

3.    Venue is properly located in the Northern District of Illinois because venue lies in the

judicial district of the property situs. The Defendant's property is located in and does
business within this judicial district.

4.    Pursuant to 28 U.S.C. § 1331 and 28 U.S.C. § 1343, this Court has been given original
jurisdiction over actions which arise from the Defendant's violations of Title III of the
Americans with Disabilities Act, 42 U.S.C. § 12181 et seq. See also 28 U.S.C. § 2201 and
§ 2202.

5.    Plaintiff Bonnie Kramer is sui juris and qualifies as an individual with disabilities as
defined by the ADA. Bonnie Kramer has visited the property which forms the basis of
this lawsuit and plans to return to the property to avail herself of the goods and services
offered to the public at the property, and to determine whether the property has been
made ADA compliant. The Plaintiff has encountered architectural barriers at the subject
property. The barriers to access at the property have endangered her safety. The Plaintiff
is also a member of the Plaintiff organization, Disabled Patriots of America, Inc.,
discussed below in paragraph 6.

6.    Plaintiff Disabled Patriots of America, Inc., is a Not-For-Profit Florida corporation.
Members of this organization include individuals with disabilities as defined by the ADA,
and are representative of a cross-section of the disabilities to be protected from
discrimination by the ADA. The purpose of this organization is to represent the interest of
its members by assuring places of public accommodation are accessible to and usable by the
disabled and that its members are not discriminated against because of their disabilities.
Disabled Patriots of America, Inc. and its members have suffered and will continue to suffer
direct and indirect injury as a result of the Defendant's discrimination until the Defendant
is compelled to comply with the requirements of the ADA. One or more of its members has

suffered an injury that would allow it to bring suit in its own right. Disabled Patriots of America, Inc. has also been discriminated against because of its association with its disabled members and their claims.

7.    Defendant owns, leases, leases to, or operates a place of public accommodation as defined by the ADA and the regulations implementing the ADA, 28 CFR 36.201(a) and 36.104. Defendant is responsible for complying with the obligations of the ADA. The place of public accommodation that the Defendant owns, operates, leases or leases to is known as The Tremont Hotel, and is located at 100 Chestnut Street, Chicago, IL 60611.

8.    Disabled Patriots of America, Inc. and Bonnie Kramer have a realistic, credible, existing and continuing threat of discrimination from the Defendant's non-compliance with the ADA with respect to this property as described but not necessarily limited to the allegations in paragraph 10 of this Complaint. Plaintiffs have reasonable grounds to believe that they will continue to be subjected to discrimination in violation of the ADA by the Defendant. Bonnie Kramer desires to visit The Tremont Hotel not only to avail herself of the goods and services available at the property but to assure herself that this property is in compliance with the ADA so that she and others similarly situated will have full and equal enjoyment of the property without fear of discrimination.

9.    The Defendant has discriminated against the individual Plaintiff and members of the corporate Plaintiff organization by denying them access to, and full and equal enjoyment of, the goods, services, facilities, privileges, advantages and/or accommodations of the buildings, as prohibited by 42 U.S.C. § 12182 et seq.

10.    The Defendant has discriminated, and is continuing to discriminate, against the Plaintiff in violation of the ADA by failing to, inter alia, have accessible facilities by January 26, 1992

(or January 26, 1993, if Defendant has 10 or fewer employees and gross receipts of $500,000 or less). A preliminary inspection of the Tremont Hotel has shown that violations exist. These violations include, but are not limited to:

**Entrance Access and Path of Travel**

A.      There are no accessible routes from the street, sidewalk and parking areas. These are violations of the requirements in Sections 4.3.2, 4.5.2, 4.7.1 and 4.8.2 of the ADAAG whose resolution is readily achievable.

B.      A level landing is not provided at some of the accessible entrances violating Section 4.13.6 of the ADAAG whose resolution is readily available.

C.      The doors at several of the building entrances are fitted with inaccessible hardware at the facility, in violation of Section 4.13.9 of the ADAAG whose resolution is readily achievable.

D.      The clear width and/or maneuvering clearances at doors to the facility are less than the prescribed minimums, in violation of Sections 4.13.5 and 4.13.6 of the ADAAG whose resolution is readily achievable.

E.      There are stairs provided at the facility that do not comply with the standards prescribed in Section 4.9 of the ADAAG whose resolution is readily achievable.

F.      There are elevators provided at the facility that do not comply with the standards prescribed in Section 4.10 of the ADAAG whose resolution is readily achievable.

G.      There is not a continuous path of travel connecting all essential elements of the facility, in violation of Sections 4.3.1 and 4.3.2 of the ADAAG whose resolution is readily achievable.

**Access to Goods and Services**

A.     There are permanently designated interior spaces without proper signage in violation
       of Section 4.1.2 and 4.30 of the ADAAG whose resolution is readily achievable.

B.     There are counters throughout the facility in excess of 36 inches, in violation of
       Section 7.2(1) of the ADAAG whose resolution is readily achievable.

C.     There is fixed or built in seating provided at the facility that does not comply with the
       standards prescribed in Section 4.32 of the ADAAG whose resolution is readily
       achievable.

D.     The public telephones throughout the facility do not provide the clear floor space for
       disabled patrons, in violation of Sections 4.31.1 and 4.31.2 of the ADAAG whose
       resolution is readily achievable.

**Restrooms**

A.     There are restrooms for public use at the facility without the required disabled use
       elements, in violation of several Sections of the ADAAG whose resolution is readily
       achievable.

B.     The lavatories in the restroom provided do not meet the requirements prescribed in
       Section 4.24 of the ADAAG whose resolution is readily achievable.

C.     There are exposed pipes in restrooms at the facility, violating Section 4.19.4 of the
       ADAAG whose resolution is readily achievable.

D.     There are dispensers provided for public use in the restroom, with controls outside
       the ranges prescribed in Section 4.27 of the ADAAG whose resolution is readily
       achievable.

E.     There are amenities provided for public use that do not comply with the requirements
       of the ADAAG whose resolution is readily achievable.

**Accessible Guest Rooms**

A.    There are rooms for public lodging at the facility without the required disabled use elements, in violation of several Sections of the ADAAG whose resolution is readily achievable.

B.    The rooms designated as accessible are not equipped with accessible door hardware violating Sections 4.13.9 and 9 of the ADAAG whose resolution is readily achievable.

C.    There is no clear path of travel provided between all elements in the disabled room. This is in violation of Sections 4.3 and 9 of the ADAAG whose resolution is readily achievable.

D.    There are barriers to access in the guestrooms designated for disabled use in violation of several Sections of the ADAAG, whose resolution is readily achievable.

E.    The rooms designated for disabled use do not provide a 36-inch clear floor space on both sides of the bed in violation of Section 9 of the ADAAG whose resolution is readily achievable.

F.    The rooms designated for disabled use provide elements with controls and/or dispensers outside of the required reach ranges violating Sections 4.2 and 9 of the ADAAG whose resolution is readily achievable.

G.    The fixtures in the disabled use room have controls that cannot be operated with a closed fist in violation of the ADAAG whose resolution is readily achievable.

H.    The rooms designated for disabled use do not provide elements equipped for use by the hearing and/or visually impaired violating Section 9 of the ADAAG whose resolution is readily achievable.

I.      The water closets that are provided for public use at the facility violate the provisions of Section 4.16 of the ADAAG whose resolution is readily achievable.

J.      The grab-bars in the restroom provided in the room designated as accessible do not comply with the requirements prescribed in Sections 4.17.6 and 4.26 of the ADAAG whose resolution is readily achievable.

K.      The rooms designated for disabled use do not provide a compliant roll-in shower for use by the disabled, violating Section 9 of the ADAAG whose resolution is readily achievable.

L.      The bathtub does not provide a seat as required in Section 4.20.3 of the ADAAG whose resolution is readily achievable.

M.      The sinks in the restroom provided in the room designated for disabled use do not meet the requirements prescribed in Sections 4.24 of the ADAAG whose resolution is readily achievable.

N.      The mirrors and dispensers provided in the restroom provided in the room designated as accessible are in violation of the requirements in Section 4.19 and 4.27 of the ADAAG whose resolution is readily achievable.

O.      The clear floor space provided in the restroom of the room designated for disabled use violates the provisions of Sections 4.18.3 and 4.22 of the ADAAG whose resolution is readily achievable.

11.     The discriminatory violations described in paragraph 10 are not an exclusive list of the Defendant's ADA violations. Plaintiffs require the inspection of the Defendant's place of public accommodation in order to photograph and measure all of the discriminatory acts violating the ADA and all of the barriers to access. The individual Plaintiff, the members

of the Plaintiff group, and all other individuals similarly situated, have been denied access to, and have been denied the benefits of services, programs and activities of the Defendant's buildings and its facilities, and have otherwise been discriminated against and damaged by the Defendant because of the Defendant's ADA violations, as set forth above. The individual Plaintiff, the members of the Plaintiff group and all others similarly situated will continue to suffer such discrimination, injury and damage without the immediate relief provided by the ADA as requested herein. In order to remedy this discriminatory situation, the Plaintiff requires an inspection of the Defendant's place of public accommodation in order to determine all of the areas of non-compliance with the Americans with Disabilities Act.

12.    Defendant has discriminated against the individual and corporate Plaintiffs by denying them access to full and equal enjoyment of the goods, services, facilities, privileges, advantages and/or accommodations of its place of public accommodation or commercial facility in violation of 42 U.S.C. § 12181 et seq. and 28 CFR 36.302 et seq. Furthermore, the Defendant continues to discriminate against the Plaintiff, and all those similarly situated by failing to make reasonable modifications in policies, practices or procedures, when such modifications are necessary to afford all offered goods, services, facilities, privileges, advantages or accommodations to individuals with disabilities; and by failing to take such efforts that may be necessary to ensure that no individual with a disability is excluded, denied services, segregated or otherwise treated differently than other individuals because of the absence of auxiliary aids and services.

13.    Plaintiffs are without adequate remedy at law and are suffering irreparable harm. Plaintiffs have retained the undersigned counsel and are entitled to recover attorney's fees, costs and

litigation expenses from the Defendant pursuant to 42 U.S.C. § 12205 and 28 CFR 36.505.

14.    Defendant is required to remove the existing architectural barriers to the physically disabled

when such removal is readily achievable for its place of public accommodation that have

existed prior to January 26, 1992, 28 CFR 36.304(a); in the alternative, if there has been an

alteration to Defendant's place of public accommodation since January 26, 1992, then the

Defendant is required to ensure to the maximum extent feasible, that the altered portions of

the facility are readily accessible to and useable by individuals with disabilities, including

individuals who use wheelchairs, 28 CFR 36.402; and finally, if the Defendant's facility is

one which was designed and constructed for first occupancy subsequent to January 26, 1993,

as defined in 28 CFR 36.401, then the Defendant's facility must be readily accessible to and

useable by individuals with disabilities as defined by the ADA.

15.    Notice to Defendant is not required as a result of the Defendant's failure to cure the

violations by January 26, 1992 (or January 26, 1993, if Defendant has 10 or fewer employees

and gross receipts of $500,000 or less).  All other conditions precedent have been met by

Plaintiffs or waived by the Defendant.

16.    Pursuant to 42 U.S.C. § 12188, this Court is provided with authority to grant Plaintiffs

Injunctive Relief, including an order to require the Defendant to alter the Tremont Hotel to

make those facilities readily accessible and useable to the Plaintiffs and all other persons

with disabilities as defined by the ADA; or by closing the facility until such time as the

Defendant cures its violations of the ADA.

**WHEREFORE,** Plaintiffs respectfully request:

a.    The Court issue a Declaratory Judgment that determines that the Defendant at the

commencement of the subject lawsuit is in violation of Title III of the Americans

with Disabilities Act, 42 U.S.C. § 12181 et seq.

b.    Injunctive relief against the Defendant including an order to make all readily

achievable alterations to the facility; or to make such facility readily accessible to and

usable by individuals with disabilities to the extent required by the ADA; and to

require the Defendant to make reasonable modifications in policies, practices or

procedures, when such modifications are necessary to afford all offered goods,

services, facilities, privileges, advantages or accommodations to individuals with

disabilities; and by failing to take such stops that may be necessary to ensure that no

individual with a disability is excluded, denied services, segregated or otherwise

treated differently than other individuals because of the absence of auxiliary aids and

services.

c.    An award of attorney's fees, costs and litigation expenses pursuant to 42 U.S.C.

§ 12205.

d.    Such other relief as the Court deems just and proper, and/or is allowable under

Title III of the Americans with Disabilities Act.

Respectfully Submitted,

Thomas B. Bacon, Esq., Esquire
FULLER, FULLER & ASSOCIATES, P.A.
Co-Counsel for Plaintiffs
12000 Biscayne Blvd., Suite 609
North Miami, FL 33181
(305) 891-5199
(305) 893-9505 - Facsimile
tbb@fullerfuller.com
By: /s/ Thomas B. Bacon
    Thomas B. Bacon, Esq. (ND IL 139262)
Date: 1/16/08
and
Jerome G. Silbert, Esquire

JEROME G. SILBERT, ATTORNEY AT LAW
Co-Counsel for Plaintiffs
10 S. Riverside Plaza, Suite 1020
Chicago, IL 60606
(312) 207-0181
(312) 207-1332 - Facsimile

By:___s/ Jerome G. Silbert_____
     Jerome G. Silbert, Esq. (IL 13600)
Date: 1/16/08

Complaint only.wpd