## Tom B. Bacon

**From:** Thomas B. Bacon [baconlaw@bellsouth.net]
**Sent:** Monday, December 17, 2007 11:28 AM
**To:** michael.leonard@mbtlaw.com
**Subject:** Disabled Patriots v. Town & Country

Dear Mr. Leonard,

For the above referenced action, attached hereto please find my cover letter to you, the proposed scheduling plan, magistrate consent forms, expert witness disclosures and plaintiffs' initial disclosures. Additional documents will follow by separate email.

--
Thomas B. Bacon
Attorney-At-Law
1515 Grant Street
Hollywood, FL 33020
(954) 478-7811
baconlaw@bellsouth.net



EXHIBIT C

12/17/2007

## Tom B. Bacon

**From:** Thomas B. Bacon [baconlaw@bellsouth.net]
**Sent:** Monday, December 17, 2007 11:31 AM
**To:** michael.leonard@mbtlaw.com
**Subject:** Disabled Patriots v. Town & Country

Dear Mr. Leonard,
Attached hereto please find the initial report of our expert and the resumes of our experts.
--
Thomas B. Bacon
Attorney-At-Law
1515 Grant Street
Hollywood, FL 33020
(954) 478-7811
baconlaw@bellsouth.net

12/17/2007

# THOMAS B. BACON
## ATTORNEY-AT-LAW
1515 Grant Street
Hollywood, FL 33020
ph. (954) 925-6488
fax (954) 237-5506
baconlaw@bellsouth.net

December 17, 2007

*Via email*
Michael L. Leonard, Esq.
Mecker, Bulger & Tilson, LLP
123 North Wacker Drive, Suite 1800
Chicago, IL 60606
Ph. (312) 474-7925
michael.leonard@mbtlaw.com

Re:   Disabled Patriots, Inc. and Bonnie Kramer v. TOWN & COUNTRY CHICAGO ASSOCIATES, LLC, Case No. 07-cv-6362
      Our file No. 929-IL

Dear Mr. Leonard:

Please find attached a copy of Plaintiffs' Initial Rule 26 Disclosure, Plaintiffs' Rule 26(a)2 Expert Witness Disclosure, Consent to Jurisdiction of Magistrate for Motions executed by Plaintiffs' counsel, and Consent to Jurisdiction of Magistrate for Trial executed by Plaintiffs' counsel.

Also enclosed for your review is a proposed "Rule 26(f) Report of the Parties' Meeting." Let us know if you have any suggestions for revisions or if you are in agreement with the days, advise me of same so that we may file it with the court.

To expedite the conclusion of this case, we are seeking your permission to inspect the property which is the subject of this action on a convenient date as soon as possible. The purpose of the inspection is to measure, survey, or photograph, the property or any designated object or operation thereon. We seek to inspect the entire property including the common areas and all tenant spaces, whether occupied or unoccupied. Hopefully, the inspection will result in our being able to submit to you a proposal for settlement. An expedited inspection is likely to result in an expedited settlement, thereby holding down the potential fees and costs. If you are agreeable to an expedited inspection, then please contact me immediately to arrange for a mutually convenient date for the inspection. Ordinarily, an inspection should take between one to two hours.

Should you have any questions, please contact me.

          Very truly yours,

          By   /s/  Thomas B. Bacon
               Thomas B. Bacon, Esquire
              *e-mail: baconlaw@bellsouth.net*

Enclosures

**A.D.A. COMPLIANCE TEAM, INC.**
*169 NW 44th Street, Ste. #34*
*Ft. Lauderdale, FL 33309*

August 11, 2007

Thomas B. Bacon
1515 Grant Street
Hollywood, FL 33020

Re:    Town and Country Mall                                Our file #579-IL
       445 E. Palantine Road
       Arlington Heights, IL

Folio#:
Owner:

Dear Mr. Bacon

Disabled Patriots of America has requested that an investigative report on ADA violations for the above-referenced property be sent to you. The violations indicate architectural barriers encountered by the individual plaintiff, Bonnie Kramer.

## Parking

1. Some of the accessible spaces do not provide signs designating the disabled use spaces, in violation of Section 4.6.4 of the ADAAG whose resolution is readily achievable.

2. Where posted, signage at some of the designated accessible parking spaces are not mounted at sufficient heights in violation of section 4.6.4 of the ADAAG whose resolution is readily achievable.

3. The disabled use spaces do not have clear and level access aisles provided, violating Sections 4.1.2, and 4.6.3 of the ADAAG whose resolution is readily achievable.

4. The disabled use spaces and/or unloading areas are located on a slope in violation of Section 4.6.3 and 4.6.6 of the ADAAG whose resolution is readily achievable.

4. The disabled use spaces and/or unloading areas are located on a slope in violation of Section 4.6.3 and 4.6.6 of the ADAAG whose resolution is readily achievable.

## Entrance Access and Path of Travel

1. There are no accessible routes from the street, sidewalk and parking areas. There are violations of the requirements in Sections 4.3.2, 4.5.2, 4.7.1 and 4.8.2 of the ADAAG whose resolution is readily achievable.

2. There are ramps at the facility that do not have level landings and/or contain excessive slopes or cross slopes in violation of Section 4.8.2, 4.8.4 and 4.8.6 of the ADAAG whose resolution is readily achievable.

3. There are no proper handrails provided for the ramps to the facility, in violation of Section 4.8.5 of the ADAAG whose resolution is readily achievable.

4. There are curb ramps at the facility that project into vehicular areas and/or contain excessive slopes, side slopes or cross slopes in violation of Sections 4.7.2, 4.7.5, 4.7.6, and 4.7.9 of the ADAAG whose resolution is readily achievable.

5. There are changes in levels of greater than ½ inch, violating Section 4.3.8 of the ADAAG whose resolution is readily achievable.

## Access to Goods and Services

1. There are counters throughout the facility in excess of 36", in violation of Section 7.2(1) of the ADAAG whose resolution is readily achievable.

2. There are restrooms for public use at the facility without the required disabled use elements, in violation of several Sections of the ADAAG whose resolution is readily achievable.

3. There are vending machines for public use at the facility without the required disabled use elements, in violation of several Sections of the ADAAG whose resolution is readily achievable.

## Restrooms

1. There are exposed pipes in restrooms at the facility, violating of Section 4.19.4 of the ADAAG whose resolution is readily achievable.

2. The clear floor space provided in the restroom violates the provisions of Sections 4.2.1, 4.18.3 and 4.22 of the ADAAG whose resolution is readily achievable.

3. The grab-bars in the toilet room stalls do not comply with the requirements prescribed in Sections 4.17.6 and 4.26 of the ADAAG whose resolution is readily achievable.

4. There are urinals provided for public use that do not comply with the standards set forth in Section 4.18 of the ADAAG whose resolution is readily achievable.

5. The toilet stalls provided for public use at the facility are in violation of Section 4.17 of the ADAAG whose resolution is readily achievable.

6. The water closets that are provided for public use at the facility violate the provisions of Section 4.16 of the ADAAG whose resolution is readily achievable.

7. The mirrors provided for public use in the restroom are in violation of the requirements in Section 4.19 of the ADAAG whose resolution is readily achievable.

8. There are dispensers provided for pubic use in the restroom, with controls outside the ranges prescribed in Section 4.27 of the ADAAG whose resolution is readily achievable.

9. There is a changing area provided for public use that does not comply with the requirements of the ADAAG whose resolution is readily achievable.

10. There are amenities provided for public use that do not comply with the requirements of the ADAAG whose resolution is readily achievable.

The American's with Disability Act of 1990 prohibits discrimination on the basis of disability by public accommodations and commercial facilities to be signed, constructed and altered in compliance with the Accessibility Standards established in the Act. This facility does not meet with all of these standards.

A more detailed report should be completed after an appointment with the property owner or management. There may be other violations of the Americans with Disabilities Act that may be revealed following this inspection.

This report was conducted by A.D.A. Compliance Team, Inc.

IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| DISABLED PATRIOTS OF AMERICA, INC., a Florida Not-For-Profit Corporation, and BONNIE KRAMER, Individually,<br><br>Plaintiffs,<br>v.<br><br>TOWN & COUNTRY CHICAGO ASSOCIATES, LLC, A Foreign Limited Liability Company,<br><br>Defendant. | : Case No.: 1:07-cv-06362<br>:<br>: Joan H. Lefkow<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>: |

## PLAINTIFFS' RULE 26 (a)(2) EXPERT WITNESS DISCLOSURES

Plaintiffs, DISABLED PATRIOTS OF AMERICA, INC. a Not-For-Profit Corporation, and BONNIE KRAMER, Individually, by and through undersigned counsel, file their Expert Witness Disclosures pursuant to Rule 26 (a)(2) of the Federal Rules of Civil Procedure.

The following individuals have been retained by the Plaintiffs to provide expert testimony in the above matter. The Plaintiffs reserve the right to supplement the initial expert report attached hereto, pursuant to Fed.R.Civ.P. 26 (a)(2)(B), with a final report after a formal inspection of the property is completed.

1. Mr. David Pedraza
   A.D.A. Compliance Team, Inc.
   510 Magellan Way East
   Delray Beach, FL 33484

Mr. Pedraza will testify as the Plaintiffs' expert on Title III of the Americans with Disabilities Act ("ADA"), its regulations and guidelines, and their application to the facilities and businesses that are the subject of the instant lawsuit. Mr. Pedraza will provide testimony regarding

the substance and application of the ADA regulations and accessibility guidelines to the subject facilities. The subject matter of his opinion testimony will be to identify the ADA violations on the property. The initial report of the violations existing on the property is attached hereto, pursuant to Fed.R.Civ.P. 26 (a)(2)(B). A final report will be forthcoming upon the Plaintiffs undertaking an inspection of the property under Rule 34 Fed.R.Civ.P.

Mr. Pedraza may also provide rebuttal testimony to that provided by Defendant's experts. It is not possible to disclose the substance of this testimony at this time as Defendant has not yet disclosed in detail the nature of its experts' testimony, and it has not provided Plaintiffs with a completed detailed report from said experts. Expert, David Pedraza of A.D.A. Compliance Team, Inc. is compensated at the rate of $225 per hour.

2.  Gary Paul Wachsman, C.P.A.
    693 Garde Road
    Boynton Beach, FL 33437

Gary Paul Wachsman is a licensed, certified public accountant and is expected to testify as to the financial ability of the Defendant to bring the property into ADA compliance. Mr. Wachsman may also provide rebuttal testimony to that provided by Defendant's experts. It is not possible to disclose the substance of this testimony at this time as Defendant has not yet disclosed in detail the nature of its experts' testimony, nor has Defendant produced its financial records and it has not provided Plaintiffs with a completed detailed report from said experts. Expert, Paul Wachsman is compensated at the rate of $300 per hour.

Qualifications of said experts are attached hereto, pursuant to Fed.R.Civ.P. 26 (a)(2)(B).

Plaintiffs reserve their right to supplement and modify these witness disclosures to the extent allowed by the Court and the applicable rules.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing was served electronically on this December 17, 2007 to:

Michael L. Leonard, Esq.
Mecker, Bulger & Tilson, LLP
123 North Wacker Drive, Suite 1800
Chicago, IL 60606
Ph. (312) 474-7925
michael.leonard@mbtlaw.com

*Counsel for Plaintiffs*
Jonathan E. Lerner, Esq.
P.O. Box 694
Wilmette, IL 60091
847-271-2360
fx 847-256-3038
email jlernerlaw@aol.com
Ill Bar. Id No. 1622242


Thomas B. Bacon, Esq.
Attorney-At-Law
1515 Grant Street
Hollywood, FL 33020
ph. (954) 925-6488
fax (954) 237-5506
baconlaw@bellsouth.net


By: /s/ Thomas B. Bacon
      Thomas B. Bacon, Esquire