## United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Joan H. Lefkow | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 07 C 6362 | **DATE** | 3/20/2008 |
| **CASE TITLE** | Disable Patriots of America, Inc., et al. vs. Town & Country Chicago Associates, LLC | | |

**DOCKET ENTRY TEXT**

Motion hearing held.  Defendant's motion to dismiss plaintiffs' complaint pursuant to Rule 11 [20] is denied.

■[ For further details see text below.]   Notices mailed by Judicial staff.

00:03

### STATEMENT

Town & Country Chicago Assoc., LLC filed a motion to dismiss plaintiffs' complaint pursuant to Rule 11 [#20].  It makes three main arguments: (1) that the plaintiffs filed their complaint without having an appropriate factual basis for many of the allegations contained therein; (2) that Bonnie Kramer is a "straw plaintiff;" and (3) that Disabled Patriots of America, Inc. is nothing more than a "shell."

Rule 11 provides for sanctions for attorneys and parties who file a pleading with the court without making a reasonable inquiry to ensure that the factual contentions contained therein have evidentiary support.  Fed. R. Civ. P. 11; *Cuna Mut. Ins. Soc.* v. *Office and Professional Employees Intern. Union*, 443 F.3d 556, 560 (7th Cir. 2006) ("the district court may impose sanctions if a lawsuit is 'not well grounded in fact and is not warranted by existing law or a good faith argument for the extension, modification, or reversal of existing law.'") (citations omitted).

With regard to Town & Country's first argument, the court finds that the plaintiffs and their attorneys, Thomas Bacon and Jonathan Lerner, have adequately shown that they made a reasonable inquiry into the facts before filing their complaint.  Kramer testified in her deposition that she visited the premises at issue on August 4, 2007, that she noticed what she believed were violations of the ADA, that she was impacted by some of those violations, that she took 20 pictures of various parts of the premises, that she spoke to her friend, Dave Pedraza (whom she believes to be an ADA expert) about what she saw, and that she believes that Pedraza visited the premises to investigate.  In the brief filed in opposition to this motion, plaintiffs' attorneys represent that an expert did perform an analysis and generate a report prior to the initiation of this lawsuit.  Therefore, it does not appear that the plaintiffs' investigation was so deficient as to warrant Rule 11 sanctions.

Second, Town & Country argues that Kramer is a "straw plaintiff" because of the circumstances surrounding

**STATEMENT**

the filing of her complaint. Specifically, Kramer did not speak to an attorney or ask one to draft a complaint on her behalf. She merely received one in the mail (presumably from Bacon or Lerner, after they spoke with Pedraza), reviewed it, and signed off on it. It appears that Kramer and Pedraza deal frequently with Bacon on cases of this nature, so this occurrence may not have seemed extraordinary to Kramer. Additionally, Kramer testified that Bacon does not represent her in this case and that she does not anticipate receiving any money that may be recovered. Although some of these circumstances may be questionable, Town & Country has not provided the court with any authority indicating that they constitute a Rule 11 violation. The circumstances are not sufficient to show that the complaint is itself deficient.

Finally, Town & Country argues that the Disabled Patriots are merely a shell of an organization that exists only to pursue lawsuits like this one. Again, however, defendants do not effectively show that this fact (if true) constitutes a Rule 11 violation.

For these reasons, Town & Country's motion [#20] will be denied.