# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Joan H. Lefkow | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 07 C 6362 | **DATE** | 3/20/2008 |
| **CASE TITLE** | Disabled Patriots of America, Inc., et al. vs. Town & Country Chicago Associates, LLC | | |

**DOCKET ENTRY TEXT**

Defendant's motion to dismiss [10] is denied and its motion for a more definite statement [10] is denied. Defendant is to answer complaint by 4/10/2008. Plaintiffs' motion to compel [17] is denied without prejudice. Hearing date of 4/10/2008 is stricken. Status hearing is set for 5/22/2008 at 10:00 a.m.

■[ For further details see text below.]   Notices mailed by Judicial staff.

00:03

# STATEMENT

Plaintiffs, Disabled Patriots of America, Inc. (DPA), a Florida not-for-profit advocacy group with a purpose to assure that places of public accommodation are accessible to and usable by disabled persons, and Bonnie Kramer, an individual, allege discrimination in violation of the Americans With Disabilities Act (ADA) based on failures of the defendant, Town & Country Chicago Associates, LLC (T&C), to provide disabled-accessible facilities at a T&C-owned mall located in Arlington Heights, Illinois ("The Mall"). They seek injunctive relief in the form of alteration of the structures at The Mall to make it accessible and usable to the plaintiffs and all other persons with disabilities. T&C has moved to dismiss under Federal Rule of Civil Procedure 12(b)(1) based on the plaintiffs' lack of standing. Alternatively, T&C seeks a more definite statement. The motions are denied.

According to the complaint, accepted as true for the purpose of this ruling,[1] plaintiff Kramer suffers from multiple sclerosis and is wheelchair-dependent for ambulation. Kramer resides in Cleveland, Ohio, but travels to the Chicago area several times a year to visit her son. While in the Chicago area she monitors places of public accommodation to determine whether they comply with the ADA. The Mall is a place of public accommodation subject to the ADA and its implementing regulations. During a visit (at an unspecified time) to The Mall, Kramer encountered architectural barriers to access that endangered her safety. Kramer plans to return in the future to shop as well as to continue monitoring T&C's compliance with its ADA obligations.

For its part, DPA is a membership organization. Members include Kramer and other individuals with a variety of disabilities representative of a cross-section of the disabled persons protected by the ADA. In addition to the particular access barrier that Kramer experienced, plaintiffs together allege a non-exclusive list of ADA violations of requirements for parking, entrance access and path of travel, and access to goods, services and restroom facilities, which barriers prevent members of DPA from enjoying equal access to The

**STATEMENT**

Mall.

T&C relies on *Disabled Patriots of America, Inc.* v. *Lane Toledo, Inc.*, 325 F. Supp. 2d 837 (N.D. Ohio 2004), where the court denied a motion to dismiss DPA from a law suit where its member, also a plaintiff, had alleged (1) that obstacles had impeded his free access and movement around the defendants' premises and he had an intention to return if they became ADA compliant, (2) causation by the defendant, and (3) the availability of redress through injunctive relief. *Id.* at 840. *See id.* at 839, citing, *inter alia*, *Lujan* v. *Defenders of Wildlife*, 504 U.S. 55, 560-61 (1992) ("To establish standing under Article III, a plaintiff must demonstrate: 1) he has suffered an injury in fact, that is, an invasion of a legally protected interest which is (a) concrete and particularized; and (b) actual or imminent, not conjectural or hypothetical; 2) a causal connection between the injury and the challenged conduct, that is, the injury has to be fairly traceable to the challenged action of the defendant, and not the result of the independent action of some third party not before the court; and 3) the injury's redressability by a favorable judicial decision.") (internal quotation marks and ellipses omitted). Nonetheless, the court agreed with the defendant that "[a] plaintiff lacks standing to bring suit under the ADA for those disabilities which do not affect him or her–or, in the case of an organizational plaintiff, it." *Id.*, citing *Steger* v. *Franco, Inc.*, 228 F.3d 889, 893 (8th Cir. 2000). The court concluded,

> Therefore, DPA may not pursue relief for those infractions of the ADA which it has not alleged with any specificity in its complaint, and more importantly those which it has not demonstrated as causing injury to it or its members. To do otherwise would run the risk of removing the issue from the realm of an actual case or controversy as required by Article III.

*Id.* at 841.

T&C argues that plaintiffs must allege how each of the alleged violations actually affected any particular member of DPA. This is an overly broad reading of *Lane Toledo*. The court in *Lane Toledo* took its doctrine from *Steger*. *Steger* dealt only with individual plaintiffs as there was apparently no organizational plaintiff in that case. The court affirmed dismissal of those plaintiffs who could not allege they had been at the defendant's property but reversed the dismissal of a blind plaintiff who had been on the property and experienced access barriers to using a particular rest room, ruling that this plaintiff had standing to seek ADA compliance with respect to violations affecting blind persons throughout the defendant's property.

As set out in *Lane Toledo*, "An organization seeking injunctive relief for enforcement of protective legislation has standing if: 1) its members would otherwise have standing to sue in their own right; [and] 2) the interest it seeks to enforce is germane to the organization's purpose[.]" *Id.* at 839. A third factor is "prudential and discretionary": that "neither the claim asserted nor the relief requested requires the participation of the individual members [in] the law suit." *Id.*

Construed as limited to wheelchair access barriers, a limitation plaintiffs accept in their response memorandum, the complaint in this case conforms to the ruling in *Lane Toledo*. Kramer has alleged that while at The Mall she encountered barriers to access that endangered her safety, that she intends to return to The Mall in the future, that T&C's failures to comply with ADA requirements have caused her injury, and that an injunction would redress her injury. She, therefore, has standing and, as a member of DPA, she satisfies first prong of the organizational standing test.

| **STATEMENT** |
|---|
| DPA is the same plaintiff as in *Lane Toledo*. Thus, T&C's reliance on *Lane Toledo* as authority for T&C's position that DPA lacks standing is unpersuasive.  DPA is an organization comprised of members at least some of whom could sue in their own right; and the lawsuit seeks to enforce rights that are germane to DPA's purpose to assure that places of public accommodation are accessible to and usable by disabled persons. T&C makes no argument here that the third "prudential" factor is an obstacle to standing.<br><br>From this analysis it is clear that DPA has standing to seek ADA compliance with respect to violations rooted in Kramer's experience, barriers to wheelchair bound persons who have been and plan to be present at The Mall in the future.  *See Lane Toledo*, 325 F. Supp. 2d at 841 (DPA may only bring claims "rooted in [the individual plaintiff's] adverse experience).<br><br>T&C's alternative request for a more definite statement is denied. "When considering a motion for a more definite statement, pursuant to Fed. R. Civ. P. 12(e), the Court must consider whether the complaint is so vague or ambiguous that a party cannot reasonably be required to frame a responsive pleading. [I]f the claim is unclear, the court should require a plaintiff to prepare a more definite statement under Rule 12(e) instead of lavishing attention on the complaint until the plaintiff gets it just right." *White* v. *Madison County, Ill*. 2008 WL 539230, *3 (S.D.Ill.,2008) (internal quotation marks, ellipses and citations omitted).  "Rule 12(e) is designed to strike at unintelligibility rather than want of detail. If the pleading meets the requirements of Rule 8 and fairly notifies the opposing party of the nature of the claim, a motion for a more definite statement will not be granted" (internal quotation marks omitted). *Bell* v. *Oldcastle Glass, Inc*. 2008 WL 538210, *1 (S.D.Ind.2008), quoting J. Moore, A. Vestal, & P. Kurland, Moore's Manual: Federal Practice and Procedure, Sec. 11.07[1] at 11-68 (1997). Although the complaint contains allegations outside T&C's knowledge, such as when Kramer was actually at The Mall and what barrier(s) she actually encountered, the allegations of ADA violations, although broad, are not so vague and ambiguous that T&C cannot be reasonably required to frame a responsive pleading.<br><br>Kramer's failure to allege with any particularity her actual presence at The Mall and the facts underlying her injury is of concern because plaintiffs must prove these facts in order for the court to retain jurisdiction over this case. *See Lujan*, 504 U.S. at 561, 112 S. Ct. at 2136 ("The party invoking federal jurisdiction bears the burden of establishing [the] elements [of standing]. Since they are not mere pleading requirements but rather an indispensable part of the plaintiff's case, each element must be supported in the same way as any other matter on which the plaintiff bears the burden of proof, *i.e.,* with the manner and degree of evidence required at the successive stages of the litigation.")  At this juncture, however, the court will assume that the pleading of injury in fact has been made in good faith and that discovery will reveal the details supporting the court's retention of jurisdiction. |

    1. "At the pleading stage, general factual allegations of injury resulting from the defendant's conduct may suffice [to support standing], for on a motion to dismiss we 'presum[e] that general allegations embrace those specific facts that are necessary to support the claim.'" *Lujan* v. *Defenders of Wildlife*, 504 U.S. 555, 561, 112 S.Ct. 2130, 2137 (1992), quoting *Lujan* v. *National Wildlife Federation,* 497 U.S. 871, 889, 110 S.Ct. 3177, 3189 (1990).