## IN THE UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **DISABLED PATRIOTS OF AMERICA, INC.,** | : |
| **a Florida Not-For-Profit Corporation, and** | : **Case No.: 1:07-cv-06362** |
| **BONNIE  KRAMER, Individually,** | : |
| | : **Judge Joan H. Lefkow** |
| **Plaintiffs,** | : |
| **v.** | : |
| | : **PLAINTIFFS' SECOND MOTION** |
| **TOWN & COUNTRY CHICAGO ASSOCIATES,** | : **TO COMPEL SUBMISSION TO R.** |
| **LLC, A Foreign Limited Liability Company,** | : **34 INSPECTION** |
| | : |
| **Defendant.** | : |
| _____ | : |

Plaintiffs, DISABLED PATRIOTS OF AMERICA, INC., and  BONNIE  KRAMER, and by and through undersigned counsel, and pursuant to Fed. R. Civ.  P. 37 and Local Rule 37.2, hereby file this Second Motion To Compel Defendant to submit to an inspection of its premises pursuant to Fed. R. Civ.  P. 34, and state as follows:

1.  Plaintiffs, disabled persons,  commenced the instant pursuant to Title III of the Americans With Disabilities Act, 42 U.S.C. Sections 12181, et seq. ("ADA"), seeking injunctive relief for  the removal of barriers to access present at Defendant's place of public accommodation known as Town And Country Mall.

2.  Plaintiffs propounded Interrogatories, issued a R. 34 notice upon Defendant.  A copy of the R. 34 notice is attached as Exhibit A.  Said inspection was initially scheduled to take place on February 25, 2008.

3.  On February 1, 2008, Michael Leonard sent an email to the undersigned stating, in relevant part:

1

"Tom, I will be sending you a Rule 11 letter.  But, no, we will not agree to the Inspection. Ms. Kramer's deposition revealed that she essentially filed a boilerplate Complaint that did not match up to her personal knowledge.  Thanks, Mike Leonard."

See Exhibit B attached hereto.

4.   As the parties were unable to resolve the dispute, Plaintiffs filed their first Motion To Compel on February 21, 2008 [DE 17].  By this motion, Plaintiffs sought an order compelling Defendant to submit to the requested inspection.

5.   On March 20, 2008, this Court heard oral argument on Plaintiffs' Motion To Compel as well as Defendant's two motions to dismiss.  The Court issued an Order on March 24, 2008 [DE 25], denying Plaintiffs' Motion To Compel without prejudice.

6.    Subsequent to the Court's ruling, counsel for the respective parties engaged in numerous telephone conversations and exchanged several correspondences regarding Plaintiffs' continued request to conduct the R. 34 inspection of the subject premises.  Copies of the correspondences are attached as Exhibits C through I.  By way of summary, undersigned counsel proposed and requested that the inspection be conducted on various dates to coincide with trips to the Chicago area scheduled in other matters.  By these requests, the undersigned repeatedly stated that this would reduce costs and fees by dividing the travel time and expenses among several files.  In each instance, Defendant would not commit to an agreement on the proposed inspection dates.  Rather, Defendant insisted that the scope of the inspection be narrowed to a small portion of the subject premises.  Undersigned counsel suggested, by way of compromise, that Plaintiffs be allowed to conduct the full inspection and that Defendant reserve the right to challenge any findings of Plaintiffs' expert.  Nonetheless, Defendant remains steadfast in its refusal to allow Plaintiffs the full inspection to which they are entitled.

7.  As it became clear that Defendant would not even commit to a date for the inspection

to take place, Plaintiffs issued a Second Request for R. 34 inspection on April 21, 2008.  Exhibit

J attached hereto.  Said Request noticed the inspection to take place on May 29, 2008.

## MEMORANDUM

Essentially, the nature of the present issue is as follows.  Plaintiffs seek the right to

inspect the entire premises that is available to the general public to survey the extent of ADA

violations as they affect mobility impaired persons who wish to avail themselves of the goods

and services offered at Defendant's place of public accommodation.  By contrast, during

telephonic conversations, Defendant's counsel conveyed Defendant's insistence that the

inspection be limited to a small part of the parking area and a couple of public restrooms which

were used by the individual Plaintiff.  Defendant refuses to allow any other portions of its

facility to be inspected.

Defendant's continuing insistence that the inspection be narrowly circumscribed is

unsupported by prevailing caselaw.

Two separate circuit courts have held that an ADA plaintiff has standing to seek

injunctive relief to cure *all violations present at the entirety* of the subject place of public

accommodation that affects his or her disability.

In  Doran v. 7-Eleven, Inc., 506 F.3d 1191 (9th Cir. 2007), the Ninth Circuit recently

addressed the standing of an individual plaintiff and the applicable scope of discovery to which

that plaintiff is entitled.  In this regard, the Court held that a disabled person has standing to seek

injunctive relief once he has encountered or has knowledge of "at least one statutory violation"

at the subject place of public accommodation.  506 F.3d  at 1198-99.  The Court reasoned that, in

the ensuing litigation, the disabled plaintiff:

> "may conduct discovery to determine what, if any, other barriers affecting his or her disability existed at the time he or she brought the claim.  This list of barriers would then in total constitute the factual underpinnings of a single legal injury, namely the failure to remove architectural barriers in violation of the ADA, which failure actually harmed the disabled person by deterring that disabled person from visiting a facility that otherwise would have been visited at a definite future time, yielding Article III standing."

This "list of barriers", according to the Ninth Circuit, is generated through discovery.  Id. As the Court noted, this discovery of the entire list of barriers was obtained by the plaintiffs' expert in the inspection of the premises.  506 F.3d at 1194.  Thus, the Court effectively reversed the lower court's ruling that the plaintiff's standing and right to discovery was limited to those discriminatory barriers specifically identified in the plaintiff's deposition as having been personally encountered or specifically known.  See 506 F.3d at 1194.

In Doran, the Ninth Circuit reiterated the reasoning of its prior decision in Pickern v. Holiday Quality Foods Incorporated, 293 F.3d 1133 (9th Cir. 2002).  There, the Ninth Circuit stated that the individual plaintiff need not necessarily have personally encountered all the barriers in order to seek an injunction to remove those barriers.  293 F.3d at 1138.

In both Doran and Pickern, the Ninth Circuit adopted the holding of the Eighth Circuit in the case of Steger v. Franco, Inc., 228 F.3d 889 (8th Cir. 2000).  In Steger, the Eighth Circuit addressed the scope of barriers a disabled plaintiff could challenge.  There, a blind plaintiff had entered a place of public accommodation one time and encountered a single statutory violation, namely non-compliant signage leading to a particular restroom.   During the discovery process, the plaintiff's expert conducted an inspection and later testified with respect to all the ADA violations at the facility, not just those personally encountered by the individual plaintiff.  228

4

F.3d at 892. The Eighth Circuit held that plaintiff had standing to seek redress for all barriers

present at the facility and was not restricted simply to those barriers he personally encountered.

228 F.3d at 893-94. The Court rejected the argument that a plaintiff should be limited to

challenge only those barriers he personally encountered, reasoning:

> The effect of such a rule would be piecemeal compliance. To compel a building's
> ADA compliance, numerous blind plaintiffs, each injured by a different barrier,
> would have to seek injunctive relief as to the particular barrier encountered until
> all barriers had been removed. This not only would be inefficient, but
> impractical.
> 228 F.3d at 894.

Noteworthy is the fact that in <u>Steger</u>, as in <u>Doran</u>, the list of barriers for which the

plaintiff had standing to remedy was provided through evidence adduced through the testimony

of plaintiff's expert, based on his inspection conducted during discovery. 228 F.3d at 893-94.

Numerous district courts have followed this rule. See <u>Independent Living Resources v.</u>

<u>Oregon Arena Corp.</u>, 982 F.Supp. 698, 762 (D. Or. 1997)(ordering injunctive relief for entire

arena although "it is unlikely that any individual plaintiff will ever sit in each of the seats in the

arena, or use each of the restrooms, or attempt to reach each of the ketchup dispensers.");

<u>Pickern v. Best Western Timber Cove Lodge Marina Resort, et al.</u>, 2002 WL 202442 (E.D. Cal.

2002)(plaintiff had standing to seek injunctive relief to remove discriminatory barriers in hotel

rooms he never visited)1; <u>Parr v. Kapahulu Investments, Inc.</u>, 96 F. Supp.2d 1065, 1081 (D.

Haw. 2000)("Plaintiff has standing to allege ADA violations in which he did not encounter, as

long as Plaintiff is 'among the injured.' [Citation omitted.] The legal interest at stake is Plaintiff's

right to patronize L & L free from discrimination. The discrimination occurred as soon as

---

1 In <u>Pickern v. Best Western</u>, the evidence was adduced through the testimony of plaintiff's expert based on his

Plaintiff encountered an architectural barrier. Plaintiff should not be required to encounter every barrier seriatim within L & L to obtain effective relief.")2; <u>Eiden v. Home Depot USA, Inc.</u>, 2006 WL 1490418, *5 (E.D. Cal. 2006)(plaintiff not bound by the specific ADA claims asserted in complaint). In <u>Gregory v. Melrose Group</u>, 2003 U.S. Dist Lexis 22276 *14 (E.D. La. 2003), the court denied a motion to dismiss and held that the defendant had adequate notice of plaintiff's claims which listed twelve specific violations and "'other current violations', to be identified after a complete inspection of the defendant's property."

In the case at bar, Defendant will not be prejudiced by a complete inspection. It has had ample time to notify its tenants and, quite simply, the premises is a place of public accommodation and the Plaintiff and expert have the public right to visit all such areas. If Defendant continues to challenge Plaintiffs' right to redress all discriminatory barriers at the facility, it can reserve this right and assert it in later proceedings. By contrast, a limitation on the scope of Plaintiffs' R. 34 inspection would constitute reversible error and will prejudice Plaintiffs by unreasonably narrowing the evidence they may present at later hearings and motions.

## <u>Conclusion</u>

For the foregoing reasons, Plaintiffs respectfully request that this Court grant the instant motion to compel and require Defendant submit to a R. 34 inspection.

---

inspection of all barriers present at the facility. 2002 WL 202442, at * 3.
2 In <u>Parr</u>, relevant evidence was again provided through the testimony and report of the plaintiff's expert.

6

## **Certificate of Conference**

I hereby certify that I spoke by telephone with Michael Leonard, attorney for Defendant on May 7, 2008, in a good faith attempt to resolve this instant dispute, but was unable to reach an accord.  The parties have agreed that a Court ruling on this issue is necessary to determine the scope of the inspection.

Respectfully submitted,

Attorneys for Plaintiffs:
   /s/ Thomas B. Bacon
Thomas B. Bacon, Esq.
Attorney-At-Law
1515 Grant Street
Hollywood, FL 33020
ph. (954) 925-6488
fax (954) 237-5506

and

Jonathan E. Lerner, Esq.
P.O. Box 694
Wilmette, IL 60091
847-271-2360
fx 847-256-3038

**<u>Certificate of Service</u>**

I hereby certify that a true and correct copy of the foregoing was served upon the persons

listed below this 8th  day of February, 2008, via the Court's CM/ECF system:


Michael L. Leonard, Esq.
Mecker, Bulger & Tilson, LLP
123 North Wacker Drive, Suite 1800
Chicago, IL 60606


<u>/s/ Thomas B. Bacon</u>

8