UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| DISABLED PATRIOTS OF AMERICA, INC., a Florida not for profit corporation, and BONNIE KRAMER Individually, <br><br> Plaintiffs, <br><br> vs. <br><br> TOWN & COUNTRY CHICAGO ASSOCIATES, LLC, A Foreign Limited Liability Company, <br><br> Defendant. | Case No.: 07C 6362 <br><br> Magistrate Judge Valdez <br> Judge Joan H. Lefkow |

**DEFENDANT'S ANSWER AND AFFIRMATIVE DEFENSES**

Defendant, by its undersigned counsel, states as follows as its Answer to Plaintiffs' Complaint:

1.  Plaintiff, BONNIE KRAMER, is an individual residing in Cleveland Ohio. Ms. Kramer suffers from multiple sclerosis and is bound to a wheelchair to ambulate.

**ANSWER:** Defendant is without sufficient knowledge and information to admit or deny the allegations of the second sentence, but admits the remaining allegations of this Paragraph.

2.  Plaintiff, DISABLED PATRIOTS FO AMERICA, INC., is a non-profit corporation formed under the laws of the State of Florida. DISABLED PATRIOTS OF AMERICA, INC. maintains its principal office at 702 North E Street, Lake Worth, FL 33460, in the County of Palm Beach.

**ANSWER:** Upon information and belief, Defendant admits the allegations of this Paragraph, except to state that, based upon the deposition testimony of Plaintiff Kramer, this purported "corporation" has no assets; does not conduct any legitimate business; and has no interest or standing in this case. Investigation continues.

3.  Defendant's property, Town and Country Center, 445 E. Palatine Rd., Arlington Heights, Illinois is located in the County of Cook.

**ANSWER:** Defendant admits the allegations of this Paragraph.

4.      Venue is properly located in the [court] because venue lies in the judicial district of the property sites.  The Defendant's property is located in and does business within this judicial district.

**ANSWER:**   Defendant admits the allegations of this Paragraph.  However, Defendant denies that Plaintiffs have standing to bring this lawsuit.

5.      Pursuant to 28 U.S.C. § 1331 and 28 U.S.C. § 1343, this Court has been given original jurisdiction over actions which arise from the Defendant's violations of Title III of the Americans with Disabilities Act, 42 U.S.C. § 12181 et seq. See also 28 U.S.C. § 2201 and § 2202.

**ANSWER:**   Defendant admits the allegations of this Paragraph, except to deny that it has committed the unidentified "violations" referenced in this Paragraph.

6.      Plaintiff BONNIE KRAMER is an Ohio resident is sui juris, and qualifies as an individual with disabilities as defined by the ADA.

**ANSWER:**   Defendant admits that Plaintiff Kramer is an Ohio resident.  Defendant is without sufficient knowledge and information to admit or deny whether Plaintiff Kramer actually qualifies as an individual with disabilities as defined by the ADA.  Defendant further denies that Plaintiff Kramer has standing to bring this lawsuit.

7.      KRAMER travels to the Chicago area several times each year to visit her adult son.  While in the Chicago area, Ms. Kramer stays in area hotels, shops in area stores, visits theaters and tourist attractions.  Ms. Kramer also is an advocate for similarly situated disabled persons and monitors places of public accommodation to determine whether they are in conformity with the ADA.  BONNIE KRAMER has visited the property which forms the basis of this lawsuit and plans to return to the property to avail herself of the goods and services offered to the public at the property and to determine whether it has removed its discriminatory barriers and come into compliance with the ADA.  The Plaintiff has encountered architectural barriers at the subject property.  The barriers to access at the property have endangered her safety.  The Plaintiff is also a member of the Plaintiff organization, DISABLED PATRIOTS OF AMERICA, INC., discussed below in paragraph 7.

**ANSWER:**   Based upon Plaintiff's deposition testimony, Defendant denies the allegations of the first and second sentences of this Paragraph.  With respect to the third sentence of this Paragraph, Defendant admits that Plaintiff Kramer views herself as an "advocate," and denies

any remaining allegations of this Paragraph.  With respect to the fourth sentence of this Paragraph, Defendant admits that, according to Plaintiff Kramer's deposition testimony, she visited the property at issue on one occasion.  Based upon that deposition testimony, Defendant denies the remaining allegations of the fourth sentence of this Paragraph.  With respect to the fifth sentence, Defendant denies those allegations.  With respect to the sixth sentence, based upon Plaintiff Kramer's deposition testimony, Defendant denies those allegations.  With respect to the final sentence of this Paragraph, Defendant admits that Plaintiff purports to be a "member" of the Plaintiff organization, but is without sufficient knowledge and information to admit or deny whether she actually has such status.

8.     Plaintiff DISABLED PATRIOTS OF AMERICA, INC., is a non-profit Florida corporation.  Members of this organization include individuals with disabilities as defined by the ADA, and are representative of a cross-section of the disabilities to be protected from discrimination by the ADA.  The purpose of this organization is to represent the interest of its members by assuring places of public accommodation are accessible to and usable by the disabled and that its members are not discriminated against because of their disabilities.  DISABLED PATRIOTS OF AMERICA, INC. and its members have suffered and will continue to suffer direct and indirect injury as a result of the Defendant's discrimination until the Defendant is compelled to comply with the requirements of the ADA.  One or more of its members has suffered an injury that would allow it to bring suit in its own right.  DISABLED PATRIOTS OF AMERICA, INC. has also been discriminated against because of its association with its disabled embers and their claims.

**ANSWER:**    Upon information and belief, Defendant admits the first sentence of this Paragraph.  With respect to the second sentence of this Paragraph, Defendant is unable to admit or deny the truth or falsity of these allegations, including after the completion of Plaintiff Kramer's deposition.  Stating further, based upon that deposition testimony, Defendant denies that such unnamed persons constitute a "cross-section" of the alleged disabilities allegedly sought to be protected.  Defendant is without sufficient information to admit or deny the allegations in the third sentence, including those relating to the alleged purpose of the organization and those relating to the alleged and unidentified "injuries" that these "members" have purportedly suffered, or will suffer.  Defendant admits that it is required to comply with the

ADA. Defendant similarly denies that "One or more of its members has suffered an injury that would allow it to bring suit in its own right," and further states that such alleged "injuries" have not been properly set forth in this Complaint, and Plaintiff Kramer admitted in her deposition testimony that she suffered no such injuries. With respect to the final sentence, Defendant denies that the purported organization has suffered any such injury or discrimination, and denies that it is properly "associated" with such unnamed individuals, including Plaintiff Kramer. Defendant further denies that Disabled Patriots has standing to bring this suit.

9. Defendant owns, leases, leases to or operates a place of public accommodation as defined by the ADA and the regulations implementing the ADA, 28 CFR 36.201(a) and 36.104. Defendant is responsible for complying with the obligations of the ADA. The place of public accommodation that the Defendant owns, operates, leases or leases to is known as Town And Country Center, 445 E. Palatine Rd., Arlington Heights, Illinois.

**ANSWER:** Defendant admits the allegations of this Paragraph.

10. DISABLED PATRIOTS OF AMERICA, INC. and BONNIE KRAMER have a realistic, credible, existing and continuing threat of discrimination from the Defendant's non-compliance with the ADA with respect to this property as described but not necessarily limited to the allegations in paragraph 11 of this complaint. Plaintiffs have reasonable grounds to believe that they will continue to be subjected to discrimination in violation of the ADA by the Defendant. BONNIE KRAMER desires to visit Town And Country Center not only to avail herself of the good s and services available at the property but to assure herself that this property is in compliance with the ADA so that she and others similarly situated will have full and equal enjoyment of the property without fear of discrimination. Plaintiff intends to return to the subject property, but for its discriminatory barriers and, at present, the discriminatory barriers prevent Plaintiff from returning to the property to fully enjoy the goods and services available.

**ANSWER:** Defendant denies the allegations of this Paragraph, including based upon Plaintiff Kramer's own deposition testimony in this matter.

11. The Defendant has discriminated against the individual Plaintiff and members of the corporate Plaintiff organization by denying them access to, and fully and equal enjoyment of, the goods, services, facilities, privileges, advantages and/or accommodations of the buildings, as prohibited by 42 U.S.C. § 12182 et seq.

**ANSWER:** Defendant denies the allegations of this Paragraph.

12. The Defendant has discriminated, and is continuing to discriminate, against the Plaintiff in violation of the ADA by failing to, inter alia, have accessible facilities by January 26, 1992 (or January 26, 1993, if Defendant has 10 or fewer employees and gross receipts of

$500,000 or less). A preliminary inspection of Town And Country Center has shown that violations exist. BONNIE KRAMER is aware of these violations. These violations include, but are not limited to:

### Parking

1. Some of the accessible spaces do not provide signs designating the disabled use spaces, in violation of Section 4.6.4 of the ADAAG whose resolution is readily achievable.

2. Where posted, signage at some of the designated accessible parking spaces are not mounted at sufficient heights in violation of section 4.6.4 of the ADAAG whose resolution is readily achievable.

3. The disabled use spaces do not have clear and level access aisles provided, violating Sections 4.1.2,, and 4.6.3 of the ADAAG whose resolution is readily achievable.

4. The disabled use spaces and/or unloading areas are located on a slope in violation of Section 4.6.3 and 4.6.6 of the ADAAG whose resolution is readily achievable.

### Entrance Access and Path of Travel

1. There were no accessible routes from the street, sidewalk and parking areas. There are violations of the requirements in Sections 4.3.2, 4.5.2, 4.7.1 and 4.8.2 of the ADAAG whose resolution is readily achievable.

2. There are ramps at the facility that do not have level landings and/or contain excessive slopes or cross slopes in violation of Section 4.8.2, 4.8.4 and 4.8.6 of the ADAAG whose resolution is readily achievable.

3. There are no proper handrails provided for the ramps to the facility, in violation of Section 4.8.5 of the ADAAG whose resolution is readily achievable.

4. There are curb ramps at the facility that project into vehicular areas and/or contain excessive slopes, side slopes or cross slopes in violation of Sections 4.7.2, 4.7.5, 4.7.6 and 4.7.9 of the ADAAG whose resolution is readily achievable.

5. There are changes in levels of greater than ½ inch, violating Section 4.3.8 of the ADAAG whose resolution is readily achievable.

**Access to Goods and Services**

1. There are counters throughout the facility in excess of 36", in violation of Section 7.2(1) of the ADAAG whose resolution is readily achievable.

2. There are restrooms for public use at the facility without the required disabled use elements, in violation of several Sections of the ADAAG whose resolution is readily achievable.

3. There are vending machines for public use at the facility without the required disable use elements, in violation of several Sections of the ADAAG whose resolution is readily achievable.

**Restrooms**

1. There are exposed pipes in restrooms at the facility, violating of Section 4.19.4 of the ADAAG whose resolution is readily achievable.

2. The clear floor space provided in the restroom violates the provisions of Sections 4.2.1, 4.18.3 and 4.22 of the ADAAG whose resolution is readily achievable.

3. The grab-bars in the toilet room stalls do not comply with the requirements prescribed in Sections 4.17.6 and 4.26 of the ADAAG whose resolution is readily achievable.

4. There are urinals provided for public use that do not comply with the standards set forth in Section 4.18 of the ADAAG whose resolution is readily achievable.

5. The toilet stalls provided for public use at the facility are in violation of Section 4.17 of the ADAAG whose resolution is readily achievable.

6. The water closets that are provided for public use at the facility violate the provisions of Section 4.16 of the ADAAG whose resolution is readily achievable.

7. The mirrors provided for public use in the restroom are in violation of the requirements in Section 4.19 of the ADAAG whose resolution in readily achievable.

8. There are dispensers provided for public use in the restroom, with controls outside the ranges prescribed in Section 4.27 of the ADAAG whose resolution is readily achievable.

>    9.   There is a changing area provided for public use that does not comply with the requirements of the ADAAG whose resolution is readily achievable.
>
>    10.  There are amenities provided for public use that do not comply with the requirements of the ADAAG whose resolution is readily achievable.

**ANSWER:**   Defendant denies the allegations of this Paragraph. Stating further, Plaintiffs have failed to identify any of these alleged areas where such violations purportedly occurred in such a manner so as to allow Defendant to even respond. In addition, in her own deposition testimony, Plaintiff Kramer herself admitted that many of these vague allegations of "violations" do not exist – at least to her knowledge, information, and belief. Stating further, during that deposition testimony, Plaintiff Kramer could not even identify where the "violations" she allegedly observed were located.

>    13.  The discriminatory violations described in paragraph 11 are not an exclusive list of the Defendant's ADA violations. Plaintiffs require the inspection of the Defendant's place of public accommodation in order to photograph and measure all of the discriminatory acts violating the ADA and all of the barriers to access. The individual Plaintiff, the members of the Plaintiff group, and all other individuals similarly situated, have been denied access to, and have been denied the benefits of services, programs and activities of the Defendant's buildings and facilities, and have otherwise been discriminated against and damaged by the Defendant because of the Defendant's ADA violations, as set forth above. The individual Plaintiff, the members of the Plaintiff group and all others similarly situated will continue to suffer such discrimination, injury and damage without the immediate relief provided by the ADA as requested herein. In order to remedy this discriminatory situation, the Plaintiff requires an inspection of the Defendant's place of public accommodation in order to determine all o the areas of non-compliance with the Americans with Disabilities Act.

**ANSWER:**   Defendant denies the allegations of this Paragraph.

>    14.  Plaintiffs are without adequate remedy at law and are suffering irreparable harm. Plaintiffs have retained the undersigned counsel and are entitled to recover attorney's fees, costs and litigation exposes from the Defendant pursuant to 42 U.S.C. § 12205 and 28 CFR 36.505.

**ANSWER:**   Defendant denies the allegations of this Paragraph.

>    15.  Defendant is required to remove the existing architectural barriers to the physically disabled when such removal is readily achievable for its place of public

accommodation that has existed prior to January 16, 1992, 28 CFR 3.304(a); in the alternative, if there has been an alteration to Defendant's place of public accommodation since January 26, 1992, then the Defendant is required to ensure to the maximum extent feasible, that the altered portions of the facility are readily accessible to and useable by individuals with disabilities, including individuals who use wheelchairs, 28 CFR 36.402; and finally, if the Defendant's facility is one which was designed and constructed for first occupancy subsequent to January 26, 1993, as defined in 28 CFR36.401, then the Defendant's facility must be readily accessible to and useable to such individuals with disabilities as defined by the ADA.

**ANSWER:** Defendant admits that, if Plaintiffs had properly pled, or experienced such barriers, that it would have certain legal obligations – which are summarized in a conclusory fashion in this Paragraph and to which no Answer is required. Defendant denies any remaining allegations of this Paragraph and further states that the allegations in this Paragraph constitute legal conclusions to which no response in required.

16. Notice to Defendant is not required as a result of the Defendant's failure to cure the violations by January 26, 1992 (or January 26, 1993, if Defendant has 10 or fewer employees and gross receipts of $500,000 or less). All other conditions precedent have been met by Plaintiffs or waived by the Defendant.

**ANSWER:** Defendant denies the allegations of this Paragraph and further states that there has been no facts pled, or attested to by Plaintiff Kramer in her deposition, to support these vague and unsubstantiated allegations.

17. Pursuant to 42 U.S.C. § 12188, this Court is provided with authority to grant Plaintiffs Injunctive Relief, including an order to require the Defendant to alter Century Shopping Center to make those facilities readily accessible and useable to the Plaintiffs and all other persons with disabilities as defined by the ADA; or by closing the facility until such time as the Defendant cures its violation of the ADA.

**ANSWER:** Defendant admits that this Court possesses such authority, but denies that Plaintiffs are entitle to any relief whatsoever in this action.

**DEFENDANT'S AFFIRMATIVE DEFENSES**

1. Plaintiffs have failed to state a claim upon which relief can be based.

2. Plaintiffs have no standing to bring this action.

3. This action has been brought in violation of Rule 11.

4. To the extent that any of the alleged, but vaguely described "barriers," actually exist, removal of such barriers is not readily achievable, and/or is structurally impracticable, and/or is not technically feasible, and/or would create an undue burden.

5. Plaintiffs are not entitled to recover on their claims because Defendant has substantially complied with its legal obligations and with applicable legal requirements.

6. Plaintiffs' claims are barred, in whole or part, by the applicable statutes of limitations.

7. To the extent that the premises at issue do not fully comply with the ADA, the premises are nonetheless usable by individuals with disabilities, and, when taken as a whole, the premises are compliant with the ADA.

8. Plaintiffs' claims are barred because they did not provide Defendant with notice and/or an opportunity to cure.

9. Plaintiffs' claims are barred because Defendant at all times acted reasonably and in good faith.

10. Plaintiffs' allegations are barred, in whole or part, because the vaguely requested accommodations set forth in the Complaint would result in the fundamental alteration of the goods or services provided at Defendant's premises.

                                      Respectfully submitted,

By:   /s/ Michael I. Leonard
        Attorney for Defendant

Michael I. Leonard
Meckler Bulger & Tilson LLP
123 North Wacker Drive, Suite 1800
Chicago, IL  60606
(312) 474-7925 (phone)
(312) 474-7898 (fax)
Dated: May 9, 2008

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| DISABLED PATRIOTS OF AMERICA, INC., a Florida not for profit corporation, and BONNIE KRAMER Individually,<br><br>  Plaintiffs,<br><br>vs.<br><br>TOWN & COUNTRY CHICAGO ASSOCIATES, LLC, A Foreign Limited Liability Company,<br><br>  Defendant. | Case No.: 07C 6362<br><br>Magistrate Judge Valdez<br>Judge Joan H. Lefkow |

**PROOF OF SERVICE**

To:

| Jonathan E. Lerner, Esq.<br>P.O. Box 694<br>Wilmette, IL  60091<br>(847) 271-2360 (phone)<br>(847) 256-3038 (fax)<br>jlernerlaw@aol.com | Thomas B. Bacon, Attorney-At-Law<br>1515 Grant Street<br>Hollywood, FL  33020<br>(954) 925-6488 (phone)<br>(954) 237-5506 (fax)<br>baconlaw@bellsouth.net |
|---|---|

I, Michael I. Leonard, an attorney, certify that I caused a copy of **DEFENDANT'S ANSWER TO PLAINTIFFS' COMPLAINT** to be served upon the attorney(s) of record for Plaintiff by causing this document to be filed via the Court's ECF electronic delivery system on May 9, 2008.

Respectfully submitted,

/s/ Michael I. Leonard

Attorney for Defendant
Michael I. Leonard
Meckler Bulger & Tilson LLP
123 North Wacker Drive, Suite 1800
Chicago, IL  60606
(312) 474-7925 (phone)
(312) 474-7898 (fax)