UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| DISABLED PATRIOTS OF AMERICA, INC., a Florida not for profit corporation, and BONNIE KRAMER Individually,<br><br>Plaintiffs,<br><br>vs.<br><br>TOWN & COUNTRY CHICAGO ASSOCIATES, LLC, A Foreign Limited Liability Company,<br><br>Defendant. | Case No.: 07C 6362<br><br>Magistrate Judge Valdez<br>Judge Joan H. Lefkow |

## CONSENT DECREE

This Consent Decree is entered into by and between, on the one hand, Plaintiff, DISABLED PATRIOTS OF AMERICA, INC., a Florida non-profit corporation (hereinafter "DPAI"), and Plaintiff, BONNIE KRAMER, individually (hereinafter "Ms. Kramer") (and DPAI and Ms. Kramer collectively as "Plaintiffs"), and, on the other hand, TOWN & COUNTRY CHICAGO ASSOCIATES, LLC, a foreign limited liability company (hereinafter as "Town & Country" or "Defendant"), on the date last executed below, or the dated upon which this Consent Decree is entered by the United States District Court for the Northern District of Illinois:

**WHEREAS**, the Defendant's property is known as "Town and Country Mall," and it is located in Arlington Heights, Illinois, County of Cook, State of Illinois. Plaintiffs' claim that there are architectural barriers existing at the Defendant's property that constitute violations of the Americans With Disabilities Act that allegedly unlawfully limit the Plaintiffs' use of the property. Defendant does not admit any of the material allegations of the Plaintiffs' Complaint in this action, but recognizes that the Plaintiffs could prevail and therefore could receive some of the relief that they are seeking in their Complaint in this action. In consideration for resolving any all matters in dispute in this action, or which could have been otherwise raised in this action, or which existed prior to the date of execution of this Consent Decree at the Defendant's property, the parties have mutually agreed to the following terms and conditions subject to the Court's entry of an Order Approving and Entering Consent Decree.

1.  All alterations, modifications, and policies required by this Consent Decree shall be completed prior June 15, 2009. Plaintiffs will have the right to conduct that final property re-inspection on or before July 15, 2009 to ensure that the modifications to the Defendant's property required below have been completed. Plaintiffs' counsel, expert(s) and/or representatives shall be provided reasonable access to Defendant' property, described above, to conduct such a re-inspection and to verify commencement, progress and completion of the work required by this Agreement. In any event, Defendant or its counsel shall notify Plaintiffs' counsel, by Certified Return Receipt Mail, when all improvements contemplated herein are

completed. In the event of non-compliance with the terms and conditions of this agreement, Plaintiffs shall be entitled to seek injunctive relief.

2. Defendant shall pay Plaintiffs' counsel of record in this action, Thomas Bacon, for Plaintiffs' reasonable attorneys' fees, litigation expenses, and costs incurred in this matter, and for Plaintiffs' expert fees and costs incurred in this matter. The total amount to be paid by Defendant to Plaintiff's counsel shall be the sum of thirty-five thousand dollars ($35,000). Defendant shall make the check payable to "Thomas B. Bacon, Trust Account" and shall pay the same within ten days of the filing of this Consent Decree with the Court.

3. All references to the ADAAG refer to the following: 28 CFR Chapter 1 Part 36, App. A. (7-1-98 edition) – ADAAG.

4. This Consent Decree shall be binding upon and inure to the benefit of the parties hereto and their respective successor and/or assigns. The parties shall perform their obligations under this Consent Decree in good faith.

5. The Defendant is advised that under certain circumstances a tax credit and/or tax deduction may be available to businesses to help cover the cost of making access improvements. (*See* Sections 44 and 190 of the Internal Revenue Code.)

6. Upon the Court's approval of this Consent Decree and upon the Defendant's full compliance with the terms and conditions of this Consent Decree, Plaintiffs hereby forever release and forever discharge Defendant, its officers, directors, employees, agents, attorneys, representatives, successors and assigns, from any and all claims and causes of action which it has had arising under the Americans With Disabilities Act, including but not limited to those raised in the present lawsuit, or which could have been raised in this lawsuit. This release is limited to the subject premises known as Town & Country Mall.

7. This Consent Decree can be executed in any number of counterparts, each of which shall be taken to be one and the same instrument, for the same effect as if all parties hereto had signed the same signature page. A facsimile copy of any party's signature shall be deemed as legally binding as the original signatures.

8. When all issues are resolved between the parties, the parties hereby agree and will request the Court to approve and enter the Consent Decree, providing for retention of jurisdiction by the Court to enforce, as necessary, the terms of this Decree.

9. In any action to enforce this Consent Decree, the prevailing party shall be entitled to recover its reasonable attorneys' fees and costs.

10. The parties agree that any delays in making the modifications to the property as provided for pursuant to this Consent Decree caused by third parties, including but not limited to construction contractors, or by any federal, state, county, village, or other local building officials, inspectors, or permitting departments, will not be deemed to violate the compliance dates herein as long as the Defendant makes a good faith effort to effect implementation as soon as reasonably possible thereafter.

11.  The parties acknowledge that the modifications described in this Consent Decree shall be implemented according to the standards set out in the ADAAG. All references to figures in the paragraphs below refer to those that accompany the ADAAG and that more fully describe the considered full compliance with the ADA.

12.  Defendant shall complete all modifications and submit to Plaintiffs' counsel a report summarizing the actions it has taken pursuant to this Consent Decree on or before June 15, 2009, unless such other date is agreed to by the parties.

13.  The Defendant agrees to correct, by no later than June 15, 2009, the ADA violations referenced by Ms. Kramer during her deposition testimony in this action.

14.  Accordingly, the Defendant agrees to modify the property as follows:

a.  The parking lot areas will contain signage that is of the proper height and otherwise complies with the provisions of the ADA;

b.  The parking lot will contain access paths that comply with the provisions of the ADA;

c.  The parking lot will contain sufficient spots of disabled patrons, which shall be in conformity with the provisions of the ADA;

d.  The public restrooms will comply with the provisions of the ADA with respect to placement of hangers or other devices on the interior doors, and with respect to the location and placement of grab bars.

Respectfully submitted,

By: /s/ Thomas B. Bacon
Attorney for Plaintiffs
Thomas B. Bacon
Attorney-At-Law
1515 Grant Street
Hollywood, FL 33020
(954) 478-7811

By: /s/ Michael I. Leonard
Attorney for Defendant
Michael I. Leonard
Meckler Bulger & Tilson LLP
123 North Wacker Drive
Suite 1800
Chicago, IL 60606
(312) 474-7925 (phone)
(312) 474-7898 (fax)

Dated: June 12, 2008
M:\12465\pleading\Consent Decree revised.doc

*This court retains jurisdiction to enforce, as necessary, the terms of this Decree.*

_____
U.S. DISTRICT JUDGE
JOAN H. LEFKOW

JUN 12 2008

- 3 -